Jesse D. Franklin-Murdock (10778)
DHILLON LAW GROUP INC.
500 Ala Moana Blvd., Ste. 7400
Honolulu, HI 96813
Tel: (415) 433-1700
Fax: (415) 520-6593
jfranklin-murdock@dhillonlaw.com

Thomas R. McCarthy*
J. Michael Connolly*
Cameron T. Norris*
R. Gabriel Anderson*
Julius I. Kairey*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
mike@consovoymccarthy.com
cam@consovoymccarthy.com
gabe@consovoymccarthy.com
julius@consovoymccarthy.com

Adam K. Mortara*
LAWFAIR LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215
(773) 750-7154
mortara@lawfairllc.com

*pro hac vice

*Counsel for Students for Fair Admissions*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS,<br><br>*Plaintiff*,<br><br>v.<br><br>TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP d/b/a KAMEHAMEHA SCHOOLS,<br><br>*Defendant*. | Case No. 1:25-cv-450-MWJS-RT<br><br>**PLAINTIFF'S RESPONSE REGARDING CERTIFICATION OF CONSTITUIONAL QUESTION** |

SFFA thinks the Court should "certify to the Attorney General of the United States that a statute has been questioned." Minute Order (Oct. 27, 2025). Certification is mandatory because SFFA's complaint questions the constitutionality of 42 U.S.C. §1981—specifically, the carveout for Native Hawaiians that the Ninth Circuit appeared to read into the statute in *Doe v. Kamehameha Schools* (*Doe I*). Though SFFA admits that this application of Rule 5.1 is novel, *see* Notice (Doc.18), the Rule's text and purpose support certifying and letting the Attorney General decide whether to intervene.

\*

When the constitutionality of a federal statute is questioned in litigation between private parties, certification under Rule 5.1(b) is mandatory. The rule says, "[t]he court *must*, under 28 U.S.C. §2403, certify to the appropriate attorney general that a statute has been questioned." (Emphasis added.) And the statute says the court "*shall* certify" when a statute's constitutionality is "drawn in question." §2403(a) (emphasis added).

As SFFA stated in its notice, its complaint "draws into question the constitutionality of 42 U.S.C. §1981, as interpreted by the en banc Ninth Circuit." Notice at 2. Under one reading of the Ninth Circuit's opinion in *Doe I*, §1981 contains a carveout that allows race-based contracting in favor of Native Hawaiians. 470 F.3d 827, 849 (9th Cir. 2006) (en banc); *see* Compl. (Doc. 1) ¶¶103-07. SFFA challenges that carveout as unconstitutional under the Fifth Amendment. Compl. ¶¶104-06.

1

Though this constitutional defect comes from the Ninth Circuit's (mis)reading of §1981, *see* Compl. ¶107, Rule 5.1 still applies. If this part of *Doe I* is a binding alternative holding, *see* Compl. ¶104, then the Ninth Circuit's interpretation of §1981 "fixes the meaning of the statute for this case," putting "these words in the statute as definitely as if it had been so amended by the legislature," *Winters v. New York*, 333 U.S. 507, 514 (1948). True, SFFA makes alternative arguments why this part of *Doe I* should not be treated as a binding alternative holding. Compl. ¶103, ¶107. But even if Kamehameha Schools agreed with those arguments, this Court is not bound by the parties' concessions on the scope of circuit precedent. *Guam v. Guerrero*, 290 F.3d 1210, 1222 n.20 (9th Cir. 2002). And SFFA's complaint still raises a constitutional "question," even though it makes alternative arguments why SFFA should win. Fed. R. Civ. P. 5.1(a); 28 U.S.C. §2403. The Attorney General, after all, should get to consider whether she wants to defend the constitutionality of §1981 by advancing those alternative arguments. *See Yniguez v. Arizona*, 939 F.2d 727, 740 n.13 (9th Cir. 1991) (allowing that "[i]n pursuing the question of constitutionality" after certification and intervention, "the Attorney General will necessarily argue questions of interpretation" too).

\* \*

Even if this Court is unsure whether SFFA's complaint challenges the constitutionality of §1981, it should still certify. SFFA reasonably believes, based on its counsel's professional judgment, that its complaint questions the statute's constitu-

2

tionality. SFFA thus filed a notice under Rule 5.1(a), which already started the 60-day clock for the Attorney General to intervene. *See* Fed. R. Civ. P. 5.1(c). SFFA's good-faith notice alone "trigger[s] the court's duty to certify." *Bank of N.Y. Mellon v. Laugand*, 2017 WL 4682719, at *1 n.1 (M.D. La. Oct. 18); *accord Mockeridge v. Alcona Cnty.*, 665 F. Supp. 3d 857, 860 (E.D. Mich. 2023) ("Because Plaintiffs promptly filed and served their notices, the questions will be certified").

The purpose of Rule 5.1, moreover, supports a liberal understanding of what it means to question a statute's constitutionality. As "[t]he Advisory Committee Note" to Rule 5.1 explains, "it is better to give the attorney general notice of every challenge and let him or her decide whether to intervene." Wright & Miller, 4B Fed. Prac. & Proc. Civ. §1154 (4th ed.) (citing Fed. R. Civ. P. 5.1, advisory cmte's note (2006)). Certification merely gives the Attorney General notice and a right to intervene. She can always say no, including because she disagrees that the constitutionality of a federal statute is sufficiently questioned. But as the officer who is tasked with defending federal laws, she is best positioned to make that judgment. And if she decides to intervene, "the court will benefit from receiving the widest range of views on the important issues presented in this case, including the proper meaning of [§1981]." *Yniguez*, 939 F.2d at 740 n.13.

\* \* \*

This Court should certify under 28 U.S.C. §2403 that SFFA's complaint questions the constitutionality of §1981, as interpreted by the Ninth Circuit.

3

Dated: October 31, 2025

Thomas R. McCarthy*
J. Michael Connolly*
Cameron T. Norris*
R. Gabriel Anderson*
Julius I. Kairey*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
mike@consovoymccarthy.com
cam@consovoymccarthy.com
gabe@consovoymccarthy.com
julius@consovoymccarthy.com

Adam K. Mortara*
LAWFAIR LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215
(773) 750-7154
mortara@lawfairllc.com

*pro hac vice

Respectfully submitted,

/s/ *Jesse D. Franklin-Murdock*
Jesse D. Franklin-Murdock (10778)
DHILLON LAW GROUP INC.
500 Ala Moana Blvd., Ste. 7400
Honolulu, HI 96813
Tel: (415) 433-1700
Fax: (415) 520-6593
jfranklin-murdock@dhillonlaw.com

*Counsel for Students for Fair Admissions*