IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP d/b/a KAMEHAMEHA SCHOOLS,<br><br>　　　　　　Defendant. | Civil No. 25-00450 MWJS-RT<br><br>CERTIFICATION TO THE ATTORNEY GENERAL OF THE UNITED STATES THAT A FEDERAL STATUTE HAS BEEN QUESTIONED, AND ORDER PERMITTING INTERVENTION |

## **INTRODUCTION**

Lawsuits in which the United States and its representatives are not a party—for example, suits between private litigants—sometimes raise questions about the constitutionality of a federal statute. When that happens, federal law requires the court to "certify" the constitutional challenge to the Attorney General of the United States and afford her an opportunity to intervene in the case. *See* 28 U.S.C. § 2403; Fed. R. Civ. P. 5.1(b).

The question is whether this is one such lawsuit. The court called for the parties' views on that issue, Dkt. No. 25, and each submitted a timely response, Dkt. Nos. 26, 32. Having considered the parties' helpful submissions, the court concludes that certification is warranted.

## BACKGROUND

1.  With the aim of "remov[ing] the possibility of having a federal statute declared unconstitutional in a suit to which the United States was not a party," Congress in 1937 enacted 28 U.S.C. § 2403(a).  *Peruta v. County of San Diego*, 771 F.3d 570, 575 (9th Cir. 2014), *rev'd en banc on other grounds*, 824 F.3d 919 (9th Cir. 2016) (quoting Comment, *The Judiciary Act of 1937*, 51 Harv. L. Rev. 148, 148–49 (1937)).  Under that statute, whenever an "Act of Congress affecting the public interest" has been "drawn in question" in a lawsuit in which the United States, its agencies, and its officers and employees are not a party, the court "shall certify" the constitutional challenge to the Attorney General and "shall permit" the Attorney General to intervene in the lawsuit. 28 U.S.C. § 2403(a).

The court's obligation under § 2403(a) is repeated in Rule 5.1(b) of the Federal Rules of Civil Procedure, which provides that the court "must, under 28 U.S.C. § 2403, certify to the . . . attorney general that a statute has been questioned."  And to ensure notice even if a court fails to act, Rule 5.1(a) of the Federal Rules of Civil Procedure requires any party "that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal . . . statute" to separately serve a "notice of constitutional question" on the Attorney General.[1]

---

[1]    Rule 5.1—and 28 U.S.C. § 2403(b)—similarly require notice and certification to a state attorney general when a state statute has been called into question and the relevant state is not a party.

2.  This is a lawsuit between Plaintiff Students for Fair Admissions ("SFFA") and Defendant Trustees of the Estate of Bernice Pauahi Bishop d/b/a Kamehameha Schools ("Kamehameha Schools"); the United States and its representatives are not joined.  In its complaint, SFFA principally claims that Kamehameha Schools' admissions policy violates 42 U.S.C. § 1981—a federal civil rights statute that extends to private contracts—because the policy allegedly favors Native Hawaiians.  *See* Dkt. No. 1, at PageID.36–51.  SFFA does not allege that Kamehameha Schools' alleged conduct violates the U.S. Constitution; indeed, SFFA concedes that Kamehameha Schools is a "'nongovernmental' actor[]," *id.* at PageID.36, to which the Constitution ordinarily would not apply.

SFFA nonetheless filed and served a notice of constitutional question.  Dkt. No. 18.  It contended that in an earlier lawsuit challenging the legality of Kamehameha Schools' admissions policy, the Ninth Circuit "appeared to hold that, when Congress amended § 1981 in 1991, it authorized a race-based 'preference' in contracting 'for Native Hawaiians.'"  *Id.* at PageID.98 (quoting *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 470 F.3d 827, 849 (9th Cir. 2006) (en banc)).  SFFA's contention is that if § 1981 has such a carveout, "then that carveout violates the Fifth Amendment's equal-protection principle" and "should be severed" from the remainder of § 1981.  *Id.*  And it is this constitutional issue, in SFFA's view, that required it to serve a notice of

constitutional question on the Attorney General and that requires this court now to certify the question.

Kamehameha Schools disputes that certification is necessary.  It argues that SFFA's complaint, fairly read, "raises only statutory-interpretation arguments to support its request to overturn the en banc Ninth Circuit's binding construction of Section 1981."  Dkt. No. 32, at PageID.155.  That is because "SFFA's complaint does not question the constitutionality of Section 1981 but rather argues that the proper construction of Section 1981 does not contain a 'carveout' permitting Kamehameha Schools' admissions policy."  *Id.* at PageID.157.  So viewed, SFFA's complaint "advances only a constitutional-avoidance argument in service of SFFA's interpretation of Section 1981," and there does not appear to be any "decision holding that a constitutional-avoidance argument requires certification."  *Id.*  Put differently, Kamehameha Schools contends that "the constitutionality of Section 1981 is not 'the subject of direct inquiry'" here.  *Id.* (quoting *Peruta*, 771 F.3d at 575).

## DISCUSSION

There is no dispute that the United States and its representatives are not parties to this lawsuit.  And there is no doubt that § 1981 is an "Act of Congress affecting the public interest."  28 U.S.C. § 2403(a).  The only question, then, is whether "the constitutionality" of § 1981 is "drawn in question."  *Id.*  SFFA says that it is; Kamehameha Schools says that it is not.

The answer is not obvious, and as SFFA candidly acknowledges, the issue raised here "is novel."  Dkt. No. 26, at PageID.109.  Kamehameha Schools presents a thoughtful description of SFFA's complaint—one which this court could, conceivably, agree with at a later stage in this case.  There is force to Kamehameha Schools' contention that SFFA is not truly seeking to strike down § 1981 as unconstitutional; after all, SFFA is seeking relief under § 1981, and its constitutional arguments could—at most—alter how the court would construe the statute in this case.  The bottom line is that the court cannot, at this early stage of the case, conclude that Kamehameha Schools' interpretation of the complaint is wrong.  For that reason, it cannot yet say that SFFA's contrary interpretation is right.

What breaks the tie is that, in the end, the court agrees with SFFA that "it should still certify" even if it "is unsure whether SFFA's complaint challenges the constitutionality of § 1981."  *Id.* at PageID.110.  Given Congress' goal of "remov[ing] the possibility of having a federal statute declared unconstitutional in a suit to which the United States was not a party," *Peruta*, 771 F.3d at 575, the court agrees with SFFA that a "liberal understanding of what it means to question a statute's constitutionality" is properly embraced.  Dkt. No. 26, at PageID.111.  A broad interpretation of § 2403 certification advances Congress' "purpose" of "ensuring that courts not rule on the constitutionality of an Act of Congress without first receiving input from the United States."  *Peruta*, 771 F.3d at 575 n.2 (cleaned up).  Granted, § 2403 plainly does not fully

accomplish Congress' goal:  the Attorney General is not required to intervene even after certification is made.  And due attention must be paid to the concern that too "expansive" an "understanding of the certification requirement would impose unwarranted burdens on courts, litigants, and the Department of Justice."  Dkt. No. 32, at PageID.157.  It is for that reason that, as the Ninth Circuit has explained, certification is unwarranted where a plaintiff is merely objecting to "an exercise of authority under a statute, whose validity is not attacked."  *Peruta*, 771 F.3d at 575.  But where a party has plausibly articulated how their complaint calls a federal statute into question, certification is warranted even if the later course of the lawsuit proves that what was once plausible is in fact incorrect.

SFFA has crossed that plausibility threshold here.  The court therefore concludes that certification is warranted and that the Attorney General must be afforded an opportunity to intervene.

There is one final matter to address:  The deadline to intervene ordinarily would run from the date of SFFA's notice of constitutional question.  *See* Fed. R. Civ. P. 5.1(c) (affording 60 days from the earlier of the party's notice and the court's certification).  But an extension of that deadline is warranted here.  SFFA's complaint was filed on October 20, 2025, and it properly filed its notice of constitutional question shortly thereafter.  Kamehameha Schools was served and made its appearance in this case on November 25, 2025, and submitted its views on the certification question that same day.

6

Given the amount of time that has passed between when SFFA served its notice on the Attorney General and the date of this order—and given that, in the novel circumstances of this case, SFFA's notice alone would not have made it obvious that the Attorney General could intervene as of right—it is appropriate to extend the deadline so that the Attorney General has a full 60 days to determine whether to exercise her right to intervene.

## CONCLUSION

Under 28 U.S.C. § 2403(a) and Rule 5.1(b) of the Federal Rules of Civil Procedure, the court hereby certifies to the Attorney General of the United States that this action, in part, calls into question the constitutionality of 42 U.S.C. § 1981. The United States shall be permitted to intervene in accordance with 28 U.S.C. § 2403(a) and Rule 5.1(c), except that the court extends the deadline for intervention so that it expires 60 days from the date of this order. The Clerk of Court shall serve this certification and order on the Attorney General for the United States.

IT IS SO ORDERED.

DATED:  December 1, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 25-00450 MWJS-RT, *Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop d/b/a Kamehameha Schools*; CERTIFICATION TO THE ATTORNEY GENERAL OF THE UNITED STATES THAT A FEDERAL STATUTE HAS BEEN QUESTIONED, AND ORDER PERMITTING INTERVENTION