Edward Halealoha Ayau, Esq.
(HI 5013)
LAW OFFICE OF EDWARD
HALEALOHA AYAU
2 Nanea Street
Hilo, HI 96720
(808) 646-9015
halealohahapai64@gmail.com

Natali Segovia, Esq., (AZ 033589)*
WATER PROTECTOR LEGAL COLLECTIVE
P.O. Box 37065
Albuquerque, NM 87176
(602) 796-7034
nsegovia@waterprotectorlegal.org
* *Pro Hac Vice* Admission Pending

INTERNATIONAL ASSOCIATION OF
 DEMOCRATIC LAWYERS
 1 Whitehall Street, 16th floor
 New York, New York 10031
 (212) 231-2235

*Counsel for Non-Party Intervenor Council
of Regency of the Hawaiian Kingdom*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS; I.P., by and through her next friend and mother, B.P.; and B.P., <br> *Plaintiffs,* <br><br> v. <br><br> TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP d/b/a KAMEHAMEHA SCHOOLS, <br> *Defendant.* | Case No. 1:25-cv-450-MWJS-RT <br><br> **NON-PARTY INTERVENOR HAWAIIAN KINGDOM'S MOTION TO INTERVENE** |

The Council of Regency of the Hawaiian Kingdom (hereinafter, the "Hawaiian Kingdom"), by undersigned counsel, respectfully moves this Honorable Court for permission to intervene as a non-party intervenor pursuant to Fed. R. Civ. P. 24(a), or alternatively, for permissive intervention pursuant to Fed. R. Civ. P. 24(b). This Motion complies with Local Rule 7.1.

In support of this motion, the Hawaiian Kingdom states:

1.      The plaintiffs' complaint was filed on October 20, 2025, asserting claims that directly challenge the validity of the admissions policy of Kamehameha Schools, a charitable trust established under the laws of the Hawaiian Kingdom by the will of Aliʻi Bernice Pauahi Bishop, established before the United States overthrew the government of the Hawaiian Kingdom. Plaintiffs filed an amended complaint on December 1, 2025.

2.      Plaintiffs' claims affect not only Kamehameha Schools but also the legal rights and interests of aboriginal Hawaiians as beneficiaries of trusts established under Hawaiian Kingdom law. The amended complaint relies upon material misstatements of historical fact and governing law, including the erroneous assumption that United States constitutional and statutory law supplanted Hawaiian Kingdom law.

3.    The Council of Regency of the Hawaiian Kingdom, as an interim government, has a direct, substantial, and legally protectable interest in the subject matter of this litigation. That interest includes (a) the continued application and integrity of Hawaiian Kingdom law governing charitable trusts and civil rights, (b) the protection of aboriginal Hawaiians and future generations, and (c) the correction of historical and legal mischaracterizations that underlie Plaintiffs' claims.

4.    Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as of right when an applicant claims an interest in the subject matter of the action and is so situated that disposition of the action may impair or impede the intervenor's ability to protect that interest, unless existing parties adequately represent it. Rule 24(b) provides for permissive intervention when a claim and the main action have common questions of law or fact.

5.    The Hawaiian Kingdom meets the requirements of Rule 24(a) because it possesses a legally protectable interest in the interpretation and application of Hawaiian Kingdom law governing the trust at issue, including admissions policies expressly grounded in nineteenth-century Hawaiian Kingdom law. A ruling applying United States civil rights statutes to invalidate those policies would directly impair the Hawaiian Kingdom's sovereign legal interests and its duty to protect its subjects.

6.    No existing party adequately represents these interests. Plaintiffs challenge the validity of Hawaiian Kingdom law itself, while Defendants are private trustees whose interests are narrower than those of the sovereign legal order under which the trust was created. The Hawaiian Kingdom alone is positioned to address the continuity, applicability, and content of Hawaiian Kingdom law under international law.

7.    The requirements for permissive intervention are also met. The Hawaiian Kingdom has a strong interest in the proper and effective interpretation and implementation of Hawaiian Kingdom laws and interests of the Hawaiian people, which may be affected by this litigation. The Hawaiian Kingdom also has an interest in correcting misstatements of historical fact upon which plaintiffs rely in their interpretation of "affirmative action" admissions policy of the Kamehameha Schools.

8.    The Hawaiian Kingdom's proposed intervention is timely. No dispositive motions have been filed with the Court. The Court recently certified the case as one containing a constitutional question to the U.S. Attorney General and she has not yet made a determination whether the United States will intervene in the case. Allowing intervention at this stage will not prejudice any party and will assist the Court in resolving threshold legal issues.

9.     Intervention as of right is further warranted because this case implicates international humanitarian law governing prolonged occupation. Under the principle of conservation, an occupying power must preserve, to the fullest extent possible, the existing legal, political, and social structures of the occupied State.  Convention IV respecting the Laws and Customs of War on Land and its annex: Regulations concerning the Laws and Customs of War on Land, The Hague, 18, Oct. 1907 (hereinafter "The 1907 Hague Regulations"), Art. 42-56 (Article 43 of the Hague Regulations obliges occupying powers to "take all the measures in  his power to restore, and ensure, as far as possible, public  order and safety, while respecting, unless absolutely prevented, the laws in force in the country."). Fourth Geneva Convention Relative to the Protection of Civilian Persons in Time of War, Aug. 12, 1949 (hereinafter "Fourth Geneva Convention of 1949"), Art. 47-78. Protocol Additional to the Geneva Convention of 12 August 1949, and Relating to the Protection of Victims of International Armed Conflicts (Protocol 1), 8, June, 1977 (hereinafter "Add. Protocol I to the Geneva Conventions (1977)").

10.    The continuity of the Hawaiian Kingdom as a state under international law persists despite the overthrow of its government by the United States in 1893, a fact recognized by the Secretariat of the Permanent Court of Arbitration in the Hague, the Hawaiian Kingdom has a duty to protect Hawaiians from the improper

manipulation of the law that would affect future generations of aboriginal Hawaiians. *See* Matthew Craven, *The Continuity of the Hawaiian Kingdom as a State Under International Law,* Ch. 3, at 126–149 (David Keanu Sai ed., 2020). The Permanent Court not only recognized the continued existence of the Hawaiian Kingdom as a State but also recognized the Council of Regency as its interim government.

11.    Because Hawaiian Kingdom law remains in force under the law of occupation, the Hawaiian Kingdom has a duty to protect its nationals from the improper displacement of its legal system. Plaintiffs' effort to invalidate admissions policies grounded in Hawaiian Kingdom law through application of United States civil rights statutes directly threatens that duty and the rights of future generations of aboriginal Hawaiians.

12.    Plaintiffs oppose this Motion but do not oppose the filing of a timely amicus brief. Defendant has not taken a position on this Motion.

13.    While amicus participation may be helpful, it is insufficient to protect the Hawaiian Kingdom's sovereign legal interests, which are directly at stake and may be impaired by a ruling in this case.

14.    For the foregoing reasons, and for the reasons set forth more fully in the accompanying Memorandum of Law, movant respectfully requests this Court:

a) grant the Hawaiian Kingdom's Motion to Intervene, b) direct the Clerk of the Court to file the Motion to Dismiss attached as Exhibit A, and c) if the Court deems it helpful, schedule oral argument on this Motion.

Respectfully submitted this 16th of January, 2026.

By:    __s/ Edward Halealoha Ayau_____
         Edward Halealoha Ayau, Esq. (HI 5013)
         LAW OFFICE OF EDWARD HALEALOHA AYAU
         2 Nanea Street
         Hilo, HI 96720
         (808) 646-9015
         halealohahapai64@gmail.com

         __s/ Natali Segovia_____
         Natali Segovia, Esq., (AZ Bar No. 033589)
         *Pro Hac Vice Admission Pending*
         WATER PROTECTOR LEGAL COLLECTIVE
         P.O. Box 37065
         Albuquerque, NM 87176
         (701) 566-9108
         nsegovia@waterprotectorlegal.org

         INTERNATIONAL ASSOCIATION OF DEMOCRATIC
         LAWYERS
         1 Whitehall Street, 16th floor
         New York, New York 10031
         (212) 231-2235

         *Counsel for Non-Party Intervenor*
         *Council of Regency of the Hawaiian Kingdom*