

177 Post Street, Suite 700
San Francisco, CA 94108

500 Ala Moana Boulevard, Suite 7400
Honolulu, HI 96813

Jesse Franklin-Murdock
JFM@dhillonlaw.com

February 24, 2026

VIA EMAIL

The Honorable Micah W.J. Smith
United States District Judge
United States District Court for the District of Hawaii
300 Ala Moana Boulevard, Room C-338
Honolulu, Hawaii 96850
smith_orders@hid.uscourts.gov

> Re: *Students for Fair Admissions, et al. v. Trustees of the Estate of Bernice Pauahi Bishop dba Kamehameha Schools* (Case No. 1:25-cv-00450-MWJS-RT)

To the Honorable Judge Smith:

After last month's status conference, this Court partially overruled Kamehameha's request to file three separate motions to dismiss: a motion on anonymity, a motion on standing, and a motion on the merits—each one not briefed until the prior motion was decided. *See* KS-Jan-26-Ltr. (Doc.61). This Court let Kamehameha file the first motion separately, but instructed Kamehameha to otherwise file a "single" omnibus motion to dismiss before the Court's decision on anonymity. EO (Jan. 26, 2026).

Though the Court instructed the parties to meet and confer on a schedule for that omnibus motion, *id.*, the parties have been unable to agree on a schedule (despite many good-faith attempts). The main problem is Kamehameha's new desire—first raised at the status conference—to file a motion for expedited jurisdictional discovery before filing its omnibus motion to dismiss. *See generally Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (explaining that "jurisdictional discovery" is allowed "'where pertinent facts bearing on the question of jurisdiction are controverted'" but not on "'a mere hunch that discovery might yield jurisdictionally relevant facts'").

With all respect, Plaintiffs believe this belated demand for jurisdictional discovery is a strategy to achieve what the Court denied Kamehameha after the status conference—a lengthy delay that forestalls briefing on the merits of this case. And lengthy is an understatement, since Kamehameha has already informed Plaintiffs that it wants 29 requests for production of documents from each plaintiff and standing member, five depositions, a second wave of "third-party discovery," in addition to reciprocal discovery by Plaintiffs into Kamehameha's admissions process, the futility of admission for non-Native Hawaiians, Kamehameha's recent change to a tuition-free model, and more. Not to mention the time needed to resolve the parties' discovery disputes.

Because the parties could not agree, Plaintiffs propose the following: The Court should set a schedule on Kamehameha's omnibus motion to dismiss. If Kamehameha thinks it needs jurisdictional discovery, then it should make that request in the omnibus motion itself (or in a separate motion for jurisdictional discovery filed the same day). Litigants commonly request jurisdictional discovery with their motion-to-dismiss filings. And doing so is more efficient, since it lets the Court measure the need for jurisdictional discovery against the parties' actual arguments for why jurisdiction is or is not lacking. *See Underwood v. O'Reilly Auto Enters.*, 2023 WL 1795857, at *2 (D. Nev. Feb. 7). For example, if the Court agrees with Plaintiffs that standing doesn't turn on whether a student applied to Kamehameha or whether Kamehameha would have denied them admission even if they were Native Hawaiian, then large swaths of Kamehameha's planned discovery will be irrelevant or disproportionate. *E.g.*, *Yankees Ent. & Sports Network v. Hartford Fire Ins. Co.*, 634 F. Supp. 3d 203, 210 n.2 (D. Del. 2022). Or if the Court rules that the complaint fails to plausibly allege something, then the request for jurisdictional discovery would be denied as moot. *E.g.*, *Alpine 4 Holdings Inc. v. Finn Mgmt. GP LLC*, 2022 WL 1188074, at *6 (D. Ariz. Apr. 21).

As an attempt to meet Kamehameha in the middle, Plaintiffs are willing to give the school most of what it originally wanted: a briefing schedule on the omnibus motion to dismiss that begins after the Court's hearing on the anonymity motion, which is scheduled for March 30. Plaintiffs' approach would likely let the parties brief jurisdictional discovery with the benefit of this Court's ruling on anonymity. Even Kamehameha agrees that jurisdictional discovery is not possible right now without a protective order, and that the contours of that protective order turn on the same fights that the parties are having about whether and how the identities of B.P., I.P., and SFFA's members can be disclosed. Plaintiffs' approach is thus more efficient overall, while also balancing "Plaintiffs' legitimate interest in proceeding expeditiously in this case." EO (Jan. 26, 2026).

Plaintiffs thus ask this Court to order Kamehameha to make its request for jurisdictional discovery in its motion to dismiss (or a separate motion filed simultaneously with its motion to dismiss) and to enter the following schedule:

- **April 13, 2026**: Defendant files a single motion to dismiss, raising all remaining arguments for dismissing the second amended complaint.
- **May 4, 2026**: Plaintiffs file their opposition to the motion to dismiss.
- **May 18, 2026**: Defendant files its reply in support of its motion to dismiss.

\*   \*   \*

If necessary or desired, Plaintiffs are available to discuss these issues at a status conference. Plaintiffs also do not object to this letter being filed on the public docket.

Respectfully yours,

Jesse Franklin-Murdock

CC: All Counsel of Record