

Joachim P. Cox
Partner

office 808.585.9441 ☒ email jcox@cfhawaii.com

February 25, 2026

The Honorable Micah W.J. Smith                    *Via Electronic Mail*
The United States District Court                  (smith_orders@hid.uscourts.gov)
District of Hawaii
300 Ala Moana Blvd., C-338
Honolulu, Hawai'i 96850

   Re: Students For Fair Admissions, et al. v. Trustees of the Estate of Bernice Pauahi
      Bishop dba Kamehameha Schools
      Case No. 1-25-CV-450 MWJS-RT

To the Honorable Judge Smith:

  This letter updates the Court on a pending discovery dispute related to Kamehameha Schools' ("KS") request to conduct limited jurisdictional discovery, which Plaintiffs Students for Fair Admissions ("SFFA") et al. have rejected. In order to proceed toward resolving this dispute in advance of KS filing its response to Plaintiffs' Second Amended Complaint, KS respectfully requests this Court[1] set the following schedule:

- During the week of March 9, 2026, KS files its Motion to Permit Jurisdictional Discovery ("Discovery Motion");
- Fourteen (14) days after KS files its Discovery Motion, SFFA files its opposition;
- Fourteen (14) days after SFFA files its opposition, KS files its reply in support of the Discovery Motion;
- To the extent this Court would like a hearing on the Discovery Motion, the hearing occurs during the week fourteen (14) days after KS files its reply in support of the Discovery Motion; and,
- The date upon which KS is expected to file its response to Plaintiffs' Second Amended Complaint shall be determined based upon this Court's ruling on the Discovery Motion as follows: (1) sixty (60) days after a ruling granting KS limited jurisdictional discovery pursuant to KS' request within the Discovery Motion; or (2) fourteen (14) days after a

---

[1]  Based upon this Court hearing the pending cross-motions related to anonymity and the expected motions to dismiss, which will challenge Plaintiffs' standing, the parties jointly request this Court resolve the jurisdictional discovery dispute. Additionally, KS suggested that the parties agree to submit expedited letter briefs pursuant to LR 37.1(c). Plaintiffs rejected the potential to proceed with expedited letter briefs, electing to proceed with a fully briefed discovery motion.



ruling denying KS limited jurisdictional discovery pursuant to KS' request within the Discovery Motion.

As noted in the enclosed letter and email communications among counsel for the parties, KS and SFFA conducted multiple meet-and-confers over the past month regarding: (1) KS' request to proceed with limited jurisdictional discovery in advance of its response to Plaintiffs' Second Amended Complaint; (2) Plaintiffs' objection to any jurisdictional discovery absent an order from this Court; and (3) the parties' agreement to submit letters to this Court identifying this discovery dispute and proposing a briefing schedule on KS' Discovery Motion and the deadline and briefing schedule for KS' response to Plaintiffs' Second Amended Complaint.

On Tuesday February 24, 2026, Plaintiffs confirmed their objection to KS conducting any jurisdictional discovery absent an order from this Court. This letter follows Plaintiffs' confirmation of its objection. KS respectfully disagrees with Plaintiffs' objection to any jurisdictional discovery. As will be further argued in its Discovery Motion, where standing and subject-matter jurisdiction are factually contested — and the relevant information is uniquely within plaintiff's possession — limited jurisdictional discovery is appropriate and routinely permitted. *HRPT Properties Trust v. Lingle*, 676 F. Supp. 2d 1036, 1041 (D. Haw. 2009) (explaining that "[f]ew procedural limitations exist in a factual challenge to a complaint's jurisdictional allegations" and that courts may permit jurisdictional discovery).

There can be little doubt that jurisdictional discovery is important in this case. For example, SFFA premises its associational standing to seek prospective relief exclusively[2] on the Article III standing of Families A and B. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000) (holding that associational standing requires, *inter alia*, that the plaintiff's "members would otherwise have standing to sue in their own right"). Under settled Ninth Circuit precedent, in order to have standing to challenge an admissions policy, those as-yet-unidentified families must be "able and ready" to be admitted. *Loffman v. California Dep't of Educ.*, 119 F.4th 1147, 1159 (9th Cir. 2024) (quoting *Carney v. Adams*, 592 U.S. 53, 60 (2020)). A naked allegation that a plaintiff "would apply" does not suffice. *Carney,* 592 U.S. at 63. Rather, plaintiffs must allege specific facts showing their ability and readiness to attend a school, such as "prior . . . applications," "efforts to determine likely openings," or "other preparations" for attending. *Loffman*, 119 F.4th at 1160 (quoting *Carney*, 592 U.S. at 63).

While KS believes that the allegations on their face are insufficient to meet that standard, it is also entitled to factually contest the claim that Families A and B are able and ready to apply through jurisdictional discovery — including discovery directed at parties other than Plaintiffs or Families A and B in order to confirm or refute the claim that those families intend to apply to KS and would attend if admitted. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) ("A 'factual' attack" to jurisdictional allegations "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings."); *St. Clair v. City of Chico*, 880 F.2d 199,

---

[2] Although the complaint also claims that I.P. and B.P. are SFFA members, I.P.'s alleged imminent graduation from high school will inevitably render her claim for injunctive relief moot.



201 (9th Cir. 1989) (explaining that defendants may mount a Rule 12(b)(1) factual challenge to jurisdiction even where pleadings are "formal[ly] sufficien[t]" and "in so doing rely on . . . any . . . evidence properly before the court"). Indeed, the circumstances of this case raise serious doubts about the standing of Families A and B. They were evidently recruited by SFFA via a website, and SFFA has refused to disclose their identities. In these circumstances, there is no reasonable possibility that SFFA's standing could be approved without giving KS a reasonable opportunity to challenge the pertinent factual allegations.

Jurisdictional discovery may prove even more important for the claims for retrospective relief brought by I.P. and B.P. in relation to KS' prior rejection of I.P.'s application for admission. As an initial matter, Plaintiffs must also establish that I.P. would have attended if admitted, and KS is entitled to factually challenge that claim. *See Carney*, 592 U.S. at 63-65 (conducting a factual analysis of whether a plaintiff was genuinely interested in a position and concluding that the "record . . . shows nothing more than an abstract generalized grievance"). But even putting that aside, I.P. lacks standing because no preference was ever applied to her application. As KS will demonstrate with documentary evidence, Plaintiffs' claim rests on a fundamental misunderstanding of the KS application process. Unlike certain university admissions policies that SFFA has challenged in the past, *see Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 194-95 (2023), KS does not apply a preference until after an applicant is ranked and selected for admission. Here, no applicant with the initials I.P. in the relevant year was ranked and selected but denied admission based upon application of a preference. That defeats the Article III requirement of traceability, *i.e.*, the connection between the alleged legal violation and a plaintiff's alleged harm. *California v. Texas*, 593 U.S. 659, 668-69 (2021); *see also Texas v. DHS*, 2024 WL 5454617, at *4 (E.D. Tex. Aug. 26, 2024) (granting a defendant's request for jurisdictional discovery into the traceability prong of standing). The problem is not merely (as Plaintiffs frame it) that "Kamehameha would have denied [I.P.] admission even if [she] were Native Hawaiian" (2/24/26 Ltr. 2). It is that no preference was ever applied to her application. The allegedly unlawful policy, in other words, simply has no relationship to the rejection of her application.

When KS establishes this lack of connection between the policy and I.P.'s rejection, Plaintiffs will undoubtedly demand discovery into KS' admissions process. Unless Plaintiffs are willing to waive any such request, there is no good reason to postpone jurisdictional discovery until after a full round of motion-to-dismiss briefing — a waste of time and resources for briefs that will inevitably need to be revised or supplemented after the completion of discovery.

That is why courts have authorized jurisdictional discovery *before* completion of briefing on motions to dismiss. *See Qi Chen v. The Individuals, Partnerships, and Unincorporated Ass'ns Identified on Schedule A*, 2025 WL 3541418, at *3 (S.D. Fla. Feb. 12, 2025); *Gracie Baked LLC v. GiftRocket, Inc.*, 2024 WL 1345643, at *2 (E.D.N.Y. Mar. 28, 2024); *Gallelli v. Crown Imports, LLC*, 701 F. Supp. 2d 263, 267 (E.D.N.Y. 2010). The only case that Plaintiffs cite (2/24/26 Ltr. 2) is inapposite. There, after the motions to dismiss had already been fully briefed, defendants sought to stay discovery because they believed their motions to dismiss were meritorious, and the plaintiff sought jurisdictional discovery. *Underwood v. O'Reilly Auto Enters.*, 2023 WL 1795857,



at *2 (D. Nev. Feb. 7, 2023).  The magistrate judge simply deferred to the district judge on whether jurisdictional discovery should be conducted.  *Id.*  Nothing about that decision casts doubt on the obvious efficiency of completing jurisdictional discovery before having the parties file briefs on the questions to which the discovery pertains.

In support of this effort to conduct jurisdictional discovery, KS proposed to Plaintiffs a narrow Stage 1 and Stage 2 phased approach to discovery tailored to the threshold issues of standing:

Stage 1 (Limited Discovery Confined to SFFA's Members):

• Requests for Production of Documents – Enclosed is KS' draft First Request for Production of Documents.  As explained to Plaintiffs, these requests are limited to standing issues and directly connected to Plaintiffs' assertions in Plaintiffs' Second Amended Complaint; and

• Targeted Depositions – As discussed with Plaintiffs, KS expects it will need to take depositions of I.P. and B.P., as well as the members of Family A and the father identified in Family B. These depositions would be limited in scope to questions related to standing and are expected to be limited in time to no more than a few hours each.

Stage 2 (Limited Third-Party Discovery):

• As permitted following this Court's ruling on the pending anonymity dispute, and as needed based upon the information obtained in Stage 1, KS expects to conduct third-party discovery limited to standing issues and directly connected to the information provided, or expected to have been provided, by Plaintiffs in Stage 1 and/or Plaintiffs' assertions in Plaintiffs' Second Amended Complaint.

As outlined above and as previously discussed among counsel for the parties, the proposed discovery is confined to the factual predicates underlying Plaintiffs' assertions in support of standing as alleged in Plaintiffs' Second Amended Complaint.  As such, and as will be further presented in the Discovery Motion, KS seeks this information in support of its challenging the Court's jurisdiction over Plaintiffs' case.

As noted in the proposed schedule, and subject to the Court's direction following the parties' submission of their proposals, KS proposes filing its Discovery Motion during the week of March 9, 2026.  Additionally, KS anticipates its response to Plaintiffs' Second Amended Complaint could occur 60 days after the Court's ruling granting the Discovery Motion to permit jurisdictional discovery or 14 days after the Court's ruling denying the Discovery Motion.



If helpful, we look forward to the opportunity to further discuss the above proposed schedule during a status conference.

Very Respectfully,

COX FRICKE
A LIMITED LIABILITY LAW PARTNERSHIP LLP

BY: Joachim P. Cox

Enclosures
cc:      All Counsel of Record