

Joachim P. Cox
Partner

office 808.585.9441 ⊠ email jcox@cfhawaii.com

February 19, 2026

*Via Electronic Mail Only*

Jesse Franklin-Murdock, Esq.       JFM@dillonlaw.com
Cameron Norris, Esq.               cam@consovoymccarthy.com
Ryan Proctor, Esq.                 ryan@consovoymccarthy.com

Re:     *Students For Fair Admissions, et al. v. Trustees of the Estate of Bernice Pauahi Bishop dba Kamehameha Schools* Case No. 1-25-CV-450 MWJS-RT

Counsel:

This letter seeks to confirm our discussions during the January 29th, February 9th, and February 11th meet-and-confers regarding: (1) Kamehameha Schools' request to proceed with limited jurisdictional discovery in advance of its response to Plaintiffs' Second Amended Complaint; (2) Plaintiffs' objection to any jurisdictional discovery absent an order from the Court; and (3) the parties' agreement to submit letters to Judge Smith identifying this discovery dispute and proposing a briefing schedule on Kamehameha Schools' motion to permit jurisdictional discovery, and the deadline and briefing schedule for Kamehameha Schools' response to Plaintiffs' Second Amended Complaint.

Kamehameha Schools respectfully disagrees with Plaintiffs' objection to any jurisdictional discovery. Where standing and subject-matter jurisdiction are factually contested — and the relevant information is uniquely within plaintiff's possession — limited jurisdictional discovery is appropriate and routinely permitted. *HRPT Properties Trust v. Lingle*, 676 F.Supp.2d 1036, 1041 (D. Hawaii December 23, 2009) (identifying few procedural limitations exist – such that the court may permit discovery – in a factual challenge to a complaint's jurisdictional allegations). Consistent with our discussions, Kamehameha Schools proposes a narrow Stage 1 and Stage 2 phased approach tailored to the threshold issues of standing:

Stage 1 (Limited Discovery Confined to SFFA's Members):

• Requests for Production of Documents – Enclosed is Kamehameha Schools' draft First Request for Production of Documents. As you'll see, these requests are limited to standing issues and directly connected to Plaintiffs' assertions in Plaintiffs' Second Amended Complaint; and



- Targeted Depositions – As discussed, Kamehameha Schools expects the need to take depositions of I.P./B.P., the members of Family A, and the father identified in Family B. These depositions would be limited in scope to questions related to standing and are expected to be limited in time to no more than a few hours each.

Stage 2 (Limited Third-Party Discovery):

- As permitted following the Court's ruling on the pending anonymity dispute, and as needed based upon the information obtained in Stage 1, Kamehameha Schools expects to conduct third-party discovery limited to standing issues and directly connected to the information provided, or expected to have been provided, by Plaintiffs in Stage 1 and/or Plaintiffs' assertions in Plaintiffs' Second Amended Complaint.

As outlined above and as we've previously discussed, the proposed discovery is confined to the factual predicates underlying Plaintiffs' assertions in support of standing as alleged in Plaintiffs' Second Amended Complaint, and thus the Court's jurisdiction over Plaintiffs' case. Please confirm whether Plaintiffs maintain their objection to this phased discovery approach.

If Plaintiffs maintain their objection, Kamehameha Schools proposes that the parties agree upon a date to submit letters to Judge Smith identifying this discovery dispute and proposing a briefing schedule on Kamehameha Schools' motion to permit jurisdictional discovery, and the deadline and briefing schedule for Kamehameha Schools' response to Plaintiffs' Second Amended Complaint. Subject to the Court's direction following the parties' submission of their proposals, Kamehameha Schools anticipates being able to file its motion to permit jurisdictional discovery during the week of March 2, 2026. Additionally, Kamehameha Schools anticipates its response to Plaintiffs' Second Amended Complaint to occur 60-days after the Court's ruling granting the motion to permit jurisdictional discovery or 14-days after the Court's ruling denying this motion.

We look forward to your prompt response confirming Plaintiffs' objection and coordinating a date to submit the parties' letters to Judge Smith.

Very Respectfully,

COX FRICKE
A LIMITED LIABILITY LAW PARTNERSHIP LLP

By: Joachim P. Cox

Encl.