| | |
|---|---|
| **Subject:** | Re: Activity in Case 1:25-cv-00450-MWJS-RT Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop Link |
| **Date:** | Tuesday, February 24, 2026 at 11:11:35 AM Hawaii-Aleutian Standard Time |
| **From:** | Cam Norris |
| **To:** | Joachim Cox |
| **CC:** | Jesse Franklin-Murdock (Dhillon Law), Ryan Proctor, John Bash, Ellyde Thompson, Kamala Haake, Thomas McCarthy, Adam Mortara, Michael Connolly, Gabe Anderson |
| **Attachments:** | image002.png, image003.jpg, image003.jpg, image002.png |

Happy to do another call, but in short: After further discussion, our position is that your alleged need for jurisdictional discovery should be briefed in or alongside your motion to dismiss, which should be filed no later than April 13. We reserve the right to respond to your written discovery, but we oppose depositions, third-party discovery, and your conditions on our reciprocal discovery. Those disputes alone seem to require the Court's guidance.

Since it's been nearly a month since the status conference and everyone involved has timing concerns, we plan to get the letter on file no later than tomorrow. We can tell the Court in our letter that your response is coming Thursday?

On Tue, Feb 24, 2026 at 4:01 PM Joachim Cox <jcox@cfhawaii.com> wrote:

> Thanks, Cam.
>
> Is SFFA rejecting the potential to agree on limited jurisdictional discovery (as outlined below)? If yes, can we agree to submit letters to Judge Smith on Thursday (I am in a mediation all day today and traveling tomorrow)?
>
> Best,
>
> JPC
>
> **Joachim P. Cox** | **Cox Fricke LLP**
> Direct: 808.585.9441 | Mobile: 808.781.7473
>
> ---
>
> **From:** Cam Norris <cam@consovoymccarthy.com>
> **Date:** Tuesday, February 24, 2026 at 10:58 AM
> **To:** Joachim Cox <jcox@cfhawaii.com>
> **Cc:** Jesse Franklin-Murdock (Dhillon Law) <jfm@dhillonlaw.com>, Ryan Proctor <ryan@consovoymccarthy.com>, John Bash <johnbash@quinnemanuel.com>, Ellyde Thompson <ellydethompson@quinnemanuel.com>, Kamala Haake <khaake@cfhawaii.com>, Thomas McCarthy <tom@consovoymccarthy.com>, Adam Mortara <adam@mortaralaw.com>, Michael Connolly <mike@consovoymccarthy.com>, Gabe Anderson <gabe@consovoymccarthy.com>
> **Subject:** Re: Activity in Case 1:25-cv-00450-MWJS-RT Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop Link

That was my memory too, thanks for confirming.

Understood on the rest. We'll get our letter filed ASAP.

On Tue, Feb 24, 2026 at 3:51 PM Joachim Cox <jcox@cfhawaii.com> wrote:
> Cam -
>
> Per our discussions and pending our further discussions, within the scenarios described (court denies jurisdictional discovery or orders KS to argue for jurisdictional discovery in KS' Rule 12 brief) the date discussed was 4/13. I don't recall that this was a compromise; rather 4/13 is the earliest date discussed upon which KS would file the Rule 12.
>
> Also, this 4/13 potential date contemplates us gaining clarity sooner than later from Judge Smith on the pending jurisdictional discovery issue. In that regard, we would need to agree to the jurisdictional discovery plan, or submit our competing letters on briefing the issue and submit the briefing on the discovery issue asap in order to keep this 4/13 schedule.
>
> Best,
>
> JPC
>
>
> **Joachim P. Cox** | **Cox Fricke LLP**
> Direct: 808.585.9441 | Mobile: 808.781.7473
>
> ---
>
> **From:** Cam Norris <cam@consovoymccarthy.com>
> **Date:** Tuesday, February 24, 2026 at 5:52 AM
> **To:** Joachim Cox <jcox@cfhawaii.com>
> **Cc:** Jesse Franklin-Murdock (Dhillon Law) <jfm@dhillonlaw.com>, Ryan Proctor <ryan@consovoymccarthy.com>, John Bash <johnbash@quinnemanuel.com>, Ellyde Thompson <ellydethompson@quinnemanuel.com>, Kamala Haake <khaake@cfhawaii.com>, Thomas McCarthy <tom@consovoymccarthy.com>, Adam Mortara <adam@mortaralaw.com>, Michael Connolly <mike@consovoymccarthy.com>, Gabe Anderson <gabe@consovoymccarthy.com>
> **Subject:** Re: Activity in Case 1:25-cv-00450-MWJS-RT Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop Link
>
> Thanks, Joachim. While we digest, can you remind me of the schedule that we discussed last time as a possible compromise for the world in which the Court denies jurisdictional discovery or orders you to brief that issue alongside your motion to dismiss?
>
> On Mon, Feb 23, 2026 at 10:01 PM Joachim Cox <jcox@cfhawaii.com> wrote:
> > Cam -

Thanks - our responses are in red following each inquiry.  Once you've reviewed, please advise how SFFA would like to proceed.  And, as noted, we are available to further discuss.

Best Regards,

Joachim

**Joachim P. Cox** | **Cox Fricke LLP**
Direct: 808.585.9441 | Mobile: 808.781.7473

---

**From:** Cam Norris <cam@consovoymccarthy.com>
**Date:** Thursday, February 19, 2026 at 6:01 PM
**To:** Joachim Cox <jcox@cfhawaii.com>
**Cc:** Jesse Franklin-Murdock (Dhillon Law) <jfm@dhillonlaw.com>, Ryan Proctor <ryan@consovoymccarthy.com>, John Bash <johnbash@quinnemanuel.com>, Ellyde Thompson <ellydethompson@quinnemanuel.com>, Kamala Haake <khaake@cfhawaii.com>, Thomas McCarthy <tom@consovoymccarthy.com>, Adam Mortara <adam@mortaralaw.com>, Michael Connolly <mike@consovoymccarthy.com>, Gabe Anderson <gabe@consovoymccarthy.com>
**Subject:** Re: Activity in Case 1:25-cv-00450-MWJS-RT Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop Link

Joachim, thanks for sending these along. Below are some questions that we've raised on prior calls, and that you've said you would consult with your client about, but that I'm still unclear about. The answers are important to us in forming our position:

1. You ask for our position on jurisdictional discovery. Will you ask the Court for leave to conduct jurisdictional discovery limited to the 29 attached RFPs, the five depositions identified in your letter, and the "third-party discovery" alluded to in your letter? Or will you ask the Court to authorize "jurisdictional discovery" writ large, and these requests are only three examples of the requests you can make? The former - the plan is to ask for the Stage 1 and Stage 2 limited jurisdictional discovery described in the letter (both in scope and timing) and within the draft RPOD.

2. Relatedly, if we agree to jurisdictional discovery, does your client agree to bilateral jurisdictional discovery? As we've noted, if discovery is going to be open, we would seek jurisdictional discovery in the form of ROGs, RFPs, and depositions into, for example, (1) the nature of the application process and the factors that Kamehameha does and does not consider, (2) the futility of applying for non-Native Hawaiians, including the number of non-Native Hawaiian applicants and admits, their relative qualifications, the nature and application of the Native Hawaiian preference, and changes made to the admissions policy in response to the admission of any prior non-Native Hawaiian (e.g., Rossel, Mohica-Cummings) (3) the relative qualifications and backgrounds of the Native Hawaiian admits, (4) all documents and communications about B.P. and I.P. and I.P.'s application, (5) the

recent changes to the tuition policy, and (6) the arguable contracts that parents, applicants, and students agree to with Kamehameha. Generally, yes. However, Plaintiffs need to first provide responses to KS' RPOD (including responses from SFFA's members Family A and B) so that there is a framework to better identify the scope of Plaintiffs' counter discovery related to standing. In this regard 1 - 5 appear to apply to jurisdictional standing; we don't see that 6 applies unless the inquiry is prospective. Also, and in-line with Plaintiffs needing to first provide responses to the RPODs, KS would expect Plaintiffs' counter discovery to be limited to the same time period KS identified in the RPOD (August 2022 to present, based upon the application of I.P.); and, other than providing the information related to I.P. and B.P, KS does not agree to Plaintiffs seeking discovery as to other individual applicants, only (as needed) the qualification standards set and related statistics as to applicants within the time period. Additionally, in order to protect the admissions standards and processes from being improperly publicized, KS expects we'll have an SPO in place to protect this information.

Your client's openness to bilateral discovery would be an important factor in forming our position on jurisdictional discovery. And, of course, we object to one-sided discovery as both unfair and inconsistent with the nature of a "factual" challenge to jurisdiction.

3. Also relatedly, what is this "third-party discovery" you're contemplating? We don't necessarily need a complete set of questions, but it's not something I've ever heard of in an admissions case. And I don't think you've given us even a broad conceptual idea of what third-party discovery into our standing would look like, how it would be served, or who would receive it. Those details are important because, depending on the answers, those third parties could potentially be worked into a protective order. As noted, this depends upon the responses obtained within Stage 1 and also relates to the assertions within the SAC; however, as an example, KS would subpoena records from the schools, teachers, others who are identified within the student information related to I.P., Family A and Family B per RPOD Nos. 1 - 2. Please note this is just an example, and as described this is Stage 2 (as permitted per a ruling from Judge Smith on anonymity). I am happy to further discuss if this example does not satisfy what you're wanting to better understand.

4. Your RFPs are directed at SFFA, but seem to request documents that would largely be in the possession of SFFA's Family A and B. Those members are not parties to the case and thus cannot be the targets of RFPs. Do you want SFFA to respond for itself? If so, I don't think many of the documents you're after will be within SFFA's possession, custody, or control. I appreciate you flagging this concern. The draft RPOD is upon Plaintiffs SFFA, I.P. and B.P. In regard to SFFA's members Family A and B, we would expect SFFA to collect the information from Family A and B who are alleged to form the basis of SFFA's standing. Otherwise, if SFFA believes the information is not within its control, SFFA needs to provide KS the names of these people so that KS can directly subpoena the information. Here again, I am happy to further discuss this issue.

5. We talked about and remain willing to verify the identities of B.P. and I.P. to Kamehameha's outside attorneys and to one person at Kamehameha who can pull I.P.'s records, subject to an agreement that their names will not be publicly disclosed. Any further ideas on how to get that done? Also in exchange for that verification, would you agree to give us the records that your client pulls on I.P.? KS would like to verify the

identities of B.P. and I.P.; and, without waiving any of the arguments presented in the cross-motions on anonymity, KS can agree to a limited control group who have that verified information, and that the verified names of B.P. and I.P. will not be disclosed by that control group pending a ruling from Judge Smith on anonymity. Per your suggestion, KS would agree that KS' in-house and outside counsel for this matter and the Director of Admissions will be the control group. KS would also agree to provide the records it has related to I.P.'s application.  With this agreement, KS would not be assuring Plaintiffs that the names of I.P. and B.P. do not become public prior to Judge Smith ruling on the anonymity cross-motions.  In particular, based upon the unique descriptions of I.P. and B.P. within the FAC and SAC, it may be that the public has already made assumptions or will soon make assumptions regarding their identities.

On Thu, Feb 19, 2026 at 9:08 PM Joachim Cox <jcox@cfhawaii.com> wrote:

Cam -

Attached is a letter framing the dispute relate to jurisdictional discovery and outlining what we see as the next steps.  Also attached is KS' draft RPOD.  As noted in the letter, please advise if plaintiffs maintain their objection to the jurisdictional discovery as identified.  And, if plaintiffs maintain their objection, let's coordinate a date to submit letters to Judge Smith identifying the discovery dispute and proposing a briefing schedule on KS' motion to permit jurisdictional discovery.  Thanks.

Best Regards,

Joachim

**Joachim P. Cox** | **Cox Fricke LLP**
Direct: 808.585.9441 | Mobile: 808.781.7473

**From:** Joachim Cox <jcox@cfhawaii.com>
**Date:** Wednesday, February 18, 2026 at 9:01 AM
**To:** Cam Norris <cam@consovoymccarthy.com>
**Cc:** Jesse Franklin-Murdock (Dhillon Law) <jfm@dhillonlaw.com>, Ryan Proctor <ryan@consovoymccarthy.com>, John Bash <johnbash@quinnemanuel.com>, Ellyde Thompson <ellydethompson@quinnemanuel.com>, Kamala Haake <khaake@cfhawaii.com>
**Subject:** Re: Activity in Case 1:25-cv-00450-MWJS-RT Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop Link

Thanks for checking in on this, Cam.  We're conferring internally and expect to update soon (likely tomorrow).

Best,

JPC

**Joachim P. Cox** | **Cox Fricke LLP**
Direct: 808.585.9441 | Mobile: 808.781.7473

---

**From:** Cam Norris <cam@consovoymccarthy.com>
**Date:** Wednesday, February 18, 2026 at 6:48 AM
**To:** Joachim Cox <jcox@cfhawaii.com>
**Cc:** Jesse Franklin-Murdock (Dhillon Law) <jfm@dhillonlaw.com>, Ryan Proctor <ryan@consovoymccarthy.com>, John Bash <johnbash@quinnemanuel.com>, Ellyde Thompson <ellydethompson@quinnemanuel.com>, Kamala Haake <khaake@cfhawaii.com>
**Subject:** Re: Activity in Case 1:25-cv-00450-MWJS-RT Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop Link

Joachim and John,

Hope you had a nice weekend after we last spoke. I believe we're waiting to hear back from you on next steps regarding the motion to dismiss? Wanted to check in on where things stand on this last piece that the Court wants us to work out.

On Wed, Feb 11, 2026 at 1:56 PM Cam Norris <cam@consovoymccarthy.com> wrote:
Thanks for drafting. This is good to go on our end

On Wed, Feb 11, 2026 at 1:35 PM Joachim Cox <jcox@cfhawaii.com> wrote:
Cam / Jesse -

Per the below, attached is the draft stipulation confirming the briefing schedule for the cross-motions on anonymity.

Best Regards,

Joachim

**Joachim P. Cox** | **Cox Fricke LLP**
Direct: 808.585.9441 | Mobile: 808.781.7473

---

**From:** Cam Norris <cam@consovoymccarthy.com>
**Date:** Wednesday, February 4, 2026 at 8:23 AM
**To:** Joachim Cox <jcox@cfhawaii.com>
**Cc:** Jesse Franklin-Murdock (Dhillon Law) <jfm@dhillonlaw.com>, Ryan Proctor <ryan@consovoymccarthy.com>, John Bash <johnbash@quinnemanuel.com>, Ellyde Thompson <ellydethompson@quinnemanuel.com>, Kamala Haake

<[khaake@cfhawaii.com](mailto:khaake@cfhawaii.com)>
**Subject:** Re: Activity in Case 1:25-cv-00450-MWJS-RT Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop Link

Works for us, thank you

On Wed, Feb 4, 2026 at 1:21 PM Joachim Cox <[jcox@cfhawaii.com](mailto:jcox@cfhawaii.com)> wrote:

> Cam -
>
> 2/16 falls on the President's Day weekend. We can agree to:
>
> 2/18 - KS files its opposition/ cross-motion;
> 3/6 - SFFA files is opposition /reply; and
> 3/16 - KS files its reply.
>
> Please confirm and we'll prepare the stipulation for the court's approval. Thanks.
>
> Best,
>
> JPC
>
> **Joachim P. Cox** | **Cox Fricke LLP**
> Direct: 808.585.9441 | Mobile: 808.781.7473
>
> ---
>
> **From:** Cam <[cam@consovoymccarthy.com](mailto:cam@consovoymccarthy.com)>
> **Date:** Tuesday, February 3, 2026 at 4:48 PM
> **To:** Joachim Cox <[jcox@cfhawaii.com](mailto:jcox@cfhawaii.com)>
> **Cc:** Jesse Franklin-Murdock (Dhillon Law) <[jfm@dhillonlaw.com](mailto:jfm@dhillonlaw.com)>, Ryan Proctor <[ryan@consovoymccarthy.com](mailto:ryan@consovoymccarthy.com)>, John Bash <[johnbash@quinnemanuel.com](mailto:johnbash@quinnemanuel.com)>, Ellyde Thompson <[ellydethompson@quinnemanuel.com](mailto:ellydethompson@quinnemanuel.com)>, Kamala Haake <[khaake@cfhawaii.com](mailto:khaake@cfhawaii.com)>
> **Subject:** Re: Activity in Case 1:25-cv-00450-MWJS-RT Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop Link
>
> Agree we should adjust. But your date for us falls on a vacation for me, and it gives us 2 weeks to respond to your motion where you'll have had nearly 5 weeks to respond to ours. How about:
>
> 2/16
> 3/6
> 3/16

--
Cameron T. Norris
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com



On Feb 3, 2026 at 3:58 PM, <Joachim Cox> wrote:

Cam -

Because KS is filling a cross-motion /opposition, per LR7.7 KS' opposition/cross-motion is due 21 days prior to the hearing (3/9); SFFA's reply would be due on 3/16 (14 days before the hearing); and KS' reply would be due on 3/23 (7 days before the hearing) - see attached.

However, we suggest the parties proceed per the following schedule:

2/23 - KS files its opposition/ cross-motion (35 days before hearing);
3/9 - SFFA files is opposition /reply (21 days before hearing); and
3/16 - KS files its reply (14 days before hearing).

If SFFA concurs, we'll prepare a stipulation for the courts' approval of this briefing schedule.

Best Regards,

Joachim

**Joachim P. Cox** | **Cox Fricke LLP**
Direct: 808.585.9441 | Mobile: 808.781.7473

---

**From:** Cam <cam@consovoymccarthy.com>
**Date:** Tuesday, February 3, 2026 at 9:37 AM
**To:** John Bash <johnbash@quinnemanuel.com>
**Cc:** Jesse Franklin-Murdock (Dhillon Law) <jfm@dhillonlaw.com>, Joachim Cox <jcox@cfhawaii.com>, Ryan Proctor <ryan@consovoymccarthy.com>, Ellyde Thompson <ellydethompson@quinnemanuel.com>
**Subject:** Re: Activity in Case 1:25-cv-00450-MWJS-RT Students for Fair

Admissions v. Trustees of the Estate of Bernice Pauahi Bishop Link

In the meantime, the calendar is tightening on us on the anonymity briefing. Here's a proposal to start the discussion:
—your opp and cross motion: 2/9
—our cross opp and reply: 3/9
—your reply: 3/23

--
Cameron T. Norris
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

On Feb 2, 2026 at 6:53 PM, <Cam> wrote:

We'll prepare a stip on the amended complaint

--
Cameron T. Norris
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

On Feb 2, 2026 at 6:33 PM, <John Bash> wrote:

Hi Cam,

We are in agreement on the redlined complaint and will not file the motion to strike if the complaint is amended consistent with the redline.

Re: the Rule 12(b) deadline, do you mean after the anonymity hearing or after the Court's resolution of the anonymity-related

motions?

Thanks,
John

---

**From:** Cam Norris <cam@consovoymccarthy.com>
**Sent:** Friday, January 30, 2026 12:44 PM
**To:** Jesse Franklin-Murdock (Dhillon Law) <JFM@dhillonlaw.com>
**Cc:** John Bash <johnbash@quinnemanuel.com>; Jcox <jcox@cfhawaii.com>; Ryan Proctor <ryan@consovoymccarthy.com>
**Subject:** Re: Activity in Case 1:25-cv-00450-MWJS-RT Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop Link

**[EXTERNAL EMAIL from cam@consovoymccarthy.com]**

---

Joachim/John,

After looking into the Ninth Circuit's caselaw, we don't think your client meets the circuit's standard for early jurisdictional discovery. You mentioned on the call that you think discovery questions might be premature before a ruling on the anonymity issue. Though we remain concerned about the slow pace of this case, we would be willing to accommodate you on this by adopting a reasonable briefing schedule on the omnibus motion to dismiss that does not start until after the hearing on anonymity.

Does that sound like a path forward on agreeing to a schedule on the omnibus MTD?

On Thu, Jan 29, 2026 at 9:02 PM Jesse Franklin-Murdock (Dhillon Law) <JFM@dhillonlaw.com> wrote:

> Thanks, John, I'll make that change to the preferred dates and send.
>
> **Jesse Franklin-Murdock**
> Counsel
> Dhillon Law Group Inc.
> **CA**: 177 Post Street, Suite 700, San Francisco, CA 94108
> **HI**: 500 Ala Moana Boulevard, Suite 7400, Honolulu, HI 96813
> Direct: 415.493.3030 | Mobile: 808.256.9845
> www.dhillonlaw.com
>
> **This email may be an attorney client privileged communication.**

**If you received it in error, please destroy it and inform the sender.**



**From:** John Bash <johnbash@quinnemanuel.com>
**Sent:** Thursday, January 29, 2026 6:00 PM
**To:** Jesse Franklin-Murdock (Dhillon Law) <JFM@dhillonlaw.com>; Jcox <jcox@cfhawaii.com>
**Cc:** Ryan Proctor <ryan@consovoymccarthy.com>; Cam Norris <cam@consovoymccarthy.com>
**Subject:** RE: Activity in Case 1:25-cv-00450-MWJS-RT Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop Link

**External Email**

Jesse, can we make Defendants' preferred dates March 30, March 31, and April 1? I had somehow forgotten that our youngest's birthday is 3/24.

Otherwise good to go.

Thanks,
John

**From:** Jesse Franklin-Murdock (Dhillon Law) <JFM@dhillonlaw.com>
**Sent:** Thursday, January 29, 2026 1:52 PM
**To:** John Bash <johnbash@quinnemanuel.com>; Jcox <jcox@cfhawaii.com>
**Cc:** Ryan Proctor <ryan@consovoymccarthy.com>; Cam Norris <cam@consovoymccarthy.com>
**Subject:** RE: Activity in Case 1:25-cv-00450-MWJS-RT Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop Link

==**[EXTERNAL EMAIL from jfm@dhillonlaw.com]**==

Joachim/John,

To follow our meet and confer earlier, we propose sending the following via email to Judge Smith's CRM. Please let us know if this is approved.

Dear Ms. Barker:

I am one of the attorneys for Plaintiffs in the above matter. All counsel of record are copied on this email. Pursuant to the Court's January 26, 2026, EO [Dkt. 65], the parties have met and conferred regarding (1) a hearing date on Plaintiffs' motion to proceed using initials and Defendant's anticipated cross-motion; and (2) Defendant's anticipated consolidated Rule 12(b) motion.

With respect to the motion to proceed using initials, the parties are available on March 24, 25, 30, and 31 (afternoon only), and April 1. Plaintiffs' preferred date is March 24. Defendant's preferred dates are March 25, 30, and 31.

With respect to the Rule 12(b) motion, the parties are continuing to meet and confer regarding potential jurisdictional discovery but will provide a proposed briefing schedule to the Court once those meet and confer efforts conclude.

We appreciate the Court's consideration of this matter.

Respectfully yours,
Jesse Franklin-Murdock

**Jesse Franklin-Murdock**
Counsel
Dhillon Law Group Inc.
**CA**: 177 Post Street, Suite 700, San Francisco, CA 94108
**HI**: 500 Ala Moana Boulevard, Suite 7400, Honolulu, HI 96813
Direct: 415.493.3030 | Mobile: 808.256.9845
www.dhillonlaw.com

**This email may be an attorney client privileged communication. If you received it in error, please destroy it and inform the sender.**



**From:** Cam Norris <cam@consovoymccarthy.com>
**Sent:** Tuesday, January 27, 2026 9:50 AM

**To:** John Bash <johnbash@quinnemanuel.com>
**Cc:** Jcox <jcox@cfhawaii.com>; Ryan Proctor <ryan@consovoymccarthy.com>; Jesse Franklin-Murdock (Dhillon Law) <JFM@dhillonlaw.com>
**Subject:** Re: Activity in Case 1:25-cv-00450-MWJS-RT Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop Link

**External Email**

I can, yes.

We can dial in here again: 202-800-8220;19981998#

On Tue, Jan 27, 2026 at 12:48 PM John Bash <johnbash@quinnemanuel.com> wrote:

> Hi Cam,
>
> Would you all be ale to do 1pm ET / 8am HT on Thursday?
>
> John
>
> ---
>
> **From:** Cam Norris <cam@consovoymccarthy.com>
> **Sent:** Tuesday, January 27, 2026 11:34 AM
> **To:** Jcox <jcox@cfhawaii.com>; John Bash <johnbash@quinnemanuel.com>; Ryan Proctor <ryan@consovoymccarthy.com>; Jesse Franklin-Murdock (Dhillon Law) <jfm@dhillonlaw.com>
> **Subject:** Fwd: Activity in Case 1:25-cv-00450-MWJS-RT Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop Link
>
> <mark>[EXTERNAL EMAIL from **cam@consovoymccarthy.com**]</mark>
>
> ---
>
> All,
>
> I am free for a meet and confer today except from 2-3pm eastern, and all today tomorrow.
>
> ---------- Forwarded message ---------
> From: <hid_resp@hid.uscourts.gov>
> Date: Tue, Jan 27, 2026 at 12:34 AM
> Subject: Activity in Case 1:25-cv-00450-MWJS-RT Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop Link
> To: <hawaii_cmecf@hid.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of Hawaii

### Notice of Electronic Filing

The following transaction was entered on 1/26/2026 at 7:33 PM HST and filed on 1/26/2026

| | |
|---|---|
| **Case Name:** | Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop |
| **Case Number:** | 1:25-cv-00450-MWJS-RT |
| **Filer:** | |
| **Document Number:** | 65(No document attached) |

**Docket Text:**
**EO: Having carefully considered the scheduling proposals of each party, as set out in Dkt. Nos. [61], [62], [63], and as helpfully elaborated during the January 26, 2026, hearing, the court now reaches the following conclusions:**

**1. Given Plaintiffs' legitimate interest in proceeding expeditiously in this case, the motion of Plaintiffs B.P. and I.P. for leave to proceed under their initials throughout the duration of this case, Dkt. No. [54], and the anticipated cross-motion concerning this request, will not be referred to a magistrate judge. The motions instead will be heard immediately by the undersigned district judge. Briefing on the motions will follow the requirements of Local Rule 7.7. Counsel are DIRECTED to meet and confer and propose a hearing date, along with corresponding**

dates for the remaining expected briefing. Counsel are invited to confer with the courtroom manager, in advance of making a formal proposal, to identify a workable hearing date.

2. The court GRANTS Defendant's unopposed request to file its anticipated cross-motion concerning Dkt. No. 54, and which is expected to include an argument under Rule 12(b) of the Federal Rules of Civil Procedure, without waiving its right to file additional Rule 12(b) motions at a later date to be set by the court.

3. Defendant is ORDERED to file its additional motions under Rule 12(b) of the Federal Rules of Civil Procedure (except, as noted above, for its cross-motion concerning Dkt. No. 54) all at once, and in a single filing. Counsel are DIRECTED to meet and confer and propose a deadline for the filing of these additional motions, for an initial hearing date, and for corresponding dates for briefing.

4. The court is inclined to limit the initial hearing on the additional Rule 12(b) motions to arguments addressing constitutional and statutory standing, but the court will confirm this with counsel at some point after the motions and responses have been filed. If the initial hearing is so limited, the court will, as needed, schedule a second hearing to allow argument on other issues.

The court thanks all counsel for the helpful discussion at the January 26, 2026, hearing, as well as for the professionalism they demonstrated at the hearing.

(JUDGE MICAH W.J. SMITH)
(ab)


**1:25-cv-00450-MWJS-RT Notice has been electronically mailed to:**

Joachim P. Cox    jcox@cfhawaii.com, clarsen-dias@cfhawaii.com, glawlor@cfhawaii.com, jdougherty@cfhawaii.com, nfarris@cfhawaii.com

Jesse Franklin-Murdock    jfm@dhillonlaw.com, tyokoyama@dhillonlaw.com

R. Gabriel Anderson    gabe@consovoymccarthy.com

Cameron T. Norris    cam@consovoymccarthy.com

J. Michael Connolly    mike@consovoymccarthy.com

Julius Kairey    julius@consovoymccarthy.com

Adam K. Mortara    mortara@lawfairllc.com

Thomas R. McCarthy    tom@consovoymccarthy.com

Ellyde R. Thompson    ellydethompson@quinnemanuel.com

John F. Bash    johnbash@quinnemanuel.com

William A. Burck    williamburck@quinnemanuel.com

Ryan Mackenzie Proctor    ryan@consovoymccarthy.com

**1:25-cv-00450-MWJS-RT Notice will not be electronically mailed to:**


--
Cameron T. Norris
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
703.243.9423 (office)
www.consovoymccarthy.com


--
Cameron T. Norris
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
703.243.9423 (office)
www.consovoymccarthy.com

--
Cameron T. Norris
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
703.243.9423 (office)
www.consovoymccarthy.com



--

Cameron T. Norris
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
703.243.9423 (office)
www.consovoymccarthy.com



--

Cameron T. Norris
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
703.243.9423 (office)
www.consovoymccarthy.com

--

Cameron T. Norris
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
703.243.9423 (office)
www.consovoymccarthy.com



--
Cameron T. Norris
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
703.243.9423 (office)
www.consovoymccarthy.com



--
Cameron T. Norris
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
703.243.9423 (office)
www.consovoymccarthy.com



--
Cameron T. Norris
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
703.243.9423 (office)
www.consovoymccarthy.com

--
Cameron T. Norris
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
703.243.9423 (office)
www.consovoymccarthy.com

