

177 Post Street, Suite 700
San Francisco, CA 94108

500 Ala Moana Boulevard, Suite 7400
Honolulu, HI 96813

Jesse Franklin-Murdock
JFM@dhillonlaw.com

February 26, 2026

VIA EMAIL

The Honorable Micah W.J. Smith
United States District Judge
United States District Court for the District of Hawaii
300 Ala Moana Boulevard, Room C-338
Honolulu, Hawaii 96850
smith_orders@hid.uscourts.gov

    Re:    *Students for Fair Admissions, et al. v. Trustees of the Estate of Bernice Pauahi Bishop dba Kamehameha Schools* (Case No. 1:25-cv-00450-MWJS-RT)

To the Honorable Judge Smith:

    Yesterday's letter from Kamehameha proves the wisdom of Plaintiffs' approach. The question for now is not whether any party should get expedited jurisdictional discovery. Though Plaintiffs are confident they could defeat Kamehameha's requests for that relief, the question for now is simpler: Should the parties brief that request now in a vacuum, or brief it with the benefit of an actual motion that lays out Kamehameha's grounds for dismissing the complaint and Plaintiffs' responses? Briefing these issues together will present them more concretely, give the Court more information and options, and result in a faster resolution overall.

    For the individual plaintiffs B.P. and I.P., Kamehameha essentially admits its plan doesn't work. The school now says it has "documentary evidence" that it applies a preference for Native Hawaiians only at a later point in the process and that I.P. never got to that point. KS-Feb.-23-Ltr. at 3. (Despite many prior meet-and-confers, Kamehameha has never made this argument to Plaintiffs or shared this "evidence.") Kamehameha says that, based on this evidence, it thinks *Plaintiffs* will want expedited jurisdictional discovery. *Id.* Even if Kamehameha's new argument did not conflate standing with the merits (it does), the proposed discovery attached to its letter does not even *explore* this issue. Under Kamehameha's proposal, are Plaintiffs supposed to cross-move for this jurisdictional discovery, before even seeing Kamehameha's "evidence"? Plaintiffs obviously cannot know whether or what to seek until they get Kamehameha's motion to dismiss. Nor can they know what other arguments Kamehameha might make that could necessitate jurisdictional discovery, like whether the school thinks its recent move to a tuition-free model moots any claims.

    For Kamehameha's other jurisdictional arguments, the school misses how its proposal would actually play out. Kamehameha admits it has no evidence to question SFFA's members intent to apply to the school, in a world where a court orders the school to equally admit non-Native Hawaiians. Unlike the

defendants in its cited cases—no expedited jurisdictional discovery was conducted in *Carney*, *Loffman*, or SFFA's cases against Harvard and UNC—Kamehameha thinks it can get expedited jurisdictional discovery on a hunch it will catch these families lying. *Cf.* KS-Feb.23-Ltr. at 2-3. Even if that were the standard for expedited discovery, Plaintiffs allege that it's futile for non-Native Hawaiians to apply. *See, e.g.*, 2d-Am.-Compl. ¶¶30-34. For that and other reasons, Plaintiffs will raise relevance, proportionality, and other objections to Kamehameha's planned discovery into the steps these families have taken to apply, the likelihood their children would be admitted, and the school's (still-unexplained) third-party discovery into these families' subjective intentions.[1] If Kamehameha disagrees that it's futile for non-Native Hawaiians to apply, that question would also need jurisdictional discovery into the nature of Kamehameha's discrimination.

In short, under Kamehameha's proposal, the parties will not brief a simple yes-or-no question of expedited jurisdictional discovery. Plaintiffs have objections to all of Kamehameha's individual discovery requests, which must be either resolved later (causing more delay) or prejudged on incomplete briefing (with no motion to dismiss to put the disputes in context). Plaintiffs are also supposed to guess at what jurisdictional discovery they need and cross-move for it too, without knowing all the reasons Kamehameha seeks to dismiss or what evidence it might have. Plaintiffs further dispute whether this Court *can* resolve any of these factual disputes, since they are intertwined with the merits and all Plaintiffs demand a jury trial on their damages claims. *See Perttu v. Richards*, 605 U.S. 460, 472 (2025) ("judges" cannot "resolve factual disputes in the course of determining whether subject matter jurisdiction is proper" when "the factual disputes are intertwined with the merits"). For the Court's part, Your Honor is supposed to resolve these disputes without knowing whether it even needs to. Until a motion to dismiss is filed and briefed, the Court cannot know which facts each side disputes, whether discovery should be denied because Kamehameha's attacks aren't relevant to jurisdiction, whether discovery is moot because the complaint is getting dismissed anyway, or whether discovery is appropriate on only some topics and plaintiffs but not others.

The better course is the one this Court already set out. Kamehameha should get its omnibus motion to dismiss on file, and the parties should brief everything at once.

Respectfully yours,

Jesse Franklin-Murdock

CC: All Counsel of Record

---

[1] *See, e.g.*, *Carney v. Adams*, 592 U.S. 53, 66 (2020) (stressing "[w]e do not here depart from or modify" prior precedents holding that plaintiffs need not prove they took steps to submit "'futile'" applications or that they "'would have obtained the benefit but for the unlawful barrier"); *Chestnut v. Kincaid*, 2022 WL 358170, at *2 (D. Md. Feb. 7) (explaining that third-party discovery based on the "speculative" hope "of finding impeachment evidence" against a party "does not meet the 'demanding and sensitive inquiry' required for discovery related to third parties").