Jesse D. Franklin-Murdock (10778)
DHILLON LAW GROUP INC.
500 Ala Moana Blvd., Ste. 7400
Honolulu, HI 96813
Tel: (415) 433-1700
Fax: (415) 520-6593
jfranklin-murdock@dhillonlaw.com

Adam K. Mortara*
LAWFAIR LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215
(773) 750-7154
mortara@lawfairllc.com

Thomas R. McCarthy*
Patrick N. Strawbridge*
J. Michael Connolly*
Cameron T. Norris*
R. Gabriel Anderson*
Ryan M. Proctor*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
patrick@consovoymccarthy.com
mike@consovoymccarthy.com
cam@consovoymccarthy.com
gabe@consovoymccarthy.com
ryan@consovoymccarthy.com

*pro hac vice

Counsel for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STUDENTS FOR FAIR ADMIS-SIONS; I.P., by and through her next friend and mother, B.P.; and B.P., <br> *Plaintiffs*, <br><br> v. <br><br> TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP d/b/a KAMEHAMEHA SCHOOLS, <br> *Defendant*. | Case No. 1:25-cv-450-MWJS-RT <br><br> **PLAINTIFFS' REPLY & CROSS-OPPOSITION REGARDING PSEUDONYMITY** |

## TABLE OF CONTENTS

Table of Authorities ................................................................................ ii

Introduction ......................................................................................... 1

Argument .............................................................................................. 3

    I.  The Court should grant Plaintiffs' motion for leave to refer to B.P. and I.P. by their initials. ............................................................................... 4

    II.  The Court should deny Kamehameha's cross-motion to dismiss SFFA for lack of standing. ........................................................................... 13

    III. At a minimum, the Court should stay its ruling to give Plaintiffs time to decide whether and how to amend the complaint. ........................................ 19

# TABLE OF AUTHORITIES

**Cases**

*AAER v. Fearless Fund*,
   103 F.4th 765 (11th Cir. 2024) .................................................. 13, 14, 15, 16, 20

*AAER v. Founders First CDC*,
   2024 WL 3625684 (N.D. Tex. July 31) .............................................................14

*AAER v. Founders First*,
   2024 WL 3364034 (N.D. Tex. July 10) .............................................................18

*AAER v. Pritzker*,
   2025 WL 2229995 (C.D. Ill. Aug. 5) ....................................... 4, 14, 17, 18

*AAER v. Raoul*,
   795 F.Supp.3d 1073 (N.D. Ill. 2025)............................................... 13, 14

*Advocs. for Highway & Auto Safety v. FMCSA*,
   41 F.4th 586 (D.C. Cir. 2022) ................................................................14

*B.R. v. F.C.S.B.*,
   17 F.4th 485 (4th Cir. 2021)............................................................3, 17

*Black Panther Party v. Smith*,
   661 F.2d 1243 (D.C. Cir. 1981)...........................................................9

*Californians for Equal Rts. Found. v. Her*,
   2025 WL 2324110 (E.D. Cal. Aug. 12) ............................................14

*Chamber of Com. v. CFPB*,
   691 F.Supp.3d 730 (E.D. Tex. 2023) ................................................14

*Chamber of Com. v. FTC*,
   2026 WL 402498 (E.D. Tex. Feb. 12).............................................14

*Coal. on Homelessness v. S.F.*,
   758 F.Supp.3d 1102 (N.D. Cal. 2024)......................................... 17, 18

*Do No Harm v. Lee*,
   2024 WL 3730623 (M.D. Tenn. Aug. 8)...........................................14

*Do No Harm v. NAEMT*,
   2025 WL 973614 (S.D. Miss. Mar. 31).............................................14

*Do No Harm v. Pfizer*,
   126 F.4th 109 (2d Cir. 2025) ...........................................................13

*Doe 1 v. GitHub*,
   672 F.Supp.3d 837 (N.D. Cal. 2023)..................................................7

*Doe ex rel. Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*,
   2009 WL 308351 (D. Haw. Feb. 6) ....................................................6

*Doe ex rel. Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*,
   625 F.3d 1182 (9th Cir. 2010) ...........................................................5

*Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.,*
   2009 WL 6339250 ...........................................................................................11
*Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.,*
   2008 WL 4755674 (D. Haw. Oct. 28)..................................... 5, 9, 10, 11
*Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.,*
   596 F.3d 1036 (9th Cir. 2010) ...................... 5, 6, 7, 8, 9, 11, 12, 16, 18
*Doe v. MIT,*
   46 F.4th 61 (1st Cir. 2022) ..............................................................12
*Doe v. Tulsa Cnty.,*
   2024 WL 4433349 (N.D. Okla. Oct. 7).............................................19
*Doe v. UNUM,*
   164 F.Supp.3d 1140 (N.D. Cal. 2016)...............................................3
*Does I-XXIII v. Advanced Textile Corp.,*
   214 F.3d 1058 (9th Cir. 2000) ........................................ 3, 6, 10, 16
*FAIR v. Walker,*
   2025 WL 1756875 (W.D. Wash. June 24) ........................................17
*Humane Soc'y v. USDA,*
   2021 WL 1593243 (C.D. Cal. Mar. 26) ...................................... 15, 18
*Hunt v. Wash. Apple Advert. Comm'n,*
   432 U.S. 333 (1977) .........................................................................20
*Katie M. v. Aetna Life Ins. Co.,*
   2025 WL 934458 (D. Utah Mar. 27)..............................................4, 5
*LULAC v. Abbott,*
   2022 WL 2806850 (W.D. Tex. July 18)..........................................9, 19
*Mecinas v. Hobbs,*
   30 F.4th 890 (9th Cir. 2022).............................................................4
*Mi Familia Vota v. Fontes,*
   129 F.4th 691 (9th Cir. 2025).................................................... 17, 18
*Mirabelli v. Olson,*
   2024 WL 5689954 (S.D. Cal. Aug. 8)............................................7, 10
*Moore v. USDA,*
   993 F.2d 1222 (5th Cir. 1993) ...........................................................10
*N.E. v. BCBS N.C.,*
   2023 WL 2696834 (M.D.N.C. Feb. 24) ............................................20
*NAACP v. Ala. ex rel. Patterson,*
   357 U.S. 449 (1958) .........................................................................13
*NAACP v. Button,*
   371 U.S. 415 (1963) ...........................................................................8
*Nat'l Council of La Raza v. Cegavske,*
   800 F.3d 1032 (9th Cir. 2015) .........................................................17

*Nat'l Infusion Ctr. Ass'n v. Becerra*,
   116 F.4th 488 (5th Cir. 2024) ................................................................15

*Ne. Fla. Ch., AGCA v. Jacksonville*,
   508 U.S. 656 (1993) ...............................................................................10

*PDE v. Olentangy*,
   2024 WL 3992579 (S.D. Ohio Aug. 28) ...............................................14

*PDE v. Oletangy*,
   158 F.4th 732 (6th Cir. 2025) ...............................................................14

*Perry v. Schwarzenegger*,
   591 F.3d 1126 (9th Cir. 2009) .................................................................9

*Perttu v. Richards*,
   605 U.S. 460 (2025) ...............................................................................11

*R.A.V. v. St. Paul*,
   505 U.S. 377 (1992) ...............................................................................15

*S.C. NAACP v. Alexander*,
   2022 WL 453533 (D.S.C. Feb. 14) .......................................................18

*S.F. v. Archer Daniels Midland Co.*,
   594 F.App'x 11 (2d Cir. 2014) ................................................................4

*Santos-Zacaria v. Garland*,
   598 U.S. 411 (2023) ...............................................................................16

*Satanic Temple v. Labrador*,
   149 F.4th 1047 (2025) ............................................................................16

*SFFA v. Harvard*,
   2023 WL 3126414 (D. Mass. Apr. 27).................................................19

*SFFA v. U.S. Naval Acad.*,
   707 F.Supp.3d 486 (D. Md. 2023)................................................. 14, 17

*SFFA v. West Point*,
   709 F.Supp.3d 118 (S.D.N.Y. 2024) ............................................. 14, 15

*Speech First v. Shrum*,
   92 F.4th 947 (10th Cir. 2024) ............................................. 13, 14, 15, 17

*StandWithUs v. MIT*,
   742 F.Supp.3d 133 (D. Mass. 2024)......................................................13

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) ......................................................................... 13, 14

*Tagupa v. Bd. of Dirs.*,
   633 F.2d 1309 (9th Cir. 1980) ...............................................................10

*Tex. Bankers Ass'n v. OCC*,
   728 F.Supp.3d 412 (N.D. Tex. 2024).....................................................14

*UAW v. Brock*,
   477 U.S. 274 (1986) .................................................................................1

*Va. Coal. for Immigrant Rights v. Beals*,
   803 F.Supp.3d 454 (E.D. Va. 2025) ................................................................ 14, 17
*Vasquez Perdomo v. Noem*,
   148 F.4th 656 (9th Cir. 2025) ............................................................................17
*Zamani v. Carnes*,
   491 F.3d 990 (9th Cir. 2007) ..............................................................................6

**Statutes and Regulations**

20 U.S.C. §1232g(b)(1) ...........................................................................................12
20 U.S.C. §1232g(d) ................................................................................................12
34 C.F.R. §99.33(a)(2) .............................................................................................12
Fed. R. Civ. P. 5.2(a) ..............................................................................................15

**INTRODUCTION**

Kamehameha is the last school in America, public or private, that excludes students by race. That charge is not "manufactured." *Cf.* KS-Br.1 (Doc.84). Kamehameha boasts it's "set aside for Native Hawaiians." KS-Br.3. If the school thinks opposing racial segregation makes SFFA "an advocacy group with a national agenda," KS-Br.1, then SFFA agrees. But Kamehameha's cries of "recruiting plaintiffs" are tired. KS-Br.1. The school can't deny that its 100% racial quota injures countless children who want to apply to this prestigious school but have the wrong ancestors. The law encourages these families, who otherwise lack the resources and expertise to vindicate their rights, to join associations and sue. *UAW v. Brock*, 477 U.S. 274, 289-90 (1986). These real victims of discrimination cannot be maligned as "recruits," any more than Homer Plessy,[1] Oliver Brown,[2] or the 19 anonymous Asian-Americans that joined SFFA and sued Harvard.[3]

The only party who wants to avoid "meaningful scrutiny" of this "case of great public importance" is Kamehameha. KS-Br.1, 13. The *public* does not need the real

---

[1] Plessy was an "activist" and a "member" of a "civil-right organization" that "meticulously planned" his arrest so he could bring a "test case" in federal court. *Plessy v. Ferguson at 125*, Harvard Law Today (May 2021), perma.cc/M5GW-AH8G.

[2] Brown was "recruited by the NAACP" to sue on behalf of his daughter, Linda. *Rev. Oliver L. Brown*, Nat'l Parks Serv., perma.cc/CAA7-VE9B (archived Mar. 5, 2026).

[3] Blum-Decl. (Doc.54-5) ¶4. The same charges that SFFA "recruited" students after launching websites against Harvard and UNC were made by opponents, and ignored by courts, in those cases. *E.g.*, UNC-Br.25-26, No. 21-707 (U.S. July 2022).

1

names of B.P., I.P., or SFFA's members so *Kamehameha* can mount a defense. The school already knows who B.P. and I.P. are; it will get the names of SFFA's other members in discovery under a protective order; and Kamehameha successfully defended its policy 20 years ago against a Doe. Kamehameha seeks public disclosure because it knows most families would rather "dismiss" their claims than face the doxing, death threats, feces, harassment, and other abuse that come with suing this powerful institution. KS-Br.21. And apparently no one is too young to punish: At its boldest, the school asks this Court to override Rule 5.2 and to make SFFA divulge the full name of its minor members, including its *second grader*. KS-Br.24.

Kamehameha's confidence that most families would cave to the threats is precisely why Plaintiffs need limited pseudonymity. Kamehameha never denies that the Ninth Circuit thought anonymity could have been granted in *Doe II*. And it never denies that B.P. and I.P. seek less protection here, based on a more extensive record. Kamehameha's insistence that the nonparty members of SFFA also must be outed is even weaker. At least 15 courts have rejected Kamehameha's argument that *Summers*, a case that involved no pseudonyms, somehow bans associations from using pseudonyms.

This Court should grant Plaintiffs' motion for B.P. and I.P. to keep using initials. If the Court grants any part of Kamehameha's cross-motion, it should stay its order for at least ten days so Plaintiffs can decide whether to amend.

## ARGUMENT

Styled as an opposition and "cross-motion to compel plaintiffs to identify themselves," Kamehameha's cross-motion is mistitled. The only affirmative relief Kamehameha seeks with respect to B.P. and I.P. is "dismiss[ing]" the "complaint" under "Rule 12(b)(1)." KS-Br.5. And the only relief it seeks with respect to SFFA is "dismiss[ing] SFFA" for lack of "standing." KS-Br.21. So as Kamehameha later admits, its cross-motion is really a "cross-motion to dismiss" for lack of jurisdiction. KS-Br.25.

Even restyled as a cross-motion to dismiss, Kamehameha is wrong to suggest that, if this Court denies B.P. and I.P. permission to use pseudonyms, then the Court lacks jurisdiction. The case it cites, *Doe v. UNUM*, says the opposite: A "'dismissal for lack of jurisdiction is *not* warranted'" when individual plaintiffs cannot use pseudonyms, which is why that court ruled "under Rule 10(a)," not Rule 12(b)(1). 164 F.Supp.3d 1140, 1143-44 (N.D. Cal. 2016) (emphasis added). In this circuit, the question whether an individual plaintiff can use pseudonyms is not jurisdictional. *Id.*; *Does I-XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1070 & n.12 (9th Cir. 2000); *accord B.R. v. F.C.S.B.*, 17 F.4th 485, 496 (4th Cir. 2021).

As for SFFA, Kamehameha says it lacks associational standing because the complaint refers to its standing members with pseudonyms. This challenge is a "facial" attack: Kamehameha relies solely on the face of the complaint and introduces no evidence to dispute the complaint's facts. *AAER v. Pritzker*, 2025 WL 2229995,

3

at *5 (C.D. Ill. Aug. 5). Facial attacks are judged under the same standard that governs motions to dismiss for failure to state a claim under Rule 12(b)(6). *Mecinas v. Hobbs*, 30 F.4th 890, 895-96 (9th Cir. 2022). The Court must accept Plaintiffs' factual allegations as true, draw all inferences in Plaintiffs' favor, and construe general allegations to include all necessary specifics. *Id.*

## I.    The Court should grant Plaintiffs' motion for leave to refer to B.P. and I.P. by their initials.

Kamehameha doesn't deny that I.P. and B.P. were entitled to use initials when this case was filed, KS-Br.7-8; so whether by Rule or with the Court's permission, that protection should continue after she turned 18. Rule 5.2(a) guarantees permanent privacy protection for minors' filings, including I.P.'s earlier filings. Pltfs.-Br.11-13. And Rule 5.2(e) lets courts "require redaction of additional information." Hence why virtually all courts recognize that Rule 5.2 "dictates" using "only" the "initials" of a "child's parents," without any further showing. *S.F. v. Archer Daniels Midland Co.*, 594 F.App'x 11, 12 n.1 (2d Cir. 2014); Pltfs.-Br.12. And "a consensus" of courts favor continued pseudonymity for plaintiffs who turn 18 but "were minors" when their claims arose, including for their "parents." *Katie M. v. Aetna Life Ins. Co.*, 2025 WL 934458, at *2 (D. Utah Mar. 27).

Though Kamehameha invokes the "plain language" of Rule 5.2(a), KS-Br.7-8, it ignores Rule 5.2(e). The few cases it cites, KS-Br.8-9, likewise don't address Rule 5.2(e) or the concern that forcing a plaintiff to reveal her identity on her 18th

birthday would improperly reveal her identity in earlier filings. The three-judge con-curral in *Doe II* isn't precedential; that nonbinding opinion merely explains why three of 24 Ninth Circuit judges voted to deny rehearing. *See* 625 F.3d 1182, 1183, 1194 (9th Cir. 2010). And its unreasoned speculation as to why the plaintiffs in *Doe II* didn't invoke Rule 5.2(a) would be dicta anyway. *Compare id.* at 1195, *with id.* at 1193-94 (Reinhardt, J., dissental). Plus all agree that courts can at least *let* minors and parents keep using initials, and that their right to use initials at the outset weighs strongly in favor of letting them continue. *Katie M.*, 2025 WL 934458, at *2.

Even under the ordinary *Advanced Textile* standard, B.P. and I.P. can proceed by initials. The courts wouldn't have abused their discretion if they'd granted pseu-donymity in *Doe II*. 596 F.3d 1036, 1046 (9th Cir. 2010). So even if B.P. and I.P. had simply "regurgitate[d]" the arguments made there, KS-Br.2, this Court could grant their motion. The Court granted anonymity in *Doe I*, after all. Pltfs.-Br.24. And this case is more like *Doe I* than *Doe II*, since the magistrate judge in *Doe II* stressed that Kamehameha's recent victory in *Doe I* meant non-anonymity would "conjure less public reaction." 2008 WL 4755674, at *5 (D. Haw. Oct. 28). Not so here, more than two decades after *Doe I*. In all events, the case for using initials here is far stronger than the case for complete anonymity in *Doe I* or *II*, meaning the only abuse of discretion would be *denying* Plaintiffs' motion.

***Need for Anonymity.*** On the need for limited anonymity, Kamehameha doesn't dispute that

- the number and severity of threats and harassing statements here far exceed *Doe II*, Pltfs.-Br.25;
- the potential of the Internet to target and harass is greater in the social-media age than 16 years ago, Pltfs.-Br.25;
- the school's supporters have made good on some threats by doxing Plaintiffs' Hawaii counsel and mailing feces to him, Pltfs.-Br.17;
- federal officials have warned of the need for increased court security in this case, Pltfs.-Br.8;
- B.P. and I.P. are also members of an association that's another plaintiff in the case, Pltfs.-Br.19-21; or
- B.P. and I.P. will suffer economic retaliation and prejudice in a pending state-court case if their identities are disclosed, Pltfs.-Br.18.

These distinctions from *Doe II* cannot be disputed by Kamehameha for the first time in reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Nor will this Court be constrained to defer to any contrary factual findings by the magistrate judge, as in *Doe II*. 596 F.3d at 1042; 2009 WL 308351, at *4 (D. Haw. Feb. 6). Also unlike *Doe II*, Kamehameha submits *zero* evidence of its own, leaving Plaintiffs' facts undisputed.

Kamehameha further ignores the caselaw permitting anonymity in the face of far less severe threats, Pltfs.-Br.15-18, while pointing to no case denying anonymity on remotely similar facts, KS-Br.16-19. Nor does Kamehameha even acknowledge that avoiding "harassment" is a sufficient basis for anonymity. *Advanced Textile*, 214 F.3d at 1068. So is "fear of 'retaliation by the community,'" as a court in this

6

circuit explained in a case that just went to the Supreme Court. *Mirabelli v. Olson*, 2024 WL 5689954, at *4 (S.D. Cal. Aug. 8). The reams of threats, death wishes, and other vitriol that Plaintiffs submitted here dwarf the "veiled [email] threats wishing death upon Plaintiffs' counsel" that justified full anonymity in *Doe 1 v. GitHub*, 672 F.Supp.3d 837, 852 (N.D. Cal. 2023), and the handful of voicemails and news-article comments submitted in *Doe II*, 596 F.3d at 1041.

Kamehameha cannot dismiss Plaintiffs' evidence as mere "criticism." *Cf.* KS-Br.15. Had Plaintiffs submitted all the criticism they've received for this case, it would have crashed the Court's ECF. They focused on some of the worst examples to date. Both Plaintiffs and precedent recognize the difference between criticism and, say, being illegally mailed a bag of feces, Pltfs.-Br.8, or being told on your social-media page "I got a 45 for your ass" and "You are going to need reconstructive surgery … if I don't punch your fucking ticket all together," App.249; Blum-Decl. ¶22. And many if not most of the online comments are non-anonymous, coming from people using their own names and photos. *Cf.* KS-Br.18.

Kamehameha's assertion that B.P. and I.P. can reasonably fear violence only if they "personally" receive threats, KS-Br.18, contradicts common sense and precedent, *see* Pltfs.-Br.15; *Mirabelli*, 2024 WL 5689954, at *4. B.P. and I.P. are shielded from personal threats, unlike the many received by Blum and Franklin-Murdock, precisely because their names are not public. And as an ordinary family

7

living in Hawaii, they are objectively more vulnerable. B.P.-Decl. ¶12. Regardless, Kamehameha ignores its supporters' repeated calls to dox B.P. and I.P. specifically. Pltfs.-Br.9. And in response to recent stories about this motion for anonymity, B.P. and I.P. have received death threats, death wishes, and further calls for harassment— including "Kill the haoles," calls for "Mob style executions," requests to "dox dem bitches," warnings they should "cance[l] this lawsuit" if they're "worried about their life," and more. App.420-59.

Though Kamehameha doesn't deny the continued prevalence of anti-white racism in Hawaii schools, it attempts to downplay its relevance by insisting that previous challengers never faced mistreatment. KS-Br.17-18. Yet Kamehameha never disputes Plaintiffs' evidence that this assumption from *Doe II*, 596 F.3d at 1045, proved false. Brayden Mohica-Cummings, who was admitted by settlement, was reportedly "shunned" at Kamehameha and ultimately expelled. App.396-401. His public participation even fueled a custody battle between his parents. App.382. And federal law enforcement had to get involved. B.P.-Decl. ¶¶18-19.

Kamehameha cannot dismiss the significance of B.P. and I.P.'s associational freedoms. Plaintiffs aren't claiming that "alleging membership in an organization" entitles someone to anonymity. *Cf.* KS-Br.20. The First Amendment protects "association for litigation," *NAACP v. Button*, 371 U.S. 415, 431 (1963), so I.P. and B.P. are here exercising their rights through SFFA. Outing them in the lawsuit implicates

their right to associational privacy and must be considered in the balance of public and private factors. *LULAC v. Abbott*, 2022 WL 2806850, at *7 (W.D. Tex. July 18) (associational-standing case); *accord Perry v. Schwarzenegger*, 591 F.3d 1126, 1140-41 (9th Cir. 2009) (following *Black Panther Party v. Smith*, 661 F.2d 1243, 1265 (D.C. Cir. 1981)). That balance tips their direction because disclosing B.P. and I.P.'s identities will chill others from joining SFFA, Pltfs.-Br.20-21—a point Kamehameha doesn't dispute—and Kamehameha has no overarching need to make their identities public, Pltfs.-Br.21-23.

**Prejudice.** Kamehameha doesn't dispute that, based on I.P. and B.P.'s initials plus the year I.P. applied and her non-Hawaiian status, the school already knows their identities (which Plaintiffs in any event are willing to confirm), again distinguishing this case from *Doe II*. Pltfs.-Br.25. The Ninth Circuit also rejected the part of the magistrate judge's opinion that Kamehameha quotes about the supposed difficulty of protecting the plaintiffs' identities. *Compare* KS-Br.13, *with* 596 F.3d at 1045 n.7. And it deemed any prejudice to Kamehameha, even from complete anonymity, "minimal." *Id.* at 1045.

Also unlike *Doe II*, *see* 2008 WL 4755674, at *1, B.P. and I.P. seek only retrospective relief, radically simplifying standing.[4] B.P. and I.P. have standing if

_____

[4] B.P. and I.P. no longer seek forward-looking relief.

Kamehameha denied I.P. the "[a]bility to compete on an equal footing in the [application] process." *Ne. Fla. Ch., AGCA v. Jacksonville*, 508 U.S. 656, 666 (1993). That injury became complete at least when Kamehameha denied I.P.'s application, regardless of her likelihood of attendance. *See id.*; *Moore v. USDA*, 993 F.2d 1222, 1223-24 (5th Cir. 1993). So Kamehameha needs no discovery as to their standing. *See Tagupa v. Bd. of Dirs.*, 633 F.2d 1309, 1311-12 (9th Cir. 1980) (whether an application was denied for nondiscriminatory reasons goes to the merits of a §1981 claim, not standing). Even if it needed discovery on I.P.'s intentions or qualifications, Kamehameha can search its own records and get that discovery from B.P. and I.P. themselves. *Mirabelli*, 2024 WL 5689954, at *4. Its supposed need for "third party discovery" from sources other than its own records was rejected as "speculative" in *Doe II*. 2008 WL 4755674, at *6. SFFA has studied and litigated many admissions cases, and it has never even *heard of* a defendant seeking third-party discovery into a past applicant's intent from her "teachers, friends, and community members." KS-Br.3. And pseudonymity wouldn't necessarily block that discovery, as I.P. could get her own records from third parties or third parties could be added to a protective order.

At minimum, Kamehameha hasn't shown it will be prejudiced now. The question at this "stage," *Advanced Textile*, 214 F.3d at 1068, is only whether B.P. and I.P. can use initials through the motion to dismiss. Because Kamehameha's standing

10

arguments are "intertwined with the merits," its "factual" objections to standing can't be resolved at that stage anyway. *Perttu v. Richards*, 605 U.S. 460, 472 (2025). And "no discovery as to damages is necessary" before the motion to dismiss is resolved—or even after, given the high likelihood that liability and damages will be bifurcated. *Doe II*, 2008 WL 4755674, at \*6.

**Public Interest.** Because this case involves "a long-standing policy" of great significance, KS-Br.12, the public "interest in seeing this case decided on the merits" is strong, whereas standing "is certainly not the main issue." *Doe II*, 596 F.3d at 1043. Further, as Kamehameha doesn't deny, allowing the school to bully its way out of legal scrutiny a second time undermines the legal system's legitimacy. Pltfs.-Br.23-24. And the interests behind Rule 5.2, which *Doe II* never considered, weaken the general presumption of disclosure. Pltfs.-Br.23. As does the unique presence of SFFA, a non-anonymous organization that the public can hold accountable for "attempting to … effect such a fundamental" change to Kamehameha via forward-looking relief. KS-Br.3; *see* Pltfs.-Br.23.

SFFA's involvement does not somehow raise the importance of standing. *Cf.* KS-Br.12-13. In *Doe II*, Kamehameha made the exact same argument that standing had heightened salience because "the plaintiffs … were *recruited* to pursue this action," KS-*Doe-II*-CA9-Br.5, 48, 2009 WL 6339250, but the Ninth Circuit disagreed,

11

596 F.3d at 1045 n.7. Regardless, SFFA has nothing to do with B.P. and I.P.'s stand-
ing as individual plaintiffs. I.P. applied in 2022, B.P.-Decl. ¶7, several years before
SFFA even hinted at any action against Kamehameha, *see* KS-Br.6. SFFA couldn't
have "manufactured" I.P.'s injury, even indulging Kamehameha's silly premise that
joining a national civil-rights organization to vindicate your civil rights is suspicious.
KS-Br.1.

Kamehameha has also made clear its plans to test the strength of I.P.'s appli-
cation. Doc.92 at 3. This defense will turn on I.P.'s application materials, including
records from her public school that are protected from disclosure by FERPA. 20
U.S.C. §1232g(b)(1), (d); 34 C.F.R. §99.33(a)(2). I.P.'s "privacy interests" in those
records are not "defenestrate[d] … simply because [s]he has sued" Kamehameha.
*Doe v. MIT*, 46 F.4th 61, 75 (1st Cir. 2022). "The public has an abiding interest in"
upholding "the confidentiality protections imposed by FERPA," which courts also
must honor when considering "a request for pseudonymity." *Id.* at 76. This point,
which *Doe II* never considered, raises yet another critical distinction. *Cf.* KS-Br.9.

On all three *Advanced Textile* considerations—Plaintiffs' need, Defendant's
prejudice, and public interest—the case for initials here is much stronger than the
case for anonymity in *Doe II*. This Court should grant Plaintiffs' better-supported,
more-limited request to let I.P. and B.P. keep using a naming convention that was
new during *Doe II* and concededly appropriate when they filed.

## II.    The Court should deny Kamehameha's cross-motion to dismiss SFFA for lack of standing.

SFFA does not need the Court's permission to use pseudonyms. Rule 10(a) states that "[t]he title of the complaint must name all the parties." SFFA, the only other party on the plaintiff's side, is named in the complaint and not using a pseudonym. Though the complaint refers to SFFA's *members* with pseudonyms, an association's members are "not … parties." *NAACP v. Ala. ex rel. Patterson*, 357 U.S. 449, 459 (1958); *accord StandWithUs v. MIT*, 742 F.Supp.3d 133, 140 (D. Mass. 2024). So members are not covered by Rule 10(a)'s rules about naming parties. *AAER v. Fearless Fund*, 103 F.4th 765, 773 n.2 (11th Cir. 2024).

Because Rule 10(a) does not apply to SFFA's members, Kamehameha frames its pseudonymity attack in terms of "Article III standing." KS-Br.21. The school cites *Summers*, which discussed a requirement that associations "name" or "identify" a member with standing. 555 U.S. 488, 498-99 (2009).

Kamehameha is not the first, second, or even fifteenth defendant to twist *Summers* into a case that supposedly denies standing to associations that do not divulge their members' real names. "[N]ot … a single case" has accepted this argument. *AAER v. Raoul*, 795 F.Supp.3d 1073, 1082-83 & n.3 (N.D. Ill. 2025) (collecting cases). Only two temporarily accepted it, and both were reversed on appeal. *Speech First v. Shrum*, 92 F.4th 947 (10th Cir. 2024); *Do No Harm v. Pfizer*, 126 F.4th 109 (2d Cir. 2025). All other decisions have rejected it—totaling over 15 in just the last

few years.[5] In cases where associations identify specific members but use pseudo-nyms, every court agrees the "pseudonym poses no bar to the organization's ability to establish standing." *Californians for Equal Rts. Found. v. Her*, 2025 WL 2324110, at *2 n.2 (E.D. Cal. Aug. 12).

Kamehameha "misreads *Summers*." *FTC*, 2026 WL 402498, at *6. Those as-sociations timely named two specific members, but those two members lacked stand-ing. 555 U.S. at 494-96. The associations then argued that, because their member-ships were so large, there was "a statistical probability that some of those members are threatened with concrete injury." *Id.* at 497. This theory of "probabilistic stand-ing" was too "speculat[ive]" and insufficiently "specific." *Id.* at 497-500. The Court faulted the associations for failing to "identify members who have suffered the req-uisite harm." *Id.* at 499. But, of course, an association can "identify" and "name" a member with standing without divulging that member's "legal name." *Shrum*, 92

---

[5] *E.g.*, *Fearless Fund*, 103 F.4th at 773; *Shrum*, 92 F.4th 947; *Advocs. for Highway & Auto Safety v. FMCSA*, 41 F.4th 586, 594 (D.C. Cir. 2022); *SFFA v. West Point*, 709 F.Supp.3d 118, 131-32 (S.D.N.Y. 2024); *SFFA v. U.S. Naval Acad.*, 707 F.Supp.3d 486, 501 (D. Md. 2023); *Va. Coal. for Immigrant Rights v. Beals*, 803 F.Supp.3d 454, 465 (E.D. Va. 2025); *AAER v. Pritzker*, 2025 WL 2229995, at *3-5 (C.D. Ill. Aug. 5); *Raoul*, 2025 WL 2416907, at *5-6; *AAER v. Founders First CDC*, 2024 WL 3625684, at *2 (N.D. Tex. July 31); *Do No Harm v. NAEMT*, 2025 WL 973614, at *3 (S.D. Miss. Mar. 31); *Do No Harm v. Lee*, 2024 WL 3730623, at *2-3 (M.D. Tenn. Aug. 8); *PDE v. Olentangy*, 2024 WL 3992579, at *4 (S.D. Ohio Aug. 28), *agreeing on standing*, 158 F.4th 732, 741-42 (6th Cir. 2025) (en banc); *Chamber of Com. v. CFPB*, 691 F.Supp.3d 730, 738-39 (E.D. Tex. 2023); *Chamber of Com. v. FTC*, 2026 WL 402498, at *6 (E.D. Tex. Feb. 12); *Tex. Bankers Ass'n v. OCC*, 728 F.Supp.3d 412, 419-20 (N.D. Tex. 2024).

F.4th at 952; *accord Nat'l Infusion Ctr. Ass'n v. Becerra*, 116 F.4th 488, 497 n.5 (5th Cir. 2024); *Humane Soc'y v. USDA*, 2021 WL 1593243, at *5 (C.D. Cal. Mar. 26).

Before and after *Summers*, associations have referred to their members with pseudonyms, including in high-profile cases where standing was fiercely contested. *See West Point*, 709 F.Supp.3d at 131-32 (discussing *SFFA v. Harvard*); *Shrum*, 92 F.4th at 951 & n.2 (discussing *FAIR v. Rumsfeld*). *Summers* could not have made this practice illegal, since the associations there didn't even use pseudonyms. *See Shrum*, 92 F.4th at 952, 949; *Fearless Fund*, 103 F.4th at 773. Kamehameha's attempt to stretch language from *Summers* to cover a context that wasn't presented is precisely how the Supreme Court says *not* to read its opinions. *See R.A.V. v. St. Paul*, 505 U.S. 377, 385-86 n.5 (1992).

Kamehameha's assertion that pseudonyms deprive associations of Article III standing also makes no "sense" as a "first-principles matter." *Fearless Fund*, 103 F.4th at 773. The Federal Rules *require* associations to refer to their minor members by initials—a type of "pseudonym," KS-Br.25—unless the Court first orders otherwise. Fed. R. Civ. P. 5.2(a).[6] And any party can proceed under a pseudonym with

---

[6] Kamehameha agrees that its reading of *Summers* means that Rule 5.2(a) violates "Article III" in cases where the association's members are minors. KS-Br.24. That Kamehameha's reading of *Summers* requires this Court to declare unconstitutional a rule approved by the Supreme Court proves just how extreme it is. Kamehameha's rule would also make it impossible for associations to vindicate the rights

the Court's permission. *Advanced Textile*, 214 F.3d at 1070. Courts contemplating

that permission weigh various public and private factors because the limits on pseu-

donymity come from Rule 10(a) and the "common law" rights to open courts and

confrontation. *Doe II*, 596 F.3d at 1042; *accord* KS-Br.20 (conceding the limits on

pseudonymity are "rooted in" the "First Amendment," "common law," and "Federal

Rules"). But discretionary balancing tests are, by definition, not matters of Article

III jurisdiction. *Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023). Article III

standing concerns whether a litigant *has* injury, causation, and redressability—not

"the particular name by which a litigant is called." *Fearless Fund*, 103 F.4th at 773;

*accord B.R.*, 17 F.4th at 494.

The Ninth Circuit agrees. Pseudonymity cannot implicate "standing," it has

explained, because even individual plaintiffs can sue anonymously. *Advanced Tex-*

*tile*, 214 F.3d at 1070 & n.12. The Ninth Circuit has also suggested that associations

can satisfy *Summers'* "general requirement to name affected members" by referring

to their members with a "pseudonym" or using "Jane Doe declarations." *Satanic*

*Temple v. Labrador*, 149 F.4th 1047, 1050-51 (2025). And per the word "general,"

*id.*, the Ninth Circuit denies that "*Summers*" even requires associations to "always"

identify a "specifi[c]" member with standing. *Nat'l Council of La Raza v. Cegavske*,

---

of other vulnerable groups, including illegal immigrants, trafficking victims, sexual
minorities, the disabled, and more.

800 F.3d 1032, 1041 (9th Cir. 2015); *accord Vasquez Perdomo v. Noem*, 148 F.4th 656, 676 (9th Cir. 2025); *Mi Familia Vota v. Fontes*, 129 F.4th 691, 709 (9th Cir. 2025). Even still, Plaintiffs squarely complied with *Summers* by identifying a specific member and explaining why that member has standing. 2d-Am.-Compl. ¶¶60-71; *e.g.*, *FAIR v. Walker*, 2025 WL 1756875, at *3 (W.D. Wash. June 24); *Naval Acad.*, 707 F.Supp.3d at 501.

Tellingly, Kamehameha does not identify any "argu[ment]" it would make in a motion to dismiss if it had these children's legal names, but that it cannot make now. *Coal. on Homelessness v. S.F.*, 758 F.Supp.3d 1102, 1123 (N.D. Cal. 2024). If Kamehameha thinks these families are not ready and able to apply because they "have never taken even basic preparatory steps," KS-Br.24, then Kamehameha can make that argument in its next motion to dismiss. And regardless of Kamehameha's metaphysical doubts that these children exist and truly "intend to apply," KS-Br.23, the complaint alleges they do, *see* 2d-Am.-Compl. ¶¶65-67, ¶¶72-73. On a motion to dismiss, those factual allegations must be accepted. *Shrum*, 92 F.4th at 950 & n.1; *Va. Coal.*, 803 F.Supp.3d at 468; *Pritzker*, 2025 WL 2229995, at *5. The check on a complaint inventing fake members or intentions is Rule 11, not Article III. *B.R.*, 17 F.4th at 495.

17

While Kamehameha also wants to test the truth of Plaintiffs' standing allegations in "discovery," KS-Br.24, discovery has nothing to do with the *public* disclosure of the members' real names *in the complaint*, *see Humane Soc'y*, 2021 WL 1593243, at *6; *Pritzker*, 2025 WL 2229995, at *4-5. Once discovery begins, these members' real names can be privately disclosed to Kamehameha "under a protective order." *Doe II*, 596 F.3d at 1045 n.7; *see* Blum-Decl. ¶4. But the breadth of discovery and the scope of a protective order are, at most, a future potential "discovery dispute." *S.C. NAACP v. Alexander*, 2022 WL 453533, at *3 (D.S.C. Feb. 14). The possibility of future discovery simply does not affect whether Kamehameha can "understand and respond to the SAC." *Coal. on Homelessness*, 758 F.Supp.3d at 1123; *accord Mi Familia Vota*, 129 F.4th at 709 ("the State does not need to know the identity of a particular member to respond to Promise Arizona's claim of injury"); *Founders First*, 2024 WL 3364034, at *1 ("association's anonymous member's identity is not relevant" at the case's early stages).

Tellingly, Kamehameha cites zero cases where a court overrode an association's decision to refer to its members with pseudonyms—even on a motion to seal or a protective order, where this issue is typically decided (because it has nothing to do with standing). Though this case is important, so was SFFA's case against Harvard, where its college-student members proceeded anonymously even over a post-trial motion to unseal their identities. *SFFA v. Harvard*, 2023 WL 3126414, at *6

18

n.4 (D. Mass. Apr. 27); *accord LULAC*, 2022 WL 2806850, at *8. SFFA's student members were granted the same protection in all its challenges to race-based admissions, Blum-Decl. ¶4, and their members' "standing" was more than "meaningfully scrutinize[d]," KS-Br.25.

Unlike SFFA's other cases, the main members here are children. While Kamehameha notes that "Rule 5.2 grants the Court discretion" to override its privacy protections, KS-Br.24, Kamehameha cites no case (and SFFA can find none) where a court ordered the disclosure of a child's name over a party's objection. Overriding Rule 5.2(a) would be particularly inappropriate for a *nonparty* child in a case involving death threats and other documented harassment. Kamehameha's insistence on doxing grade-schoolers—which apparently includes SFFA's second-grader, and would logically include even preschoolers—is beyond the pale.

## III. At a minimum, the Court should stay its ruling to give Plaintiffs time to decide whether and how to amend the complaint.

If B.P. and I.P. cannot use their initials, then this Court should not "dismiss" the whole "complaint." *Cf.* KS-Br.25. At most, their use of initials would be a reason to dismiss B.P. and I.P. as individual plaintiffs—not SFFA, a separate plaintiff that's not using a pseudonym. *Doe v. Tulsa Cnty.*, 2024 WL 4433349, at *5 (N.D. Okla. Oct. 7). And all agree that I.P. could use initials at the outset, meaning that the complaint was properly filed and that SFFA at least has standing to seek nominal damages for I.P. But this Court should not dismiss anything. As Plaintiffs explained and

19

Kamehameha never denies, courts that deny requests for pseudonymity usually stay their decision for a reasonable time, giving the plaintiff the choice to either add the real names or seek appellate review. Pltfs.-Br.10. Kamehameha offers no reason to depart from that practice.

If this Court accepts any of Kamehameha's arguments, then Plaintiffs could amend the complaint in several ways. This Court might decide that I.P., who was a minor at all relevant times, can proceed under her initials but that her mother, B.P., cannot. If so, Plaintiffs might amend to drop B.P. as a separate plaintiff, especially now that I.P. has turned 18 and can sue on her own. *E.g.*, *N.E. v. BCBS N.C.*, 2023 WL 2696834, at *15 (M.D.N.C. Feb. 24).

Or if this Court holds that SFFA lacks standing to seek forward-looking relief because it referred to its members with pseudonyms, then Plaintiffs' amended complaint would not need to identify every member of Family A and B. Associations need only "one" member with standing. *Hunt v. Wash. Apple Advert. Comm'n*, 432 U.S. 333, 342 (1977). So SFFA could rely on only one family. And the amended complaint could omit the parents and reference only the child, a minor whose initials must be used under Rule 5.2(a). To be clear, SFFA's members object to even that level of exposure, given their fear of threats and other abuse and their desire to apply to Kamehameha in the future. Blum-Decl. ¶¶24-32. Thankfully, nothing in Article III puts them to that choice. *Fearless Fund*, 103 F.4th at 773.

Dated: March 6, 2026

Respectfully submitted,

/s/ *Jesse D. Franklin-Murdock*
Jesse D. Franklin-Murdock (10778)
DHILLON LAW GROUP INC.
500 Ala Moana Blvd., Ste. 7400
Honolulu, HI 96813
Tel: (415) 433-1700
Fax: (415) 520-6593
jfranklin-murdock@dhillonlaw.com

Adam K. Mortara*
LAWFAIR LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215
(773) 750-7154
mortara@lawfairllc.com

*pro hac vice*

Thomas R. McCarthy*
Patrick N. Strawbridge*
J. Michael Connolly*
Cameron T. Norris*
R. Gabriel Anderson*
Ryan M. Proctor*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
patrick@consovoymccarthy.com
mike@consovoymccarthy.com
cam@consovoymccarthy.com
gabe@consovoymccarthy.com
ryan@consovoymccarthy.com

*Counsel for Plaintiffs*

21