Edward Halealoha Ayau, Esq. (HI 5013)
LAW OFFICE OF EDWARD
HALEALOHA AYAU
2 Nanea Street
Hilo, HI 96720
(808) 646-9015
halealohahapai64@gmail.com

*Counsel for Non-Party Intervenor Council
of Regency of the Hawaiian Kingdom*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS; I.P., by and through her next friend and mother, B.P.; and B.P., <br> *Plaintiffs,* <br><br> v. <br><br> TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP d/b/a KAMEHAMEHA SCHOOLS, <br> *Defendant.* | Case No. 1:25-cv-450-MWJS-RT <br><br> **HAWAIIAN KINGDOM'S MOTION FOR LEAVE TO FILE LETTERS SUPPLEMENT TO MOTION FOR RECONSIDERATION FILED FEBRUARY 3, 2026 [DOC. 71]; DECLARATION OF DAVID KEANU SAI, PH.D.; EXHIBITS "1-7"; CERTIFICATE OF SERVICE** <br><br> Judge: Honorable Micah W. J. Smith <br><br> Magistrate Judge: Honorable Rom A. Trader |

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES……………………………………………………3

I.    INTRODUCTION……………………………………………...............5

II.   ARGUMENT……………………………………………………………5
  A.   International Seabed Authority Recognizes the Hawaiian Kingdom
       and the Council of Regency as its Government by Formal Letter……….6

III.  CONCLUSION…………………………………………………………15

# TABLE OF AUTHORITIES

Page(s)

**Cases:**

United States

*CF. Miller-Wohl Co., Inc. c. Comm'r of Lab. & Indus.
State of Mont.,* 694 F.2d 203 (9th Cir. 1982)…………………………………………14

*Foman v. Davis,* 371 U.S. 178 (1962)………………………………………………...5

*San Luis & Delta-Mendota Water Auth. V. U.S. Dep't of Interior,*
236 F.R.D. 491 (E.D. Cal. 2006)……………………………………………………...5

**Treaties**

1982 United Nations Convention on the Law of the Sea ………………...6, 7, 8, 11

1994 Agreement relating to the implementation of Part XI of the
United Nations Convention on the Law of the Sea of 10 December
1982 (with annex)…………………………………………………………………..7

**Federal Rules of Civil Procedure:**

Rule 15(d)………………………………………………………………………14

**International Seabed Authority Rules of the Assembly**

Rule 82(a) of the Rules of Procedure of the Assembly of the
International Seabed Authority ………………………………………….6, 8, 9, 11, 13

**Other Authorities**

Michael Akehurst, "Custom as a Source of International Law,"
47(1) *Brit. Y. B. Int'l L.* 1-53 (1975)……………………………………………10

*Restatement Third Foreign Relations Law of the United States*, §223…………...10

—§103(2)(d)………………………………………………………………..11

United Nations, *Correspondence Manual*, (ST/AI/102/Rev. 3), (1968)………...8, 9

## HAWAIIAN KINGDOM'S MOTION FOR LEAVE TO
## FILE LETTERS SUPPLEMENT TO MOTION FOR
## <u>RECONSIDERATION FILED FEBRUARY 3, 2026 [DOC. 71]</u>

### <u>I. INTRODUCTION</u>

COMES NOW the Council of Regency in its official capacity as the government of the Hawaiian Kingdom, by and through their undersigned attorney, respectfully moves this Court for leave to further supplement its Motion for Reconsideration filed in these proceedings on February 2, 2026.

### <u>II. ARGUMENT</u>

In support of this motion, the Movant states a court may on just terms, permit supplementation of a pleading setting out any transaction, occurrence, or event that happened after the date of the original pleading.  Federal Rule of Civil Procedure 15(d).  Leave to supplement should be freely given in the absence of undue delay or undue prejudice.  *See San Luis & Delta-Mendota Water Auth. V. U.S. Dep't of Interior,* 236 F.R.D. 491, 496 (E.D. Cal. 2006) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Movant requests the Court's leave to supplement its motion for reconsideration with letters between Minister Dr. David Keanu Sai, in his official capacity as the Hawaiian Kingdom's Minister of Foreign Affairs ad interim, and the International Seabed Authority ("ISA"). These communications led to a formal letter, dated March 3, 2026, from Her Excellency Letitia Carvalho, Secretary General of the ISA, to Minister Dr. Sai regarding the Hawaiian Kingdom's status as

an Observer State. In this letter, the Secretary General clarifies the rules and practice

of the ISA for a State to acquire observer status under Rule 82 of the Rules of

Procedure of the Assembly of the ISA. *See* Sai Declaration, Exhibit 5.

### A. International Seabed Authority Recognizes the Hawaiian Kingdom and the Council of Regency as its Government by Formal Letter

The ISA is an international organization that is composed of representatives

of States that are Contracting States to the 1982 United Nations Convention on the

Law of the Sea ("UNCLOS"). The headquarters of the ISA is in Kingston, Jamaica,

where the Council and the Assembly of the ISA meet in session. Currently, the

membership of the ISA is comprised of the European Union and 171 States. For

those States that have not acceded to the UNCLOS, participation is allowed if the

States are granted observer status. While the Observer State is permitted to

participate in the meetings, it has no voting rights. There are currently 27 Observer

States that includes the United States.

Rule 82(a) of the Rules of Procedure of the Assembly provides "States and

entities referred to in article 305 of the United Nations Convention on the Law of

the Sea which are not members of the Authority," can participate as Observers.

Article 305(a) of the UNCLOS provides "all States" can become a Contracting State

to the Convention. Though it is not yet a Contracting State and member to the

UNCLOS pursuant to Article 305(a) of said convention, the Hawaiian Kingdom has

6

been acknowledged by the ISA as a State, as referred to in article 305 of the UNCLOS, and is consequently qualified to apply for participation as an "Observer" in meetings of the Assembly and of the Council of ISA. Since June of 2025, Minister Dr. Sai, in his official capacity as Minister of Foreign Affairs *ad interim* of the Hawaiian Kingdom, was in communication with the ISA.

In Minister Dr. Sai's letter to Secretary General Carvalho, dated June 30, 2025, he stated, "[t]he purpose of this letter is two-fold: first, to explain the circumstances of the continued existence of the Hawaiian Kingdom for the purposes of international law and its impact on ISA members who are successor States of Hawaiian Kingdom treaty partners; and second, for the Hawaiian Kingdom to provide you notice of our intent to accede to the 1982 United Nations Convention on the Law of the Sea and the 1994 Agreement relating to the implementation of Part XI of the United Nations Convention on the Law of the Sea of 10 December 1982 (with annex)." *See* Sai Declaration, Exhibit 1.

On July 28, 2025, Minister Dr. Sai sent a communication to Ms. Mariana Durney, Legal Counsel and Director of the Office of Legal Counsel for the ISA, that provided the factual and legal basis for the Hawaiian Kingdom's continued existence as a State, under international law, since the nineteenth century, and the factual and legal basis for the Council of Regency as its interim government, so that it can pursue

7

Observer State status under Rule 82 of the Rules of Procedure of the Assembly. *Id*., Exhibit 2.

In a communication, dated September 2, 2025, to Secretary General Carvalho, Minister Dr. Sai stated, "Pending the Government of the Hawaiian Kingdom accession to these international agreements and, thereby, becomes a Member State of the International Seabed Authority, we request observer status as a State in accordance with Article 305(1)(a) of the United Nations Convention on the Law of the Sea, and Rule 82(1)(a) of the Rules of Procedure of the Assembly of the International Seabed Authority." *Id*., Exhibit 3.

On March 3, 2026, Minister Dr. Sai received an email, with an enclosed "formal letter," from Ms. Durney, explaining the process by which the Hawaiian Kingdom needs to be granted Observer State status under Rule 82 (a) of the Rules of Procedure of the Assembly. *Id*., Exhibit 4. Of great significance to Ms. Durney's letter, she referred to Minister Dr. Sai as "H.E. Dr. David Keanu Sai, Ph.D., Minister of Foreign Affairs *ad interim*, Hawaiian Kingdom."

Later that day of the same date, Minister Dr. Sai received an email, with an enclosed "formal letter," from Secretary General Carvalho clarifying the rules and practice for a State to participate in meetings of the ISA as an observer. *Id*., Exhibit 5. "Formal letters are those employing diplomatic style and phraseology. Normally such letters are addressed only to heads of State or heads of Government, ministers

8

for foreign affairs and [Ambassadors]." *See* United Nations, *Correspondence Manual*, (ST/AI/102/Rev. 3), 2 (1968). "Formal letters to ministers for foreign affairs […] should, as a rule, include the name of the addressee in the address. The address should also contain full personal titles such "His Excellency." *Id*., 9. An example of a formal letter from the Secretary General of United Nations to a Minister of Foreign Affairs is included in Minister Dr. Sai's Declaration, Exhibit 7. In her formal letter, Secretary General Carvalho stated:

> Honourable Minister,
>
> I acknowledge receipt of your email today, conveying your letter dated 2 March 2026 concerning credentials purportedly received on 10 July 2025, as well as referencing the communication of 3 March 2026 from Ms. Mariana Durney, Legal Counsel and Director of the Office of Legal Counsel, regarding observer status under rule 82 of the Rules of Procedure of the Assembly.
>
> I wish to thank you for this opportunity to clarify the matter. In this regard, I respectfully draw your attention to the Decision of the Assembly relating to the credentials of representatives at the thirtieth session of the International Seabed Authority (ISBA/30/A/12), by which the Assembly approved the report of the Credentials Committee (ISBA/30/A/10). I further refer you to the official list of participants at the thirtieth session of the Assembly (ISBA/30/A/INF/14).
>
> As consistently reflected in the Authority's practice and governing framework, participation in meetings of the Assembly and of the Council is limited to duly accredited representatives of member States and of entities that have been granted observer status in accordance with rule 82 of the Rules of Procedure of the Assembly. The Hawaiian

Kingdom has not been granted such observer status. Accordingly, no representative of the Hawaiian Kingdom may be accredited to participate in meetings of the Assembly or the Council in an observer capacity

I trust that this clarification is helpful and remain guided by the established rules and decisions of the Assembly.

With assurances of my highest consideration.

[signed]
Leticia Carvalho

H.E. David Keanu Sai, Ph.D.
Minister of Foreign Affairs ad interim
Hilo
Hawaii

Coincident to the formal letter was the Secretary General's recognition of the Hawaiian Kingdom as a State, under international law, since the nineteenth century, and the Council of Regency as its interim government. This is a *juridical act* by the ISA regarding the *juridical fact* of the Hawaiian Kingdom's existence as a State that constitutes practice under international law.

"It is true that most organs of most international organizations are composed of representatives of States, and that their practice is best regarded as the practice of States." Michael Akehurst, "Custom as a Source of International Law," 47(1) *Brit. Y. B. Int'l L.* 1-53, 11 (1975); see also *Restatement Third Foreign Relations Law of the United States*, §223, comment a, "[t]he status, capacities, rights, and duties of

10

international organizations under international law to some extent parallel those of states." The formal letter by the Secretary General constitutes evidence of international law. *See Restatement, Third, Foreign Relations Law of the United States (revised)*, §103(2) "[i]n determining whether a rule has become international law, substantial weight is accorded to […] (d) pronouncements by states [or international organizations] that undertake to state a rule of international law, when such pronouncements are not seriously challenged by other states." The "rule of international law" pronounced by the Secretary General of the ISA are the rules and practice of the ISA regarding observer status for States that have not acceded to the UNCLOS pursuant to Rule 82 of the Rules of Procedure of the Assembly.

On March 5, 2026, Minister Dr. Sai acknowledged receipt of Secretary General Carvalho's communication, dated March 3, 2026. *Id*., Exhibit 6. In his letter to the Secretary General, Minster Dr. Sai stated:

Excellency:

This letter acknowledges your email, of 3 March 2026, which enclosed your letter of the same date, and the email from Ms. Mariana Durney, Legal Counsel and Director of the Office of Legal Counsel, of 3 March 2026, which enclosed her letter of the same date. I wish to thank you for Your Excellency's recognition of the Hawaiian Kingdom as a State, under customary international law, since the nineteenth century, despite the prolonged nature of the belligerent occupation, by the United States of America, that began on 17 January 1893.

The International Seabed Authority's recognition is consistent with the recognitions of the Hawaiian Kingdom by the Permanent Court of Arbitration during arbitral proceedings in *Larsen v. Hawaiian Kingdom* from 1999 to 2001, by the United States' recognition of the Hawaiian Kingdom under the 2000 Sai-Clinton agreement, a treaty under international law, and by the 127 Contracting States to the 1907 Hague Convention, I, for the Pacific Settlement of International Disputes that established the Permanent Court, under *opinio juris*.

Of the 169 Member States of the International Seabed Authority, 111 of these States are also Member States of the Permanent Court, to wit: Albania, Argentina, Armenia, Australia, Austria, Bahamas, Bahrain, Bangladesh, Belarus, Belgium, Belize, Benin, Bolivia (Plurinational State of), Brazil, Bulgaria, Burkina Faso, Cameroon, Canada, Chile, China, Congo, Costa Rica, Croatia, Cuba, Cyprus, Czechia, Democratic Republic of the Congo, Denmark, Djibouti, Dominican Republic, Ecuador, Egypt, Estonia, Eswatini, Fiji, Finland, France, Georgia, Germany, Greece, Guatemala, Guyana, Haiti, Honduras, Hungary, Iceland, India, Indonesia, Iraq, Ireland, Italy, Japan, Jordan, Kenya, Kuwait, Lao People's Democratic Republic, Latvia, Lebanon, Lithuania, Luxembourg, Madagascar, Malaysia, Malta, Mauritius, Mexico, Mongolia, Montenegro, Morocco, Netherlands, New Zealand, Nicaragua, Nigeria, North, Macedonia, Norway, Pakistan, Panama, Paraguay, Philippines, Poland, Portugal, Qatar, Republic of Korea, Romania, Russian Federation, Rwanda, Sao Tome and Principe, Saudi Arabia, Senegal, Serbia, Singapore, Slovakia, Slovenia, South Africa, Spain, Sri Lanka, State of Palestine, Sudan, Suriname, Sweden, Switzerland, Thailand, Timor-Leste, Togo, Uganda, Ukraine, United Kingdom of Great Britain and Northern Ireland, Uruguay, Vanuatu, Viet Nam, Zambia, and Zimbabwe. And there are 15 Observer States that are also Member States of the Permanent Court of Arbitration, to wit: Cambodia, Colombia, El Salvador, Eritrea, Ethiopia, Iran (Islamic Republic of), Israel, Kyrgyzstan, Libya, Liechtenstein, Peru, Turkey, United Arab Emirates, United States of America, and Venezuela.

12

My communication of 28 July 2025 to Ms. Durney, provided her the factual and legal basis of the Hawaiian Kingdom's continued existence as a State, under customary international law, and the restoration of the government by a Council of Regency under Hawaiian constitutional law and the legal doctrine of necessity, so that it can pursue Observer State status under rule 82 of the Rules of Procedure of the Assembly of the International Seabed Authority.

I wish to thank you for your clarification of the rules and practices of the International Seabed Authority regarding observer status. The Hawaiian Kingdom intends to pursue its observer status accordingly so that its Special Envoy can be accredited to participate in meetings of the Assembly or the Council under Rule 82 of the Rules of Procedure of the Assembly.

Please accept, Excellency, the expression of my highest consideration.

[signed]
H.E. David Keanu Sai, Ph.D.
Minister of Foreign Affairs ad interim

Her Excellency Letitia Carvalho
Secretary General of the International Seabed Authority
14-20 Port Royal Street
Kingston, Jamaica

The formal communication, dated March 3, 2026, from the Secretary General of the ISA and Legal Counsel and Director of the Office of Legal Affairs for the ISA was received by Minister Dr. Sai after the Hawaiian Kingdom filed both its motion for reconsideration and motion for leave to file supplemental brief [Doc 81] filed on February 16, 2026, and thereby giving rise to the Hawaiian Kingdom's punctually

13

appropriate formal response of March 5, 2026.   This motion promptly follows the above-referenced March 3, 2026, letters, so there is no undue delay.   Said letters, and the Hawaiian Kingdom's formal response letter of March 5, 2025, directly supports the motion for reconsideration's assertions as to the internationally recognized status of the Hawaiian Kingdom and the Council of Regency as its interim government.   Therefore, there is no undue prejudice, nor is the Movant asking to create, extend, or enlarge the issues in this case. *CF. Miller-Wohl Co., Inc. c. Comm'r of Lab. & Indus. State of Mont.,* 694 F.2d 203, 204 (9th Cir. 1982) (citation omitted).

The two March 3, 2026, letters from the ISA Secretary General and the responsive March 5, 2026, letter from the Hawaiian Kingdom (*see*, Exhibits "4-5" attached to the Declaration of David Keanu Sai, Ph.D.) are the communications that give rise to and are appropriate for supplementation of the Hawaiian Kingdom's Motion for Reconsideration, under F.R.C.P. 15(d).  Additionally, Minister Dr. Sai's letters to ISA Secretary General Carvalho, dated June 30, 2025, to ISA Legal Counsel and Director of the Office of Legal Counsel, dated July 28, 2025, and to ISA Secretary General Carvalho, dated September 2, 2025 (*see*, Exhibits "1-3" attached to the Declaration of David Keanu Sai, Ph.D.) provide the contextual foundational for the March 3, 2026 letters from the ISA.

14

In summary, the March 3, 2026 letters from the ISA and the March 5, 2026 formal response letter (*see*, Exhibits "6" attached to the Declaration of David Keanu Sai, Ph.D.) forms the basis for granting of leave to supplement the Hawaiian Kingdom's Motion for Reconsideration, and the Hawaiian Kingdom's June 30, 2025 and July 28, 2025 letters to the ISA and the formal letter example of the United Nations referenced hereinabove provide necessary context for the Court's complete consideration of the pending motion for reconsideration. Accordingly, the communications referenced hereinabove is provided for evidential and informational purposes to the Court, and to provide essential additional context for the urgent and serious issues raised by this case, which are also the current subject of discussions, negotiations and diplomacy in international forums.

### III. CONCLUSION

WHEREFORE, Movant respectfully moves the Court for leave to supplement the Motion for Reconsideration with prior communications between Minister Dr. Sai and the ISA, which led to the March 3, 2026, letter from the Secretary General so that the Court can better understand the context of that letter, attached hereto as Exhibits in Minister Dr. Sai's Declaration.

Respectfully submitted this 11 of March, 2026.

By:

    s/ Edward Halealoha Ayau

Edward Halealoha Ayau, Esq. (HI 5013)

LAW OFFICE OF EDWARD HALEALOHA AYAU

2 Nanea Street

Hilo, HI 96720

(808) 646-9015

halealohahapai64@gmail.com

*Counsel for Non-Party Intervenor Council
of Regency of the Hawaiian Kingdom*

16