**COX FRICKE LLP**
A LIMITED LIABILITY LAW
   PARTNERSHIP LLP

JOACHIM P. COX          7520-0
   jcox@cfhawaii.com
KAMALA S. HAAKE          9515-0
   khaake@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawai'i 96813
Telephone:  (808) 585-9440
Facsimile:   (808) 275-3276


Attorneys for Defendant
TRUSTEES OF THE ESTATE OF
BERNICE PAUAHI BISHOP d/b/a
KAMEHAMEHA SCHOOLS

**QUINN EMANUEL URQUHART
   & SULLIVAN, LLP**

JOHN F. BASH (*Pro Hac Vice*)
   johnbash@quinnemanuel.com
300 West 6th Street, Suite 2010
Austin, Texas 78701
(737) 667-6100

WILLIAM A. BURCK (*Pro Hac Vice*)
   williamburck@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, DC 20005
(202) 538-8000

ELLYDE R. THOMPSON (*Pro Hac Vice*)
   ellydethompson@quinnemanuel.com
295 Fifth Avenue
New York, New York 10016
(212) 446-4800

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS; I.P., by and through her next of friend and mother, B.P.; and B.P. <br><br>        Plaintiffs, <br><br>   vs. <br><br> TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP d/b/a KAMEHAMEHA SCHOOLS, <br><br>        Defendant. | CIVIL NO. 1:25-cv-00450-MWJS-RT <br><br> **REPLY MEMORANDUM IN SUPPORT OF [84]** DEFENDANT KAMEHAMEHA SCHOOLS' CROSS-MOTION TO COMPEL PLAINTIFFS TO IDENTIFY THEMSELVES; CERTIFICATE OF SERVICE <br><br> Judge:  Honorable Micah W. J. Smith <br><br> Trial Date:  None |

i

# REPLY MEMORANDUM IN SUPPORT OF DEFENDANT KAMEHAMEHA SCHOOLS' CROSS-MOTION TO COMPEL PLAINTIFFS TO IDENTIFY THEMSELVES

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 1

I.    THE COURT SHOULD DISMISS I.P. AND B.P.'S CLAIMS UNLESS THEY IDENTIFY THEMSELVES ............................................. 4

II.   THE COURT SHOULD DISMISS SFFA'S CLAIMS BECAUSE ITS FAILURE TO NAME ALLEGEDLY INJURED MEMBERS DEFEATS ASSOCIATIONAL STANDING ................................................. 6

      A.    Ninth Circuit Precedent Requires SFFA To Name A Member With Standing ................................................................................. 7

      B.    Plaintiffs Misread *Summers* ............................................................. 10

      C.    Plaintiffs Distort Out-Of-Circuit Decisions ..................................... 12

      D.    Plaintiffs' Remaining Arguments Lack Merit .................................... 16

III.  THE COMPLAINT SHOULD BE DISMISSED UNLESS PLAINTIFFS DISCLOSE THEIR IDENTITIES ........................................ 20

CONCLUSION .................................................................................................. 20

# TABLE OF AUTHORITIES

## Cases

*AAER v. Fearless Fund Mgmt., LLC,*
103 F.4th 765 (11th Cir. 2024) .................................................................. 15, 16

*AAER v. Founders First Cmty. Dev. Corp.,*
2024 WL 3625684 (N.D. Tex. July 31, 2024) ................................................ 15

*AAER v. Raoul,*
795 F. Supp. 3d 1073 (N.D. Ill. 2025) ...................................................... 14, 15

*Advocs. for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin.,*
41 F.4th 586 (D.C. Cir. 2022) ........................................................................ 15

*Associated Gen. Contractors of Am. v. Cal. Dep't of Transp.,*
713 F.3d 1187 (9th Cir. 2013) .......................................................................... 7

*B.R. v. F.C.S.B.,*
17 F.4th 485 (4th Cir. 2021) ............................................................................ 6

*Californians for Equal Rts. Found. v. Her,*
2025 WL 2324110 (E.D. Cal. Aug. 12, 2025) ................................................. 9

*Coal. on Homelessness v. City & Cnty. of San Francisco,*
758 F. Supp. 3d 1102 (N.D. Cal. 2024) ........................................................... 9

*Do No Harm v. Lee,*
2024 WL 3730623 (M.D. Tenn. Aug. 8, 2024) .............................................. 15

*Do No Harm v. Pfizer,*
126 F.4th 109 (2d Cir. 2025) ......................................................................... 13

*Doe v. Carson,*
2020 WL 2611189 (6th Cir. May 6, 2020) ....................................................... 1

*Doe v. Pub. Citizen,*
749 F.3d 246 (4th Cir. 2014) ........................................................................... 1

*Doe v. Tulsa Cnty.,*
2024 WL 4433349 (N.D. Okla. Oct. 7) .......................................................... 20

ii

*Doe v. UNUM Life Ins. Co. of Am.*,
   164 F. Supp. 3d 1140 (N.D. Cal. 2016) ................................................................. 6

*Does I Thru XXIII v. Advanced Textile Corp.*,
   214 F.3d 1058 (9th Cir. 2000) ............................................................... 1, 2, 6

*Draper v. Healey*,
   827 F.3d 1 (1st Cir. 2016) ................................................................. 12, 19

*Equal Vote America Corp. v. Congress*,
   397 F. Supp. 3d 503 (S.D.N.Y. 2019) ................................................................. 14

*FAIR v. Walker*,
   2025 WL 1756875 (W.D. Wash. June 24, 2025) ................................................................. 9

*Food & Drug Admin. v. All. for Hippocratic Med.*,
   602 U.S. 367 (2024) ................................................................. 16

*FW/PBS, Inc. v. Dallas*,
   493 U.S. 215 (1990) ................................................................. 10

*Howard v. Port Auth. of N.Y. & N.J.*,
   771 F. App'x 130 (2d Cir. 2019), *as amended* (July 10, 2019) ................................................................. 1

*Humane Soc'y of the U.S. v. U.S. Dep't of Agric.*,
   2021 WL 1593243 (C.D. Cal. Mar. 26, 2021) ................................................................. 9

*Hunt v. Washington State Apple Advertising Commission*,
   432 U.S. 333 (1977) ................................................................. 11

*Mi Familia Vota v. Fontes*,
   129 F.4th 691 (9th Cir. 2025) ................................................................. 9

*NAACP v. Alabama ex rel. Patterson*,
   357 U.S. 449 (1958) ................................................................. 11

*Nat'l Infusion Ctr. Ass'n v. Becerra*,
   116 F.4th 488 (5th Cir. 2024) ................................................................. 15

*Parents Defending Educ. v. Olentangy Loc. Sch. Dist. Bd. of Educ.*,
   158 F.4th 732 (6th Cir. 2025) ................................................................. 15

*Pen American Center, Inc. v. Trump*,
448 F. Supp. 3d 309 (S.D.N.Y. 2020) .................................................. 14

*Perttu v. Richards*,
605 U.S. 460 (2025) ............................................................................ 12

*Prairie Rivers Network v. Dynegy Midwest Generation, LLC*,
2 F.4th 1002 (7th Cir. 2021) ......................................................... 12, 13

*Religious Sisters of Mercy v. Becerra*,
55 F.4th 583 (8th Cir. 2022) .............................................................. 12

*Rumsfeld v. FAIR*,
547 U.S. 47 (2006) ............................................................................. 11

*Satanic Temple v. Labrador*,
149 F.4th 1047 (9th Cir. 2025) ............................ 3, 6, 7, 8, 12, 18, 19

*In re Sealed Case*,
971 F.3d 324 (D.C. Cir. 2020)............................................................. 1

*SFFA v. Naval Acad.*,
707 F. Supp. 3d 486 (D. Md. 2023)..................................................... 15

*SFFA v. W. Point*,
709 F. Supp. 3d 118 (S.D.N.Y. 2024) ................................................ 15

*Speech First, Inc. v. Shrum*,
92 F.4th 947 (10th Cir. 2024) ............................................................ 15

*Summers v. Earth Island Institute*,
555 U.S. 488 (2009) ................................................. 7, 10, 11, 16, 19

*Texas Bankers Ass'n v. Off. of the Comptroller*,
728 F. Supp. 3d 412 (N.D. Tex. 2024) ............................................... 15

*United States v. Ameline*,
409 F.3d 1073 (9th Cir. 2005) (en banc) ............................................. 5

*United States v. Stoterau*,
524 F.3d 988 (9th Cir. 2008) ............................................................... 2

*Vasquez Perdomo v. Noem*,
   148 F.4th 656 (9th Cir. 2025) ................................................................. 9

*Virginia Coal. for Immigrant Rts. v. Beals*,
   803 F. Supp. 3d 454 (E.D. Va. 2025) ..................................................... 15

*W.N.J. v. Yocom*,
   257 F.3d 1171 (10th Cir. 2001) .............................................................. 6

## <u>Rules / Statutes</u>

Fed. R. Civ. P. 5.2 ............................................................................... 5, 17

Fed R. Civ. P. 10(a) ......................................................................... 3, 5, 6

Fed R. Civ. P. 11 .................................................................................. 19

Fed R. Civ. P. 12(b)(1) .................................................................... 3, 5, 6

Fed R. Civ. P. 65 .................................................................................. 17

A person unfamiliar with our legal system who read only Plaintiffs' filings could be forgiven for assuming that anonymous litigation is the norm in U.S. courts. But of course the opposite is true: Because "[t]he presumption of openness in judicial proceedings is a bedrock principle of our judicial system, . . . [t]he moving party bears the weighty burden of . . . demonstrating a concrete need for such secrecy" in order to obtain the "rare dispensation" of pseudonymity. *In re Sealed Case*, 971 F.3d 324, 325-26 (D.C. Cir. 2020). As numerous circuits have concluded, "[p]seudonymous litigation undermines the public's right of access to judicial proceedings. The public has an interest in knowing the names of the litigants, and disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (citing, *inter alia*, *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (*Advanced Textile*)). Accordingly, a plaintiff in civil litigation may proceed pseudonymously only in an "exceptional case," *Doe v. Carson*, 2020 WL 2611189, at *2 (6th Cir. May 6, 2020) (citation omitted), or "unusual circumstances," *Howard v. Port Auth. of N.Y. & N.J.*, 771 F. App'x 130, 130 n.1 (2d Cir. 2019), *as amended* (July 10, 2019).

In harmony with this nationwide consensus, the Ninth Circuit has recognized that "the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of

1

anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (citation omitted). That can arise where "pseudonymity is necessary to protect a person from injury or harassment," and even then courts must "balance the need for anonymity against the general presumption that parties' identities are public information." *Id.* (citing *Advanced Textile,* 214 F.3d at 1068).

Those standards are not close to satisfied by nasty, often rambling internet posts and a bag of dog doo. Despite decades of challenges to KS's policies— including a challenge that led to the en banc Ninth Circuit decision affirming the very policy at issue here—Plaintiffs have not pointed to a single episode of violence against anyone who mounted a legal challenge or otherwise criticized KS. Nor does this case raise particularly sensitive issues, like sexual abuse or juvenile offenses. And Plaintiffs have evidently abandoned their erroneous assertion that anonymity is warranted merely because people might choose not to associate with them once they find out what they are doing. To the contrary, that possibility supports preserving the public's right to know how these individuals are using our legal system.

That is especially true given that an activist group with no concrete interest in KS's admissions policies is seeking to use anonymous "members," apparently recruited online, to siphon off resources bequeathed to Native Hawaiians. Tens of thousands of Native Hawaiian haumāna have graduated from KS, and it forms part of the lifeblood of this State. To allow parties to attempt to dismantle a 140-year-

2

old policy while hiding behind the cloak of anonymity and associational standing—foreclosing meaningful scrutiny of their standing allegations—would severely undermine the values of open proceedings and public accountability that binding precedent protects.

For those reasons and others, if the pseudonymous Plaintiffs I.P. and B.P. refuse to identify themselves, the Court should dismiss their claims. They are both now adults; they are pursuing a lawsuit with massive public importance; and they have identified no realistic threat of violence or harassment. Despite quibbles over the title of the motion and whether it formally falls under Rule 10(a) rather than Rule 12(b)(1), Plaintiffs do not appear to dispute that if the Court denies pseudonymity and they still refuse to disclose themselves, their claims must be dismissed.

As to SFFA, Plaintiffs all but ignore the controlling decision in this Circuit, *Satanic Temple v. Labrador*, 149 F.4th 1047 (9th Cir. 2025), which states in no uncertain terms that to establish associational standing, an organizational plaintiff must "***identify by name*** the member or members injured"; that rule applies unless "it is relatively clear, rather than merely speculative, that one or more members have been or will be adversely affected by a defendant's action." *Id.* at 1051 (emphasis added) (quotation omitted). Plaintiffs also overlook circuit authority agreeing with the Ninth Circuit approach, misunderstand the Second Circuit decision they cite, and

rely on out-of-circuit district court decisions, some of which do not even address the question.

Plaintiffs do not pretend that SFFA—a Virginia-based activist group that consistently describes itself as focused only on college admissions—necessarily has members who would like to attend KS. SFFA therefore must either name a member with standing or have its claims dismissed.

For those reasons, the Court should dismiss Plaintiffs' complaint unless Plaintiffs identify I.P. and B.P. plus an SFFA member who can support its standing.

## I. THE COURT SHOULD DISMISS I.P. AND B.P.'S CLAIMS UNLESS THEY IDENTIFY THEMSELVES

For the reasons provided in KS's opposition to Plaintiffs' motion to keep I.P. and B.P. pseudonymous for the life of the case, Dkt. 84, at 7-20 ("KS Opp."), that motion should be denied. I.P. is now an adult; the public interest in this case is overwhelming; KS has a strong interest in conducting third-party discovery to test the claim that I.P. would have attended the school if admitted; and I.P. and B.P. have not shown that they face a risk of violence or harassment greater than any plaintiff in a high-profile case. And Plaintiffs have now abandoned their erroneous contention that the risk that B.P.'s employer would not want to associate with her based on this lawsuit could justify keeping the public in the dark about B.P.'s identity.

4

Moreover, Rule 5.2(e)'s "good cause" catchall redaction provision does not override the ordinary standard for party anonymity. *See* Fed. R. Civ. P. 5.2 advisory committee's note to 2007 amendment. And no case holds that Rule 5.2 provides for automatic continued redaction of parties' names even once they become adults. *See* KS Opp. 7-10.[1] As a result, if I.P. and B.P. refuse to disclose their identities, the Court should dismiss those Plaintiffs' claims in full. (They have already abandoned their claim for prospective relief given the increasing implausibility of the allegation that I.P. would transfer to KS in the middle of her senior year. *See* Dkt. 96, at 9 n.4 ("SFFA Reply").). Plaintiffs do not appear to deny that dismissal would be required.

Instead, they focus (SFFA Reply 3) on a quibble over whether dismissal should be under Rule 10(a) or Rule 12(b)(1), arguing that Rule 12(b)(1) is not the proper vehicle for dismissal because B.P. and I.P.'s failure to identify themselves would not implicate the Court's subject matter jurisdiction. But contrary to Plaintiffs' claim, the case that KS cited granted a motion to dismiss under Rule

---

[1] SFFA dismisses the concurrence in the denial of rehearing en banc in *Doe II*, 625 F.3d at 1194-95 (Beezer, Graber, Fisher, JJ.), which KS cited in support of this point, as "nonbinding" (SFFA Reply 11), while relying on the dissentals in the same case throughout its briefing—including for the remarkable claim that *Doe II* itself "has no precedential value" here, Dkt. 54-1, at 24-25 ("SFFA Mot.") (quoting 625 F.3d at 1188 (Reinhardt, J., dissental)). Neither a concurrence nor a dissent respecting denial of rehearing en banc is precedential. *See United States v. Ameline*, 409 F.3d 1073, 1083 n.5 (9th Cir. 2005) (en banc) (dissentals have "no precedential value"). But if either carries persuasive weight, it is the statement of the three judges who actually decided the case—not the lone dissenters who did not.

12(b)(1) (the sole motion at issue).  *See Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1143-44, 1147 (N.D. Cal. 2016); *see* Defs.' Mot. Dismiss, *Doe v. UNUM Life Ins. Co. of Am.*, 2016 WL 105806 (Jan. 4, 2016) (moving under Rule 12(b)(1) on the ground that plaintiffs violated Rule 10(a)).[2]  And the footnote in *Advanced Textile* that Plaintiffs cite does not address this question.  *See Advanced Textile*, 214 F.3d at 1070 n.12.  But even if Rule 10(a) or some other rule were the appropriate vehicle for dismissal, it would not matter:  All parties agree that if the Court denies Plaintiffs' motion, I.P. and B.P.'s claims must be dismissed.

## II. THE COURT SHOULD DISMISS SFFA'S CLAIMS BECAUSE ITS FAILURE TO NAME ALLEGEDLY INJURED MEMBERS DEFEATS ASSOCIATIONAL STANDING

Under Ninth Circuit precedent, to establish associational standing, an organizational plaintiff must "identify by name the member or members injured," unless "it is relatively clear, rather than merely speculative, that one or more members have been or will be adversely affected by a defendant's action."  *Satanic*

---

[2] Plaintiffs cite the court's ruling in *UNUM Life Insurance* that the plaintiff's failure to seek leave to proceed anonymously "*before* filing this complaint" did not deprive the Court of "jurisdiction over the parties."  164 F. Supp. 3d at 1143-44 (emphasis added).  The out-of-circuit decision plaintiffs cite similarly concluded only that "a plaintiff's *initial* failure to tell the court her name" does not deprive the court of jurisdiction.  *B.R. v. F.C.S.B.*, 17 F.4th 485, 494 (4th Cir. 2021) (emphasis added).  *But see W.N.J. v. Yocom,* 257 F.3d 1171, 1172 (10th Cir. 2001).  Whether a plaintiff's initial failure to either use their real name or move to proceed pseudonymously deprives a court of jurisdiction is a distinct question that KS does not raise here.  But a plaintiff's permanent refusal to be named where pseudonymity is not granted does require dismissal for lack of subject matter jurisdiction.

*Temple*, 149 F.4th at 1051 (quotation omitted).  That follows directly from the Supreme Court's decision in *Summers v. Earth Island Institute*, 555 U.S. 488, 498 (2009).  *See* KS Opp. 22-23.  Plaintiffs ask the Court (SFFA Reply 13-19) to simply ignore the Ninth Circuit's binding directive in favor of out-of-circuit decisions and their own conception of "first principles."  The Court should decline that invitation.

### A. Ninth Circuit Precedent Requires SFFA To Name A Member With Standing

Despite on-point Ninth Circuit precedent, Plaintiffs begin their argument (SFFA Reply 13-14 & n.5) by discussing out-of-circuit decisions.  But Ninth Circuit precedent could not be clearer about the requirements of associational standing.  Where it is not obvious that an association would have affected members—as it is not here—the association must "identify by name the member or members injured."  *Satanic Temple*, 149 F.4th at 1051; *accord Associated Gen. Contractors of Am. v. Cal. Dep't of Transp.*, 713 F.3d 1187, 1994-95 (9th Cir. 2013) (holding that an associational plaintiff lacked standing because it did "not identify any affected members by name").

SFFA addresses *Satanic Temple* in just one sentence, asserting that it stands for the proposition that "associations can satisfy *Summers*' 'general requirement to name affected members' by referring to their members with a 'pseudonym' or using 'Jane Doe declarations.'"  SFFA Reply 16 (quoting *Satanic Temple*, 149 F.4th at 1050-51).  That adventurous use of quotation marks distorts what the Ninth Circuit

said.  The court merely observed that the organizational plaintiff there had not even attempted to meet the *Summers* requirement through pseudonymous members. *Satanic Temple*, 149 F.4th at 1050-51.  The court did not hold that pseudonyms are sufficient even where it is not "relatively clear, rather than merely speculative, that one or more members have been or will be adversely affected by a defendant's action."  *Id.*  To the contrary, the court held that absent such clarity, the plaintiff association *must* "identify by name the member or members injured," and it then drew a distinction between "identifying" the members and using pseudonyms.  *See id.* at 1051 ("In lieu of identifying harmed members, *or even submitting Jane Doe declarations*, TST submitted two declarations alleging that . . . one or more individual members is at risk of harm . . . .") (emphasis added).  Identifying the members "by name" thus means exactly what it says.  *Id.* at 1051.  Where the requirement applies, pseudonyms are not good enough.

Plaintiffs' other cases (SFFA Reply 16) are irrelevant.  *Advanced Textile* did not involve associational standing at all.  Plaintiffs apparently cite the case for the proposition that a plaintiff *with an actual injury* can sometimes proceed anonymously.  But that does not mean that constitutionally questionable associational standing can rest on the injuries of anonymous non-parties.  *See* pp. 16-17, *infra*.

Plaintiffs' other Ninth Circuit cases do not analyze the naming requirement but merely state, consistent with *Satanic Temple*, that an associational plaintiff can avoid the naming requirement where it is clear that it has injured members. *See Vasquez Perdomo v. Noem*, 148 F.4th 656, 676 (9th Cir. 2025); *Mi Familia Vota v. Fontes*, 129 F.4th 691, 709 (9th Cir. 2025). That is not true here. SFFA is a Virginia-based activist organization focused on university admissions. It is far from clear that it would have members who want to apply to a Native Hawaiian K-12 school. Plaintiffs do not appear to contest that point.

Plaintiffs also cite (SFFA Reply 15, 17-18) district court decisions in the Ninth Circuit, but those cases confirm that courts in this circuit follow the test applied in *Satanic Temple*. *See, e.g.*, *Humane Soc'y of the U.S. v. U.S. Dep't of Agric.*, 2021 WL 1593243, at *5-6 (C.D. Cal. Mar. 26, 2021); *Coal. on Homelessness v. City & Cnty. of San Francisco*, 758 F. Supp. 3d 1102, 1123 (N.D. Cal. 2024); *FAIR v. Walker*, 2025 WL 1756875, at *3 (W.D. Wash. June 24, 2025). Plaintiffs rely on a pre-*Satanic Temple* magistrate judge order noting Tenth Circuit and Eleventh Circuit authority contrary to *Satanic Temple* but nevertheless dismissing the complaint for lack of standing because the organization failed to make "specific factual allegations that relate to any member or member's child specifically." *Californians for Equal Rts. Found. v. Her*, 2025 WL 2324110, at *2 n.2, *6 (E.D. Cal. Aug. 12, 2025). That is hardly compelling authority for Plaintiffs' position.

9

The bottom line is this: Binding Ninth Circuit precedent interpreting *Summers* requires a plaintiff relying on associational standing to name an injured member. That resolves the issue here.

**B.      Plaintiffs Misread *Summers***

Even if this Court were to agree with Plaintiffs' reading of *Satanic Temple*, Plaintiffs are wrong about *Summers*.  Plaintiffs attempt to distinguish *Summers* (SFFA Reply 14-15) on the ground that the question the Court addressed was whether the statistical probability that an association would have affected members was sufficient for associational standing.  On this basis, Plaintiffs would essentially read out of the opinion the Court's repeated recognition of the requirement to "[n]am[e] the affected members."  *Summers*, 555 U.S. at 498.  Plaintiffs overlook that *Summers* rejected the statistical-probability theory by applying the general rule it had already recognized in *FW/PBS, Inc. v. Dallas*, 493 U.S. 215 (1990), that a plaintiff must "name the individuals who were harmed" to establish standing. *Summers*, 555 U.S. at 498 (citing *FW/PBS*, 493 U.S. at 235).

It followed *a fortiori* from that rule that a mere statistical likelihood of affected members was insufficient.  Plaintiffs may believe the Court could have resolved the case on narrower grounds, but the rule actually applied by the Supreme Court is controlling here.

10

Plaintiffs cite (SFFA Reply 13, 15) two pre-*Summers* Supreme Court decisions, but they do not undermine the clear language of both *Summers* and *Satanic Temple*. The first, *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958), was decided before *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333 (1977), settled the associational-standing test, and at any rate, *Summers* explained that *Patterson* made clear that "all organization members [were] affected by release of membership lists," 555 U.S. at 499. In the second, *Rumsfeld v. FAIR*, 547 U.S. 47 (2006), the plaintiffs "submitted the FAIR membership list for in camera review" by the district court and identified two members by name that were "sufficient to establish that FAIR members have standing in their own right to bring this action." 291 F. Supp. 2d 269, 286 n.6, 289 (D.N.J. 2003). In its footnote agreeing with the lower courts' rulings on standing, the Supreme Court merely stated that it agreed that FAIR had standing without further analysis. 547 U.S. at 52 n.2.

Plaintiffs ultimately ask the Court to effectively ignore the *Summers* rule. According to Plaintiffs (SFFA Reply 15), the Court should hold that "an association can 'identify' and 'name' a member with standing without divulging that member's 'legal name.'" But Plaintiffs wish to use pseudonyms, which are not in any sense

11

the "name" of anyone, in order to meet the requirement to "name" members. That is not a defensible reading of *Summers*.[3]

### C. Plaintiffs Distort Out-Of-Circuit Decisions

A number of federal appellate decisions support KS, not Plaintiffs. For example, *Draper v. Healey*, 827 F.3d 1 (1st Cir. 2016), affirmed dismissal of an associational plaintiff's claims where it had submitted an affidavit claiming it had members with standing. *Id.* at 3. Writing for the court, retired Justice Souter—who sat on the Supreme Court during *Summers*—recognized that "the Supreme Court has said that an affidavit provided by an association to establish standing is insufficient unless it names an injured individual." *Id.* at 3. Similarly, in *Religious Sisters of Mercy v. Becerra*, 55 F.4th 583 (8th Cir. 2022), the Eighth Circuit held that an associational plaintiff "lacks associational standing to sue on behalf of unnamed members," reversing the district court decision which had stated that "'[m]embers on whose behalf suit is brought may remain unnamed.'" *Id.* at 601-02. And although *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002

---

[3] SFFA's reliance on *Perttu v. Richards*, 605 U.S. 460 (2025), a Seventh Amendment jury-trial case with no mention of associational standing or pseudonyms, is misplaced. Noncompliance with *Summers*' naming requirement is a facial jurisdictional defect, not a factual dispute "intertwined with the merits" incapable of resolution at the pleading stage. *See Satanic Temple*, 149 F.4th at 1055 (affirming dismissal on the pleadings); *Draper v. Healey*, 827 F.3d 1, 3 (1st Cir. 2016) (same).

(7th Cir. 2021), ultimately reserved the question of whether *Summers* abrogated circuit precedent permitting an association to establish standing based on an unnamed member, the Seventh Circuit strongly suggested that it would follow the First Circuit and "other courts [that] have read *Summers* to expressly require names for associational standing on the pleadings." *Id.* at 1011.

Plaintiffs dismiss these precedents because the plaintiffs in these cases did not seek to provide pseudonyms for the unnamed members. But there is no constitutionally significant difference between the allegation that "a member exists" and the allegation that "a member called Member A exists."

Plaintiffs are also incorrect (SFFA Reply 13) that *Do No Harm v. Pfizer*, 126 F.4th 109 (2d Cir. 2025), supports their reading of *Summers*. There, the Second Circuit on rehearing vacated and remanded because "the district court erred in concluding that its determination that [the plaintiff] had failed to establish standing to secure a preliminary injunction required that [the plaintiff's] claims be dismissed." *Do No Harm v. Pfizer Inc.*, 126 F.4th at 114. In so holding, the Second Circuit made clear that it was simply clarifying that a plaintiff's failure to secure a preliminary injunction does not require dismissal of its claims, not ruling on the substance of the naming issue either under the preliminary-injunction standard or at the pleading stage. *Id.* 122 n.7. Thus, the Second Circuit cast no doubt on the prior interpretation

of *Summers* relied on in its initial opinion, in the district court opinion in the case, and in other district court opinions in that circuit.[4]

Plaintiffs largely rely on out-of-circuit district court rulings over the last three years brought by SFFA itself or by the American Alliance for Equal Rights ("AAER"), a group established in 2021 by the same person who founded SFFA.  As one Court put it, "[t]he majority (if not all) of these types of cases involving challenges to the anonymity of organizational members have been brought by American Alliance and Students for Fair Admissions."  *AAER v. Raoul*, 795 F. Supp. 3d 1073, 1083 n.3 (N.D. Ill. 2025).  Those two organizations have adopted "the apparent general strategy . . . to shield the identity of their members on behalf of whom they bring these lawsuits," with "American Alliance's website . . . offer[ing] a lifetime membership for $10" and "promis[ing] that '[t]he identities of our members will never be disclosed.'"  *Id.*  In other words, member anonymity is not some longstanding practice among civil-rights groups, but a recent strategy that these sister organizations have pioneered to manufacture associational standing and generate lawsuits.

---

[4] *See, e.g.*, *Pen American Center, Inc. v. Trump*, 448 F. Supp. 3d 309, 320-21 (S.D.N.Y. 2020); *Equal Vote America Corp. v. Congress*, 397 F. Supp. 3d 503, 509 (S.D.N.Y. 2019).

Several of the cases Plaintiffs cite express doubt about Plaintiffs' position.[5] And many of Plaintiffs' other cases also emphasized that the record contained specific verification of members' injuries, such as declarations or prior application denials, that made the existence of injured members clear.[6] There is nothing like that here. In addition, some of Plaintiffs' cases did not even analyze whether *Summers* contains a naming requirement, *AAER v. Founders First Cmty. Dev. Corp.*, 2024 WL 3625684, at *2 (N.D. Tex. July 31, 2024); *Parents Defending Educ. v. Olentangy Loc. Sch. Dist. Bd. of Educ.*, 158 F.4th 732, 741-42 (6th Cir. 2025), or addressed naming only superfluously where members had in fact been named, *Nat'l Infusion Ctr. Ass'n v. Becerra*, 116 F.4th 488, 497 n.5 (5th Cir. 2024). In any event, none of those cases can override the Ninth Circuit's reading of *Summers*.

---

[5] *See, e.g.*, *Raoul*, 795 F. Supp. 3d at 1083 (N.D. Ill. 2025) ("To be clear, this Court has its doubts about whether an organizational plaintiff *should* be able to mask the true identity of its injured members . . . ."); *Speech First, Inc. v. Shrum*, 92 F.4th 947, 950 (10th Cir. 2024) ("This is not to say that there can be no concerns about suits brought under the cloak of anonymity."); *Advocs. for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin.*, 41 F.4th 586, 594 (D.C. Cir. 2022) ("To be sure, it is not enough to merely aver that unidentified members have been injured.").

[6] *See, e.g.*, *SFFA v. W. Point*, 709 F. Supp. 3d 118, 131 (S.D.N.Y. 2024); *SFFA v. Naval Acad.*, 707 F. Supp. 3d 486, 501 (D. Md. 2023); *Virginia Coal. for Immigrant Rts. v. Beals*, 803 F. Supp. 3d 454, 468 (E.D. Va. 2025); *Do No Harm v. Lee*, 2024 WL 3730623, at *3 (M.D. Tenn. Aug. 8, 2024); *AAER v. Fearless Fund Mgmt., LLC*, 103 F.4th 765, 773 (11th Cir. 2024); *Texas Bankers Ass'n v. Off. of the Comptroller*, 728 F. Supp. 3d 412, 419 (N.D. Tex. 2024).

**D.** **Plaintiffs' Remaining Arguments Lack Merit**

Precedent aside, Plaintiffs argue that under "first principles," Article III standing could not depend on "the particular name by which a litigant is called." SFFA Reply 15-16 (quoting *Fearless Fund*, 103 F.4th at 773). That reveals Plaintiffs' fundamental misunderstanding of the problem here, which does not involve the name of a "litigant." Individual plaintiffs can in certain circumstances invoke a federal court's jurisdiction to vindicate their own rights under the cloak of anonymity.

Associational standing, however, stands on a different footing entirely. As Justice Thomas recently noted, associational standing is dubious as an original matter because a plaintiff like SFFA has no concrete stake in the outcome of the case. *See Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 399-400 (2024) (Thomas, J., concurring). But the Supreme Court has (for now) allowed associational standing as an ahistorical exception to Article III within certain guardrails. One of those is that the plaintiff organization must name at least one member who could sue in his or her own right. *Summers*, 555 U.S. at 498-99. That requirement ensures that an existing person has actually suffered an injury, and it allows defendants to scrutinize the organization's standing claims. Where, as here,

an organizational plaintiff cannot meet even that simple requirement, the associational-standing exception to Article III simply does not apply.[7]

Plaintiffs' remaining points can be readily dismissed. For example, they claim (SFFA Reply 15 n.6) that "Kamehameha agrees that . . . Rule 5.2(a) violates 'Article III'" in cases where the association's members are minors. But Rule 5.2 applies to numerous categories of minors (such as parties, witnesses, and victims) beyond the putative members of associational plaintiffs. The fact that a particular application of a federal rule may pose constitutional problems does not cast any doubt on the validity of the rule itself. For example, Rule 65 authorizes courts to issue injunctions, but that doesn't mean that the mere risk that a court could enter an unconstitutional injunction (*e.g.*, curtailing speech) "requires [a] Court to declare unconstitutional a rule approved by the Supreme Court." SFFA Reply 15 n.6. And at any rate, Rule 5.2 does not *require* the Court to redact the names of minors, but rather allows the Court to "order[] otherwise" when appropriate.

KS does not, as Plaintiffs claim (SFFA Reply 19), "insist[] on doxing grade-schoolers." Grade schoolers and their families may bring individual suits and seek anonymity under the governing legal standards. But if an organization with no

---

[7] Even if *Summers* and *Satanic Temple* could in some cases be satisfied by anonymous members, an organizational plaintiff would at minimum have to meet the ordinary standards for plaintiff anonymity for at least one member with standing. *See* KS Opp. 24 n.7.

concrete stake of its own wants to use children solicited online to pursue activist litigation, then the organization must name at least one member with standing.

And nothing in the Constitution guarantees an organization with no injury of its own the ability to bring activist litigation. Although SFFA hyperbolically asserts (SFFA Reply 15-16 n.6) that ruling for KS would "make it impossible for associations to vindicate the rights of other vulnerable groups," associations can fund attorneys for vulnerable plaintiffs who can invoke the ordinary anonymity standards. That Article III requirements pose a barrier to the model of activist litigation that SFFA and its founder have pioneered is no reason to disregard them.

Plaintiffs argue (SFFA Reply 17) that KS does not identify an argument it cannot make without a member's real name. Wrong again. KS has repeatedly explained that without the names of SFFA's relevant members, KS cannot "test, through third-party discovery, the standing allegations for two families that have never taken even basic preparatory steps to apply to the Schools." KS Opp. 24. That includes, for example, determining whether Families A and B ever expressed an intent to apply to KS to anyone else and whether they have the grades and other qualifications to be competitive applicants. All the same, *Satanic Temple* does not make the Article III naming requirement dependent on a defendant's practical needs. 149 F.4th at 1051 ("[F]lexibility [as to naming] may be invoked *only* when it is

relatively clear, rather than merely speculative, that one or more members have been or will be adversely affected.") (emphasis added).

Plaintiffs also argue (SFFA Reply 17) that Rule 11 suffices to police an association's allegations about its members and that the court and defendants must accept such allegations as true at the pleading stage. That is wrong. As *Summers* explained, a court may not "accept[] the organizations' self-descriptions of their membership." *Summers*, 555 U.S. at 499. And even if Families A and B expressed their intent to apply to KS to their attorneys, satisfying Rule 11's minimal bar, KS nonetheless is entitled to test that claim (and the Court has "an independent obligation" to do so, *id.*).

Finally, Plaintiffs claim (SFFA Reply 18-19) that the Court should punt the anonymity question until later stages of the case. That is wrong. Courts require names at the pleading stage because it is a necessary component of subject matter jurisdiction. *Draper*, 827 F.3d at 3 (requiring "heightened specificity," such as members' names, "at the pleading stage"); *see also Satanic Temple*, 149 F.4th at 1055 (affirming dismissal on the pleadings). Plaintiffs point out that opponents of SFFA in other cases failed to seek disclosure at the pleadings stage. Those defendants' strategic decisions have no bearing on KS's rights.

19

### III. THE COMPLAINT SHOULD BE DISMISSED UNLESS PLAINTIFFS DISCLOSE THEIR IDENTITIES

KS does not oppose Plaintiffs' request (SFFA Reply 19-20) for a short amount of time within which to decide how to proceed should the Court conclude that the names of I.P., B.P., Family A, or Family B should be disclosed. But KS clarifies that it correctly requested wholesale dismissal of the complaint because I.P. and B.P. are not entitled to anonymity and SFFA cannot rely on anonymous members to establish standing.[8] KS does not agree that "SFFA at least has standing to seek nominal damages for I.P.," as Plaintiffs claim (SFFA Reply 19). *See* KS Opp. 22 (arguing that SFFA's "claims should be dismissed"); *id.* at 25 (same). Insofar as SFFA is relying on I.P. or B.P. to establish standing, KS has the same objection to reliance on pseudonymous members as it does with respect to SFFA's reliance on Families A and B (in addition to other objections which will be raised in a later motion to dismiss, if necessary). *See supra* pp. 6-19.

### CONCLUSION

The Court should grant KS's cross-motion to dismiss Plaintiffs' complaint unless they identify I.P., B.P., and the SFFA members on whom they rely to establish standing.

---

[8] While not in the Ninth Circuit, the case Plaintiffs cite here, *Doe v. Tulsa Cnty.*, 2024 WL 4433349, at *5 (N.D. Okla. Oct. 7), says that dismissal for failure to identify parties is for lack of jurisdiction.

DATED:  Honolulu, Hawai'i, March 16, 2026.

/s/ Joachim P. Cox

JOACHIM P. COX
KAMALA S. HAAKE
JOHN F. BASH *(Pro Hac Vice)*
WILLIAM A. BURCK *(Pro Hac Vice)*
ELLYDE R. THOMPSON *(Pro Hac Vice)*

Attorneys for Defendant
TRUSTEES OF THE ESTATE OF
BERNICE PAUAHI BISHOP d/b/a
KAMEHAMEHA SCHOOLS

21

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS; I.P., by and through her next of friend and mother, B.P.; and B.P.<br><br>Plaintiffs,<br><br>vs.<br><br>TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP d/b/a KAMEHAMEHA SCHOOLS,<br><br>Defendant. | CIVIL NO. 1:25-cv-00450-MWJS-RT<br><br>CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, a true and correct copy of the

foregoing document was duly served upon the following parties via the means and

on the date indicated below:

| NAME(S) | U.S. MAIL POSTAGE PREPAID | HAND DELIVERY | ECF |
|---|---|---|---|
| JESSE D. FRANKLIN-MURDOCK<br>*jesse@sm-llp.com*<br>SWEIGART MURDOCK, LLP<br>500 Ala Moana Blvd., Suite 7400<br>Honolulu, HI 96813 | | | ☒ |

1

| NAME(S) | U.S. MAIL POSTAGE PREPAID | HAND DELIVERY | ECF |
|---|---|---|---|
| THOMAS R. McCARTHY (*pro hac vice*)<br>*tom@consovoymccarthy.com*<br>J. MICHAEL CONNOLLY (*pro hac vice*)<br>*mike@consovoymccarthy.com*<br>CAMERON T. NORRIS (*pro hac vice*)<br>*cam@consovoymccarthy.com*<br>R. GABRIEL ANDERSON (*pro hac vice*)<br>*gabe@consovoymccarthy.com*<br>JULIUS I. KAIREY (*pro hac vice*)<br>*julius@consovoymccarthy.com*<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Blvd., Ste 700<br>Arlington, VA. 22209 | | | ☒ |
| RYAN MACKENZIE PROCTOR (*pro hac vice*)<br>*ryan@consovoymccarthy.com*<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Blvd., Ste 600<br>Arlington, VA 22209 | | | ☒ |
| PATRICK STRAWBRIDGE (*pro hac vice*)<br>*patrick@consovoymccarthy.com*<br>CONSOVOY MCCARTHY PLLC<br>8th Floor South PMB #706<br>Boston, MA 02109 | | | ☒ |
| ADAM K. MORTARA (*pro hac vice*)<br>*mortara@lawfairllc.com*<br>LAWFAIR LLC<br>40 Burton Hills Blvd., Ste 200<br>Nashville, TN. 37215<br><br>Attorneys for Plaintiff<br>STUDENTS FOR FAIR ADMISSIONS | | | ☒ |

DATED:  Honolulu, Hawaiʻi, March 16, 2026.

<div style="margin-left:50%">

*/s/ Joachim P. Cox*
_____
JOACHIM P. COX
KAMALA S. HAAKE
JOHN F. BASH *(Pro Hac Vice)*
WILLIAM A. BURCKE *(Pro Hac Vice)*
ELLYDE R. THOMPSON *(Pro Hac Vice)*

Attorneys for Defendant
TRUSTEES OF THE ESTATE OF
BERNICE PAUAHI BISHOP d/b/a
KAMEHAMEHA SCHOOLS

</div>