**COX FRICKE LLP**
A LIMITED LIABILITY LAW
PARTNERSHIP LLP

JOACHIM P. COX        7520-0
    jcox@cfhawaii.com
KAMALA S. HAAKE        9515-0
    khaake@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawai'i 96813
Telephone:  (808) 585-9440
Facsimile:   (808) 275-3276

Attorneys for Defendant
TRUSTEES OF THE ESTATE OF
BERNICE PAUAHI BISHOP d/b/a
KAMEHAMEHA SCHOOLS

**QUINN EMANUEL URQUHART
    & SULLIVAN, LLP**

JOHN F. BASH (*Pro Hac Vice*)
    johnbash@quinnemanuel.com
300 West 6th Street, Suite 2010
Austin, Texas 78701
(737) 667-6100

WILLIAM A. BURCK (*Pro Hac Vice*)
    williamburck@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, DC 20005
(202) 538-8000

ELLYDE R. THOMPSON (*Pro Hac Vice*)
    ellydethompson@quinnemanuel.com
295 Fifth Avenue
New York, New York 10016
(212) 446-4800

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS; I.P., by and through her next of friend and mother, B.P.; and B.P.<br><br>        Plaintiffs,<br><br>    vs.<br><br>TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP d/b/a KAMEHAMEHA SCHOOLS,<br><br>        Defendant. | CIVIL NO. 1:25-cv-00450-MWJS-RT<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; CERTIFICATE OF SERVICE<br><br>Judge:  Honorable Micah W. J. Smith<br>Trial Date:  None |

**INTRODUCTION**

Plaintiff Students for Fair Admissions ("SFFA") has pioneered a model of activist litigation where it first chooses a target based on ideological considerations and then solicits new SFFA "members" with promises of anonymity. But manufacturing lawsuits in this fashion—legal issue first, case or controversy second—creates its own problems. Here, for example, SFFA first claimed that two anonymous families who had never applied to Kamehameha Schools ("Kamehameha"), or taken preparatory steps to do so, endowed SFFA with standing to obtain a permanent injunction of Kamehameha's 140-year-old admissions policy. That jurisdictional theory ran headlong into Supreme Court and Ninth Circuit precedent requiring an associational plaintiff to identify at least one standing member *by name* unless "it is relatively clear . . . that one or more members have been or will be adversely affected by a defendant's action," *Satanic Temple v. Labrador*, 149 F.4th 1047, 1051 (9th Cir. 2025), and requiring a party challenging an admissions policy to plausibly show it is "able and ready" to apply, *Loffman v. Cal. Dep't of Educ.*, 119 F.4th 1147, 1159 (9th Cir. 2024).

So SFFA then amended its complaint to add a new student plaintiff who had been previously waitlisted, I.P., as well as her mother, B.P. But they are not adequate plaintiffs either. Among other problems, I.P. is a high school senior who has since

turned 18. Plaintiffs had no choice but to withdraw I.P. and B.P.'s request for prospective relief, Dkt. 96 at 9 n.4, and face a high hurdle in seeking anonymity.

Now, just before a hearing in which this Court will determine whether SFFA's calculated use of anonymous members and plaintiffs requires dismissal of this suit for lack of subject matter jurisdiction, SFFA seeks to add two more parties to this suit—E.S., a current tenth grader, and her mother, K.S. The proposed *third* amended complaint ("TAC") alleges that E.S. was rejected from Kamehameha twice but does not allege that E.S. ever reached a stage in the admissions process where the challenged policy would have been applied, TAC ¶¶ 12, 96, 99—let alone that she was selected for admission only to be denied on account of her ancestry. *Compare* TAC ¶¶ 10, 37, 86.

For multiple reasons, SFFA's latest effort to salvage this case does not work. Most clearly, because this Court lacked subject matter jurisdiction over the original complaint, it lacks authority to grant leave to amend. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380-81 (9th Cir. 1988) ("*Morongo*"). Moreover, Plaintiffs fail to adequately explain why E.S. and K.S. did not seek to join any of the complaints filed over the past five months. The Court should accordingly deny Plaintiffs' motion.

## ARGUMENT

## I.    Plaintiffs Did Not Comply With Local Civil Rule 7.8

Plaintiffs acknowledge (Mot. 1) they did not comply with Local Civil Rule 7.8 before filing the motion to amend because they did not meet and confer with Kamehameha at least seven days before filing.  "Rule 7.8 is not a formality.  It mandates a thorough discussion of the specific rationales and reasoning on which the movant intends to rely" to "streamline motions practice and prevent needless litigation."  *Bros. Healthcare, Inc. v. Brian Carter, Inc.*, 2022 WL 1046287, at *1 (D. Haw. Apr. 7, 2022).  On that ground alone, the motion should be denied.  *Rooter Hero Phoenix, Inc. v. Beebe*, 2023 WL 2523618, at *1 (9th Cir. Mar. 15, 2023).

Plaintiffs have not provided an adequate excuse for their failure to comply with Rule 7.8.  They claim that they learned only on March 15 that the statute of limitations for E.S.'s claims might expire after March 16, so they needed to file the motion by that date "[t]o protect K.S.'s and E.S.'s rights."  Mem. Supp. Mot. 1-2. But E.S. and K.S. filed their own complaint on March 16 that serves whatever protective function was necessary.  *Id.* at 2-3.  And at any rate, Plaintiffs have provided *no* information as to why E.S. and K.S. did not seek leave to join this suit any time in the last five months, during which SFFA has amended its original complaint twice.  E.S. was first denied admission to Kamehameha four years ago, TAC ¶ 96, and SFFA has been publicly soliciting plaintiffs and standing members

for over six months.  Nor does Plaintiffs' motion disclose when E.S. and K.S. first contacted SFFA—as opposed to when they decided they wanted to pursue litigation—or why SFFA did not immediately initiate a Rule 7.8 conference as soon as the new plaintiffs stated that they wanted to join the suit.[1]

## II. The Court Lacks Power To Grant The Motion Because It Did Not Have Subject Matter Jurisdiction Over The Original Complaint

Because this Court lacked subject matter jurisdiction over the original complaint—which rested solely on SFFA's associational standing—it lacks the power to grant leave to amend.  *Morongo*, 858 F.2d at 1380-81.

In *Morongo*, the district court had granted leave to amend believing it had jurisdiction over plaintiff's original complaint and had gone on to reach summary judgment.  858 F.2d at 1380.  The Ninth Circuit vacated after finding that the district court lacked jurisdiction over the original complaint.  *Id.* at 1386.  Applying the bedrock rule that "[s]ubject matter jurisdiction must exist as of the time the action is commenced," *id.* at 1380, the Ninth Circuit held that "[i]f jurisdiction was lacking" at that time, "then the [district] court's various orders, including that granting leave to amend the complaint, were nullities," *id.* at 1381.  The Ninth Circuit instructed in no uncertain terms that a district court is "powerless to grant leave to amend when it

---

[1]  Counsel for the parties met on March 18 to discuss Plaintiffs' Motion to Amend. Kamehameha offered to stipulate to consolidating for pretrial purposes Plaintiffs' SAC with the separate "protective" complaint filed by K.S. and E.S. if Plaintiffs would withdraw the motion to amend, but they declined.

lacks jurisdiction over the original complaint." *Id.* at 1381 n.2; *see id.* at 1380. That view was later validated by a plurality of the Supreme Court in *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992), which stated that "[i]t cannot be that, by later participating in the suit, [federal agencies not initially named as defendants] retroactively created a redressability (and hence a jurisdiction) that did not exist at the outset." *Id.* at 569 n.4; *see Carney v. Adams*, 592 U.S. 53, 59 (2020) ("[Plaintiff] bears the burden of establishing standing *as of the time he brought this lawsuit* and maintaining it thereafter.") (emphasis added).[2]

Following *Morongo*, the Ninth Circuit has held in the class-action context that where the originally named class plaintiff lacks standing, new plaintiffs cannot be substituted. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003).[3] And district courts in the Ninth Circuit routinely deny leave to amend to join additional plaintiffs where the original plaintiffs lacked standing.[4]

---

[2] *See generally Biodiversity Legal Found. v. Badgley,* 309 F.3d 1166, 1170 (9th Cir. 2002); *Nowell v. Jan S. Lukac, M.D., Inc.*, 2022 WL 19333336, at *4-5 (C.D. Cal. Oct. 28, 2022); *Sepehry-Fard v. Countrywide Home Loans. Inc.*, 2014 WL 2707738, at *5 (N.D. Cal. June 13, 2014).

[3] *See NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532-33 (9th Cir. 2019); *Moreno v. AutoZone, Inc.*, 410 F. App'x 24, 25 (9th Cir. 2010); *Stanford v. Home Depot USA, Inc.*, 358 F. App'x 816, 819 (9th Cir. 2009).

[4] *See, e.g., Bird v. First Alert, Inc.*, 2015 WL 3750225, at *11 (N.D. Cal. June 15, 2015); *In re Flash Memory Antitrust Litig.*, 2010 WL 2465329, at *3 (N.D. Cal. June 10, 2010); *Thome v. U.S. Food & Drug Admin.*, 2011 WL 3206910, at *2

*Morongo* recognized one caveat—that, under 28 U.S.C. § 1653, district courts may grant leave to amend "defective allegations" as to jurisdiction where jurisdiction actually exists "at the outset."  858 F.2d at 1380 n.3.  But the problems with the original complaint here were not merely pleading oversights.

Kamehameha notes that in *Northstar Financial Advisors, Inc. v. Schwab Investments*, 779 F.3d 1036 (9th Cir. 2015), a divided panel of the Ninth Circuit held that *Morongo* does not extend to Rule 15(d) supplemental pleadings.  *Id.* at 1046. That exception, however, does not apply here because Plaintiffs have not invoked Rule 15(d).  Nor could they:  Rule 15(d) applies only where the newly alleged "transaction, occurrence, or event . . . happened *after* the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d) (emphasis added).  By their own admission, the events giving rise to E.S. and K.S.'s claims occurred well before the original complaint was filed.  The *Northstar Financial Advisors* majority also noted in acknowledged dicta that there may be certain situations where a party may be substituted to correct a jurisdictional defect.  But it cited only pre-*Lujan* Supreme Court cases about substituting the real party in interest and curing the non-Article III defect of incomplete diversity by dismissing a party, as well as a "rare case[]" in the Ninth Circuit that had reached final judgment without the defendant objecting to

(N.D. Cal. July 27, 2011); *see also Vianix Delaware LLC v. Nuance Commc'ns, Inc.*, 2009 WL 1364346, at *2 (D. Del. May 12, 2009).

adding the United States as a plaintiff to cure a non-Article III jurisdictional defect. 779 F.3d at 1046.[5] None of those circumstances apply here.

Finally, the Ninth Circuit has issued a nonprecedential order stating with no analysis of *Morongo* that "[w]hen a plaintiff lacks standing at the outset of a case, the jurisdictional defect can be cured by the subsequent addition of another plaintiff." *James v. Safeguard Props. LLC*, 821 F. App'x 683, 685 (9th Cir. 2020). That order is not binding and could not supersede *Morongo*.[6]

The *Morongo* principle deprives this Court of power to grant leave to amend here because the Court lacked jurisdiction over the original complaint. As explained in Kamehameha's pending cross-motion relating to anonymity, under *Satanic Temple*, 149 F.4th at 1051, SFFA cannot rest its associational standing on anonymous parties. There are also other fatal defects with SFFA's associational standing to file the original complaint that will be described in Kamehameha's forthcoming motion to dismiss, including that the complaint does not adequately allege that Families A and B are "'able and ready'" to apply to Kamehameha,

---

[5] *See Mullaney v. Anderson*, 342 U.S. 415, 416-17 (1952); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832-38 (1989); *California Credit Union League v. City of Anaheim*, 190 F.3d 997, 999-1001 (9th Cir. 1999).

[6] *James* has also been distinguished on the ground that the new plaintiff was added before jurisdiction was contested, which is not true here. *See Mahboob v. Educ. Credit Mgmt. Corp.*, 2021 WL 3772375, at *7 (S.D. Cal. Aug. 25, 2021), *aff'd*, 2022 WL 15523097 (9th Cir. Oct. 27, 2022).

*Loffman*, 119 F.4th at 1159-60 (quoting *Carney*, 592 U.S. at 60), and does not allege facts establishing a fair prospect that the race or ancestry of the students in Families A and B would ever be considered in the Kamehameha application process, defeating the Article III "traceability" requirement, *California v. Texas*, 593 U.S. 659, 668-69 (2021); *see* Decl. of Heather KK Park, Dkt. 103-2. Jurisdictional discovery, if granted, may reveal other grounds for lack of standing.

This Court should deny leave to amend outright. *See Almeida v. Google*, 2009 WL 3809808, at *3 (N.D. Cal. Nov. 13, 2009) (denying leave to amend even though court had not previously made findings on standing). But at minimum, if the Court is otherwise inclined to permit amendment, it should hold the motion in abeyance until it resolves its subject matter jurisdiction over the original complaint.

### III. Leave To Amend Is Not Warranted Under Rule 15

While leave to amend is generally liberally granted, a "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (quotation omitted). A district court should consider factors including "undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). Those considerations disfavor leave to amend here.

With respect to undue delay, dilatory motive, and failure to include the new claims in earlier amendments, Plaintiffs submitted no sworn statement or evidence explaining why they sought to add new parties five months into this case. Even crediting the attorney representations in the motion to amend, the motion says nothing about why E.S. and K.S. waited nearly four years after E.S. was first denied admission to bring these claims. Indeed, given that Plaintiffs sought leave to amend just four days after Kamehameha identified several jurisdictional defects in its motion for jurisdictional discovery, *see* Dkt. 103, 104, the timing raises the inference that the amendment is designed to cure the original complaint's standing defects.

The amendment would also prejudice Kamehameha in several respects. Plaintiffs' fourth attempt at a complaint would further delay the initial stages of this case; Kamehameha has not filed a responsive pleading yet in part because Plaintiffs continue to file amended complaints and to take other steps to prolong the case, such as aggressive anonymity requests. Each amendment requires additional briefing, analysis of standing, adjustment to discovery requests, and postponement of Kamehameha's motion to dismiss. Plaintiffs' latest amendment may require further briefing on anonymity, as Plaintiffs concede (Mem. Supp. Mot. 5), and possibly another hearing. In addition, should the Court grant jurisdictional discovery, two new plaintiffs will require additional depositions, document requests, and third-party discovery. And should it turn out that the statute of limitations for the new plaintiffs'

claims expired before March 16, Plaintiffs may attempt to argue that the claims "relate back" to the original complaint.[7] On the other side of the balance, Plaintiffs would face no prejudice if the motion to amend is denied. Whatever rights E.S. and K.S. may have are fully protected by their separate complaint.

Adding E.S. and K.S. would also be futile. The proposed complaint does not allege that E.S. reached a stage in the admissions process where the challenged preference would have been applied to her application. She therefore could not establish that her ancestry was ever or would ever be actually considered by Kamehameha, which defeats Article III traceability, *see supra* p. 8.[8]

## CONCLUSION

For the foregoing reasons, Kamehameha respectfully requests that the Court deny Plaintiffs' motion for leave to file a third amended complaint.

---

[7] Although Plaintiffs claim (Mot. 4) that they will have an "unconditional right" to amend the complaint once Kamehameha files a substantive motion to dismiss, that assumes that this case will survive Kamehameha's currently pending conditional cross-motion to dismiss, even though Plaintiffs have not represented that they will continue to pursue the case without anonymity. Plaintiffs also claim (Mot. 4 n.*) that they could voluntarily dismiss the complaint and refile it with E.S. and K.S. as parties. But that would not be legally equivalent to what they seek here, because it would prevent Plaintiffs from voluntarily dismissing a second time without preclusion consequences. *See* Fed. R. Civ. P. 41(a)(1)(B).

[8] Even if Plaintiffs are correct that joinder is proper here under Rule 20, Kamehameha respectfully reserves the right to later seek severance for trial under Rule 21, should the case not be resolved at an earlier stage, especially since most or all of the factually contested matters are likely to involve Plaintiffs' individual circumstances.

DATED:  Honolulu, Hawai'i, March 23, 2026.

/s/ Joachim P. Cox
_____
JOACHIM P. COX
KAMALA S. HAAKE
JOHN F. BASH *(Pro Hac Vice)*
WILLIAM A. BURCKE *(Pro Hac Vice)*
ELLYDE R. THOMPSON *(Pro Hac Vice)*

Attorneys for Defendant
TRUSTEES OF THE ESTATE OF
BERNICE PAUAHI BISHOP d/b/a
KAMEHAMEHA SCHOOLS

11

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS; I.P., by and through her next of friend and mother, B.P.; and B.P.<br><br>Plaintiffs,<br><br>vs.<br><br>TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP d/b/a KAMEHAMEHA SCHOOLS,<br><br>Defendant. | CIVIL NO. 1:25-cv-00450-MWJS-RT<br><br>CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, a true and correct copy of the foregoing document was duly served upon the following parties via the means and on the date indicated below:

| NAME(S) | U.S. MAIL POSTAGE PREPAID | HAND DELIVERY | ECF |
|---|---|---|---|
| JESSE D. FRANKLIN-MURDOCK<br>*jesse@sm-llp.com*<br>SWEIGART MURDOCK, LLP<br>500 Ala Moana Blvd., Suite 7400<br>Honolulu, HI 96813 | | | ☒ |

| Name(s) | U.S. Mail Postage Prepaid | Hand Delivery | ECF |
|---|---|---|---|
| THOMAS R. MCCARTHY (*pro hac vice*) *tom@consovoymccarthy.com* J. MICHAEL CONNOLLY (*pro hac vice*) *mike@consovoymccarthy.com* CAMERON T. NORRIS (*pro hac vice*) *cam@consovoymccarthy.com* R. GABRIEL ANDERSON (*pro hac vice*) *gabe@consovoymccarthy.com* JULIUS I. KAIREY (*pro hac vice*) *julius@consovoymccarthy.com* CONSOVOY MCCARTHY PLLC 1600 Wilson Blvd., Ste 700 Arlington, VA. 22209 | | | ☒ |
| RYAN MACKENZIE PROCTOR (*pro hac vice*) *ryan@consovoymccarthy.com* CONSOVOY MCCARTHY PLLC 1600 Wilson Blvd., Ste 600 Arlington, VA 22209 | | | ☒ |
| PATRICK STRAWBRIDGE (*pro hac vice*) *patrick@consovoymccarthy.com* CONSOVOY MCCARTHY PLLC 8th Floor South PMB #706 Boston, MA 02109 | | | ☒ |
| ADAM K. MORTARA (*pro hac vice*) *mortara@lawfairllc.com* LAWFAIR LLC 40 Burton Hills Blvd., Ste 200 Nashville, TN. 37215 Attorneys for Plaintiff STUDENTS FOR FAIR ADMISSIONS | | | ☒ |

DATED:  Honolulu, Hawai'i, March 23, 2026.

/s/ Joachim P. Cox
JOACHIM P. COX
KAMALA S. HAAKE
JOHN F. BASH *(Pro Hac Vice)*
WILLIAM A. BURCKE *(Pro Hac Vice)*
ELLYDE R. THOMPSON *(Pro Hac Vice)*

Attorneys for Defendant
TRUSTEES OF THE ESTATE OF
BERNICE PAUAHI BISHOP d/b/a
KAMEHAMEHA SCHOOLS

3