# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| STUDENTS FOR FAIR ADMIS-SIONS; et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP d/b/a KAMEHAMEHA SCHOOLS,<br>*Defendant*. | Case No. 1:25-cv-450-MWJS-RT<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR K.S. TO PROCEED USING INITIALS**<br><br>Judge Micah W.J. Smith<br><br>Trial Date: None |

This Court is currently considering whether to let two of the individual plaintiffs, B.P. and I.P., keep using initials after I.P. turned 18. *See* B.P./I.P.-Mot. (Doc.54-1). Another mother and daughter, K.S. and E.S., similarly seek to join this lawsuit, *see* Doc.104, and to proceed with initials.

While B.P. and I.P.'s request for limited pseudonymity is proper under any test, K.S. and E.S.'s request for limited pseudonymity is somewhat different. E.S. is a minor today, so she is *entitled* to use initials under Rule 5.2(a). *See* B.P./I.P.-Mot.11; B.P./I.P.-Reply (Doc.96) 4. And while K.S. is an adult who technically needs leave to use initials, courts freely give that leave to the parents of minors, since exposing the parent exposes the child. *See* B.P./I.P.-Mot.11-12; B.P./I.P.-Reply 4. And for now, K.S. seeks leave to use initials only while E.S. is a minor. So any debates about whether minors can continue using initials after they turn 18 need not be resolved to decide to grant temporary leave to K.S.

This Court should grant K.S. leave to proceed with initials while her daughter is a minor, and it should likewise bar all parties and counsel from publicly disclosing identifying information about K.S. or E.S. The parties conferred about this motion on March 18, 2026, and Kamehameha stated that it will not enter into a stipulation but did not say whether it opposes or will file an opposition. Plaintiffs file this motion now so the Court has all the issues before it at the scheduled hearing regarding B.P. and I.P. on March 30.

1

## ARGUMENT

Plaintiffs incorporate the record materials filed in support of their motion for B.P. and I.P. to keep using initials. *See* B.P. Decl. (Doc.54-1); Blum Decl. (Doc.54-5); Norris Decl. (Doc.54-6); Franklin-Murdock Decl. (Doc.54-7); Sealed-App.; 1-App. (Doc.54-8); 2-App. (Doc.54-9); Norris-Supp.-Decl. (Doc.96-1); 3-App. (Doc.96-2); *accord* Prop.-3rd-Am.-Compl. (Doc.104-2) ¶105 (explaining that K.S. and E.S. understand this evidence and share the same fears as B.P. and I.P.). Unlike I.P., E.S. has not yet turned 18; so the case for K.S. using initials while E.S. is a minor is straightforward. Prop.-3rd-Am.-Compl. ¶105. Plaintiffs also highlight that, because E.S. has the right to proceed using initials and is both an individual plaintiff and a standing member of SFFA, E.S. makes Kamehameha's attack on SFFA's standing even less persuasive.

**I.     Because her child is a minor, K.S. should be given leave to use initials.**

As explained in Plaintiffs' prior motion, minors cannot be named under the Rules; and to protect minors' right to privacy, courts freely grant their guardian-parents leave to use initials too. *See* B.P./I.P.-Mot.11; B.P./I.P.-Reply 4. Denying leave would be particularly inappropriate here, since all agree that this case is at least a close call under the normal *Advanced Textile* standard, given *Doe II* and the record of threats and other abuse. *See* B.P./I.P.-Mot.14-24; B.P./I.P.-Reply 5-12.

Kamehameha doesn't disagree. It never denies that, while I.P. was a minor, B.P. and I.P. could use initials. Its only argument against them continuing to use

2

initials—that I.P. has now turned 18, B.P./I.P.-Opp. (Doc.84) 9-10—does not apply

to K.S. Her daughter, E.S., is a minor and will remain one for some time. *See* 3d-

Am.-Compl. ¶105. This Court should let this mother proceed by initials while her

daughter is still underage. Once E.S. turns 18, Plaintiffs will seek further leave for

K.S. and E.S. to keep using initials, if necessary.

## II.  Especially because E.S. can use initials, Kamehameha cannot challenge SFFA's standing on anonymity grounds.

Contorting cases like *Summers* and *Satanic Temple*, Kamehameha has argued

that SFFA lacks standing unless it reveals the legal names of its standing members

in the complaint. Never mind that *Summers* did not involve an association that used

pseudonyms (and the case that *Summers* relied on, *FW/PBS v. Dallas*, did not in-

volve an association or pseudonyms). *See PDE v. Olentangy*, 2024 WL 3992579, at

*4 (S.D. Ohio Aug. 28). Never mind that, just last week, a unanimous Supreme Court

"cautioned" litigants once again that "'general language in judicial opinions should

be read as referring in context to circumstances similar to the circumstances then

before the Court and not referring to quite different circumstances that the Court was

not then considering.'" *Olivier v. City of Brandon*, 2026 WL 783725, at *7 (U.S.

Mar. 20). Never mind that *Satanic Temple* went out of its way to say that the asso-

ciation there did not use pseudonyms. *See Satanic Temple v. Labrador*, 149 F.4th

1047, 1050-51 (9th Cir. 2025). And never mind that, in every case where associa-

3

tions *did* use pseudonyms, courts rejected the argument that the pseudonymity defeated standing. *See* B.P./I.P.-Reply 13-4 & n.5; *Do No Harm v. Pfizer*, 126 F.4th 109, 122 n.7 (2d Cir. 2025) (in a revised opinion after rehearing, distinguishing *Summers* as a case that "arose in the context" of a "final" judgment and stressing that circuit precedent says "an organizational plaintiff need not identify specific injured members by name at the pleading stage").

Even if this Court were inclined to issue the first non-reversed opinion accepting Kamehameha's misreading of *Summers*, the presence of E.S. means this Court can ignore Kamehameha's argument. Standing would be assessed based on the third amended complaint, which adds K.S. and E.S. as individual plaintiffs and standing members. *Royal Canin U.S.A. v. Wullschleger*, 604 U.S. 22, 34-36 (2025); *SFFA v. Harvard*, 261 F. Supp. 3d 99, 111 n.14 (D. Mass. 2017). And only one plaintiff needs standing for each form of relief. *Rumsfeld v. FAIR*, 547 U.S. 47, 53 n.2 (2006). Here, E.S. can get all the relief as an individual plaintiff that SFFA can get as an association, including declaratory and injunctive relief. *See* Prop.-3rd-Am.-Compl.51-52. So under the one-plaintiff principle, SFFA doesn't need its own standing. *Melendres v. Arpaio*, 695 F.3d 990, 999 (9th Cir. 2012).[1]

---

[1] Even after *Trump v. CASA*, both E.S. and SFFA can seek an injunction ensuring that Kamehameha stops using race in admissions for all applicants. "To afford [E.S.] complete relief, the court has only one feasible option: order [Kamehameha] to [stop using race in admissions]" for everyone, even though that relief "incidentally" helps nonparties. *Trump v. CASA*, 606 U.S. 831, 851-52 (2025). Ordering

Even if SFFA's own standing still mattered, Kamehameha's arguments about pseudonymous members are further weakened by E.S. Associations need only "one" member who would have standing on her own. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 342 (1977). So even if *Summers* required associations to use their members' real names in complaints, SFFA is using the real name of its member, E.S., in the complaint. It redacts most of the letters in her real name because the Federal Rules forbid plaintiffs from using more than a minor's initials. *See Rodriguez v. McCloughen*, 2023 WL 11995604, at \*2 (N.D. Ind. Apr. 6) (admonishing a parent for using her *own* child's real name in her court filings instead of the child's initials, contra Rule 5.2(a)).

Kamehameha's argument that Rule 5.2(a) is unconstitutional as applied to associations that represent minors remains unconvincing, to say the least. *See* B.P./I.P.-Reply 25-16 n.6. Even the few courts that have accepted Kamehameha's reading of *Summers* (temporarily, before reversal) refused to jump that shark. The Second Circuit's now-vacated opinion thought that associations *could* refer to their members

---

Kamehameha to stop using race for E.S. alone would not provide her complete relief, since she would still be "forced to compete … in a system that uses race as a deciding factor in many of its admissions decisions." *Parents Involved v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007). At a minimum, E.S.'s entitlement to this broader relief is not frivolous; so whether she will ultimately get it is irrelevant to standing. *Bell v. Hood*, 327 U.S. 678, 683-85 (1946); *Bromfield v. McBurney*, 2008 WL 163663, at \*3 n.5 (W.D. Wash. Jan. 14). And because she has standing to seek universal relief, SFFA doesn't need standing to seek that same relief (or any other forward-looking relief that E.S. could get on her own).

5

with pseudonyms "pursuant to existing legal procedures and standards," including by "disclosing" the members' real names "to the court." *Do No Harm v. Pfizer*, 96 F.4th 106, 118-19 (2d Cir. 2024), *vacated & superseded on reh'g*, 126 F.4th 109 (2d Cir. 2025). Here, the existing procedures and standards let E.S. use initials (as well as K.S., though E.S. is enough for SFFA to have one member with standing). *See supra* I. And Plaintiffs will disclose the real names of E.S. and K.S. to the Court, Kamehameha's outside counsel, and at least one representative of Kamehameha once a suitable protective order is in place. Plus Kamehameha already knows who K.S. and E.S. are, given their combined initials, past applications, and non-Hawaiian status—just like it knows who B.P. and I.P. are. *See* B.P./I.P.-Reply 9.

While other defendants have misread *Summers* like Kamehameha does, Kamehameha is the only defendant to insist that *Summers* requires associations to give their members' real names not just to the court or the defendant, but also "to the *public*." *Pfizer*, 96 F.4th at 117. Yet as Kamehameha elsewhere concedes, disclosure to the public is a question of "the First Amendment," "the common law," and the "Federal Rules." B.P./I.P.-Opp.20. It is not a question of Article III jurisdiction. *AAER v. Fearless Fund*, 103 F.4th 765, 773 (11th Cir. 2024). Associations have standing if at least one member would have standing on her own, and individuals' standing to sue on their own does not depend on whether they use pseudonyms. *Does*

6

*I-XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1070 & n.12 (9th Cir. 2000); *B.R. v. F.C.S.B.*, 17 F.4th 485, 496 (4th Cir. 2021).

No precedent supports Kamehameha's calls to arbitrarily treat associations worse than individuals. Though Justice Thomas has expressed "doubts" about associational standing, his concurrence was joined by no other Justice. *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 400 (2024) (Thomas, J., concurring); *accord Nat'l Infusion Ctr. Ass'n v. Becerra*, 116 F.4th 488, 497 n.4 (5th Cir. 2024) ("Though [Justice Thomas] cast doubts on associational standing, we are required to leave to the Supreme Court the prerogative of overruling its own decisions." (cleaned up)). Far from expressing skepticism, a majority of the Supreme Court has both recognized associational standing and refused to "reconsider and reject the principles of associational standing." *UAW v. Brock*, 477 U.S. 274, 288 (1986). Binding precedent treats associational standing not as a suspicious practice that should be burdened with made-up limits, but as an "advantageous" practice "both to the individuals represented and to the judicial system as a whole." *Id.* at 289.

## CONCLUSION

Plaintiffs' motion should be granted. If the Court denies it, the Court should stay its order for 10 days so Plaintiffs can decide how to proceed.

Dated: March 25, 2026

| | /s/ *Jesse D. Franklin-Murdock* |
|---|---|
| Jesse D. Franklin-Murdock (10778) | Thomas R. McCarthy* |
| SWEIGART MURDOCK, LLP | Patrick N. Strawbridge* |
| 500 Ala Moana Blvd., Ste. 7400 | J. Michael Connolly* |
| Honolulu, HI 96813 | Cameron T. Norris* |
| Tel: (415) 873-0123 | R. Gabriel Anderson* |
| Fax: ((877) 890-0791 | Julius I. Kairey* |
| jesse@sm-llp.com | Ryan M. Proctor* |
| | CONSOVOY MCCARTHY PLLC |
| Adam K. Mortara* | 1600 Wilson Boulevard, Suite 700 |
| LAWFAIR LLC | Arlington, VA 22209 |
| 40 Burton Hills Blvd., Ste. 200 | (703) 243-9423 |
| Nashville, TN 37215 | tom@consovoymccarthy.com |
| (773) 750-7154 | patrick@consovoymccarthy.com |
| mortara@lawfairllc.com | mike@consovoymccarthy.com |
| | cam@consovoymccarthy.com |
| *pro hac vice* | gabe@consovoymccarthy.com |
| | julius@consovoymccarthy.com |
| | ryan@consovoymccarthy.com |

*Counsel for Plaintiffs*

8