IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS; I.P., by and through her next friend and mother, B.P.; and B.P.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP d/b/a KAMEHAMEHA SCHOOLS,<br><br>    Defendant. | Civil No. 25-00450 MWJS-RT<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT |

**ORDER GRANTING PLAINTIFFS' MOTION FOR
LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Before the court is Plaintiffs' motion for leave to file a Third Amended

Complaint, in which they seek to add two new individual plaintiffs. Dkt. No. 104. For

the reasons that follow, the motion is GRANTED.

1. Plaintiffs filed their motion on Monday, March 16, 2026, which was the day on

which the proposed plaintiffs' claims for damages faced a possible expiration of the

statute of limitations. Dkt. No. 104-1, at PageID.2350. Given this time sensitivity, the

court directed Defendant to file a letter brief in response by 6:30 p.m. that same day,

Dkt. No. 105, which it did, Dkt. No. 106. In its response, Defendant explained that

Plaintiffs had not notified Defendant of the proposed plaintiffs until the previous day,

and it had not been afforded sufficient time to "properly evaluate the merits of Plaintiffs' request," including to evaluate "whether amendment is proper." *Id.* at PageID.2413-14.  Defendant also noted that Plaintiff Students for Fair Admissions (SFFA) expressed an "intention to proceed with filing a separate complaint" to preserve the damages claims of the proposed new plaintiffs, and that, as a result, no obvious prejudice would follow from allowing briefing on the motion for leave to follow a more orderly course.  *Id.* at PageID.2413.

Persuaded by Defendant's submission, and noting that SFFA had indeed filed a separate, protective lawsuit, *see Students for Fair Admissions v. Trs. of the Estate of Bernice Pauahi Bishop dba Kamehameha Schs.*, Civ. No. 26-00127 (D. Haw. Mar. 16, 2026), the court entered an order declining to rule on Plaintiffs' motion on an expedited basis.  Dkt. No. 108.  The court, instead, set a more extended briefing schedule.  *Id*.  Consistent with that schedule, Defendant filed a timely response, Dkt. No. 109, and Plaintiffs filed a timely reply, Dkt. No. 112.

2.  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading with the court's leave, and the court should freely give leave "when justice so requires."  Leave to amend is appropriate absent a showing of "undue delay, bad faith, undue prejudice, or futility of amendment."  *See Schwartz v. Miller*, 153 F.4th 918, 932 (9th Cir. 2025) (cleaned up).

Defendant opposes Plaintiffs' motion on several grounds, including that Plaintiffs unduly delayed in seeking to add the proposed new plaintiffs, that the timing of the motion suggests a motive to cure alleged standing defects, and that amendment would prejudice Defendant by prolonging the proceedings and requiring additional motion practice and discovery.  *See* Dkt. No. 109, at PageID.2458–59.

With respect to delay, it is true, as Defendants contends, that Plaintiffs have not fully explained the timing of their request to add these proposed new plaintiffs. Plaintiffs have, for example, explained that the proposed new plaintiffs made their decision to bring a lawsuit shortly before March 16, 2026, but do not explain whether these proposed plaintiffs had been in discussions with counsel for Plaintiffs well before that date.  And it is also true that, if the proposed plaintiffs had been in touch for some time, then counsel for Plaintiffs could have initiated conversations with Defendant's counsel about the possibility of further amending the Second Amended Complaint well before March 15, 2026.  So the delay, though not obviously undue, is certainly insufficiently explained.

But the record, viewed as a whole, tips in favor of leave.  It does not show—at least not with the obviousness necessary to support a denial of leave—futility of amendment.  It likewise does not show bad faith on Plaintiffs' part; even accepting *arguendo* Defendants' suggestion that Plaintiffs seek to add new proposed plaintiffs in order to shore up deficiencies in their Article III standing allegations, that would at

3

most establish strategic aims for the motion, rather than any motivations truly rooted in bad faith.  Nor does the record establish that the insufficiently explained delay results in undue prejudice to Defendant.  The proposed Third Amended Complaint seeks to add two individual plaintiffs asserting claims arising from events that are similar, in at least a few respects, to the facts already alleged in the Second Amended Complaint.  It presents at least a few common questions of law and fact.  Adding these proposed new plaintiffs would not dramatically expand the scope of this lawsuit.  And, as Plaintiffs point out, this case remains at an early stage:  Defendant has not yet filed a responsive pleading, no scheduling order has issued, and discovery has not yet begun.  Moreover, even if leave to amend were denied, Defendant would still have to defend against the proposed new plaintiffs' claims—as noted, they have filed a separate action asserting their claims, and that lawsuit will either be litigated jointly with this one or separately. Permitting amendment here avoids the need for parallel proceedings involving overlapping claims and issues.  *See* Fed. R. Civ. P. 42(a).  Even if consolidation solely for pretrial proceedings were an administratively sensible option, as Defendant suggests, the court is not persuaded that there is any sufficiently compelling reason, on this record, to require separate trials.  Furthermore, to the extent that there are any materially distinct matters of fact or law relating solely to the proposed new plaintiffs, the court would readily consider requests for additional pages to brief those matters.

4

Defendant separately argues that the court lacks subject matter jurisdiction over the original complaint and therefore lacks authority to grant leave to amend. *See* Dkt. No. 109, at PageID.2453–57. The court is not persuaded it lacks the authority to grant leave to amend merely because it has not yet resolved whether Plaintiffs have adequately alleged Article III standing. What the consequences for the proposed new plaintiffs' damages claims would be if they were to dismiss their separate lawsuit now, and if this court were later to determine that Plaintiffs lack Article III standing, if any, is a question this court need not resolve now.

*    *    *

Accordingly, Plaintiffs' motion for leave to file a Third Amended Complaint is GRANTED. Plaintiffs are authorized to file the Third Amended Complaint anytime on or before April 22, 2026. To the extent Plaintiffs choose to reconsider filing the proposed Third Amended Complaint, they must file a letter notifying the court of their decision by that same date.

IT IS SO ORDERED.

DATED: April 20, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 25-00450 MWJS-RT, *Students For Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop d/b/a Kamehameha Schools*; ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT