IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS; I.P.; B.P.; E.S., by and through her next friend and mother, K.S.; and K.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP d/b/a KAMEHAMEHA SCHOOLS,<br><br>Defendant. | Civil No. 25-00450 MWJS-RT<br><br>ORDER DENYING DEFENDANT'S MOTION TO PERMIT JURISDICTIONAL DISCOVERY |

**INTRODUCTION**

Defendant, the Trustees of the Estate of Bernice Pauahi Bishop d/b/a

Kamehameha Schools, has not yet responded to the operative complaint or filed any

motions under Rule 12 of the Federal Rules of Civil Procedure.  After it does one of

those things, it will have a full opportunity to engage in discovery practice, as the

ordinary rules of civil procedure allow.

But Defendant wishes to take discovery *before* it files any Rule 12 motion or

answer to the complaint, and for that reason, it now moves for permission to engage in

early discovery.  Defendant seeks, in particular, what it describes as "jurisdictional"

discovery, or discovery going to the threshold question of whether Plaintiffs have

standing to sue.  Dkt. No. 103.  It first seeks to take discovery from the individual

Plaintiffs themselves (I.P., B.P., E.S., and K.S.), as well as from the individuals on whom

Plaintiff Students for Fair Admissions (SFFA) relies for associational standing (Families

A and B).  *Id.* at PageID.2334–35.  And if that discovery is not sufficient, Defendant

wishes to take third-party discovery.  *Id.* at PageID.2335–36.

Plaintiffs oppose the motion, but argue in the alternative that any pre-answer

discovery should be carefully circumscribed and reciprocal.  Dkt. No. 113.

The court held a hearing on the motion on May 27, 2026, and thanks counsel for

their effective advocacy.  The arguments of counsel have helped to demonstrate that the

question presented here is not easily answered.  But having carefully considered the

written submissions and oral arguments, the court concludes that early jurisdictional

discovery is not warranted.  Defendant's motion is therefore DENIED.

## BACKGROUND

The court authorized the filing of a Third Amended Complaint, which was filed

on April 20, 2026.  Dkt. No. 124.  In that complaint, Plaintiff SFFA relies on Family A,

Family B, and Plaintiffs E.S. and K.S.—whom it says are members of SFFA—to allege

that it has associational standing under Article III of the U.S. Constitution to seek

prospective relief.  Plaintiffs I.P. and B.P. separately allege that they have Article III

standing to seek retrospective relief (that is, damages).

Defendant intends to file one or more Rule 12 motions.  Dkt. No. 103-1, at

PageID.2315.  Most pertinent here, Defendant represents that it will file a Rule 12(b)(1)

motion challenging Plaintiffs' standing under Article III of the U.S. Constitution (and

perhaps under the relevant statute as well).  Defendant adds that it intends to challenge

not only the adequacy of the factual allegations in the Third Amended Complaint, but

also the factual basis for the allegations.  *See id.* (explaining that Defendant disputes

Plaintiffs' Article III standing not only because of "factual shortcomings" in the

complaint, but "also, and more urgently, because of the facts").

In other words, Defendant intends to bring both a facial challenge and a factual

challenge to Plaintiffs' Article III standing.  "A facial attack contends that the complaint

fails, on its face, to adequately allege jurisdiction, while a factual attack 'contests the

truth of the plaintiff's factual allegations, usually by introducing evidence outside the

pleadings.'"  *Whitaker v. Peet's Coffee, Inc.*, Case No. 21-cv-07698, 2022 WL 278664, at *1

(N.D. Cal. Jan. 31, 2022) (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).

And to aid its anticipated factual challenge, Defendant moves for permission to

take jurisdictional discovery before it files its Rule 12 motions.  Plaintiffs oppose the

request, but alternatively argue that if Defendant is granted jurisdictional discovery,

they should be granted discovery as well.  Plaintiffs further argue that the court should

carefully circumscribe any authorized discovery at this stage.

## DISCUSSION

If Defendant were only contemplating a facial challenge, there would be no reason to grant it jurisdictional discovery before it files its Rule 12 motions. But a factual challenge raises more complex questions. To resolve a factual challenge, the court will have to do more than merely scrutinize the legal adequacy of the Third Amended Complaint's allegations; it will have to weigh and consider the strength of evidence and potentially make factual determinations.

This anticipated factual challenge weighs in favor of allowing Defendant to take jurisdictional discovery before the Rule 12 motions are filed. After all, the "Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1117 (N.D. Cal. 2024) (citation omitted). And so, if the court denies jurisdictional discovery now, Defendant could seek to take discovery after its Rule 12 motions were filed. If discovery turned up additional reasons to conclude that Plaintiffs lack Article III standing, Defendant would have to either supplement an already-filed Rule 12(b)(1) motion or file a new one. It is also possible that Plaintiffs will request discovery in response to a Rule 12(b)(1) factual challenge, which, again, would potentially have the disruptive effect of requiring discovery to take place after an initial motion has already been filed, and possibly result in supplementation of that motion thereafter. Allowing jurisdictional discovery now,

4

before the Rule 12(b)(1) motion is filed, could avoid this potential need for supplementation—and thus conceivably streamline the resolution of the standing issues.

But there is a wrinkle:  at least at this stage, there appears to be a distinct possibility that factual disputes about Article III standing will be "intertwined with the merits" of Plaintiffs' lawsuit.  *Perttu v. Richards*, 605 U.S. 460, 472 (2025).  Plaintiffs have a Seventh Amendment right to a trial by jury, and in recognition of that right, the court must "reserv[e] the jurisdictional issues" when there is "an identity between the 'jurisdictional' issues and certain issues on the merits."  *Gulf Oil Corp. v. Copp Paving Co.*, 419 U.S. 186, 203 n.19 (1974).  As the Ninth Circuit put it, "where the jurisdictional issue and the substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial."  *Mecinas v. Hobbs*, 30 F.4th 890, 896 (9th Cir. 2022) (citation omitted).

Defendant does not vigorously dispute that jurisdictional factual disputes might be intertwined with the merits here.  Dkt. No. 116, at PageID.2570 (noting only that "futility is not *always* relevant" (emphasis added)).  But Defendant argues that it might still prevail even using the standards that apply to "a motion going to the merits," *Mecinas*, 30 F.4th at 896, which is to say, a summary judgment motion.  As Defendant

5

explains, "as with a motion for summary judgment, when a court is faced with a factual attack on standing," the court must "leave the resolution of *material factual disputes* to the trier of fact when the issue of standing is intertwined with an element of the merits of the plaintiff's claim," Dkt. No. 116, at PageID.2570 (cleaned up; emphasis in original), which means that jurisdictional discovery here likely would only help to determine whether there are any material factual disputes. *See generally Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1143 (9th Cir. 2024) (recognizing that "when jurisdictional issues are intertwined with an element of the merits of the plaintiff's claim, the court must treat the motion like a motion for summary judgment").

But the only possibility Defendant hypothesizes in which there would be an absence of material factual disputes is a scenario in which "Families A and B were to admit in a deposition that they do not actually intend to apply to Kamehameha." *Id*. It is certainly true that if Families A and B (or Plaintiffs E.S. and K.S.) were to make an admission of that sort in a deposition—or if I.P. and B.P. were to admit in a deposition that I.P.'s past application was not sincere—then the court could possibly find there is no material factual dispute on Article III standing. And as Defendant correctly says, the court may rule as a matter of law when the proffered evidence reveals no genuine dispute of material fact. At least at this stage, however, Defendant's motion papers do not provide a sufficient reason to believe there is any real likelihood that the individuals in Families A or B, or any of the individual Plaintiffs, would admit in a deposition that

there is no good faith basis for the complaint's factual allegations about them.  And

while there is a greater likelihood that jurisdictional discovery would produce reasons

to disbelieve those factual allegations, again, the resolution of these factual questions—

in the circumstances of this lawsuit—likely must await a merits motion or trial.

Accordingly, although the issue is concededly close, the court concludes that the

more appropriate course is to require Defendant to file its Rule 12 motions now, with

discovery to follow.  In the event Plaintiffs' case collapses while discovery is underway,

Defendant can supplement its Rule 12 motions.  If Plaintiffs request discovery in

response to a Rule 12 factual challenge to standing, the court can reconsider, at that

stage, whether Defendant should be given an opportunity to conduct discovery as well.

And Defendant also remains free to choose not to file any Rule 12 motions now, but

instead simply file an answer, engage in discovery, and then file a true motion for

summary judgment at the ordinary time.[1]

---

[1]    At the hearing, Defendant represented for the first time that although Plaintiffs I.P. and E.S. applied to attend Kamehameha Schools, their applications did not make it past the first stage of the application process—a stage that, Defendant maintains, does not take any account of whether an applicant has Native Hawaiian ancestry.  And based on that factual representation, Defendant contends that it should be afforded the right to engage in jurisdictional discovery to assess whether I.P. and E.S. have Article III standing.  Here again, the problem is intertwining with the merits:  the question of whether the first stage of Defendant's application process does or does not consider Native Hawaiian ancestry appears to be intertwined with the merits—and, indeed, Defendant does not meaningfully contend otherwise.

## CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED.  This denial is without prejudice to a future application for jurisdictional discovery if any additional grounds develop that would support it, beyond those considered and rejected here. And in the meantime, the parties are directed to meet and confer and propose a deadline for Defendant's Rule 12 motions (or answer to the complaint) in light of this ruling.

IT IS SO ORDERED.

DATED:  June 2, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 25-00450 MWJS-RT, *Students for Fair Admissions v. Trustees of the Estate of Bernice Pauahi Bishop d/b/a Kamehameha Schools*; ORDER DENYING DEFENDANT'S MOTION TO PERMIT JURISDICTIONAL DISCOVERY